```
MIME-Version:1.0
From:ilsd_nef@ilsd.uscourts.gov
To:ilsd_nef@localhost.localdomain
Bcc:
--Case Participants: John D. Seiver (johnseiver@dwt.com), Jason E Sweet
(jsweet@boothsweet.com), Daniel G. Booth (dbooth@boothsweet.com), Troy A. Bozarth
(alf@heplerbroom.com, par@heplerbroom.com, troy.bozarth@heplerbroom.com), John L. Steele
(johnlsteele33140@gmail.com), Paul A. Duffy (docket@wefightpiracy.com,
paduffy@wefightpiracy.com), Bart Westcott Huffman (bhuffman@lockelord.com), Paul Hansmeier
(prhansmeier@thefirm.mn), Andrew G. Toennies (atoennies@lashlybaer.com,
skohler@lashlybaer.com), John Steele (johnlsteele33140@gmail.com)
--Non Case Participants:
--No Notice Sent:

Message-Id:2622031@ilsd.uscourts.gov
Subject:Activity in Case 3:12-cv-00889-DRH-SCW Lightspeed Media Corporation v. Smith et al
Notice Striking Electronically Filed Documents
Content-Type: text/html
```

**U.S. District Court**

**Southern District of Illinois**

**Notice of Electronic Filing**

The following transaction was entered on 3/3/2014 at 10:51 AM CST and filed on 3/3/2014

| | |
|---|---|
| **Case Name:** | Lightspeed Media Corporation v. Smith et al |
| **Case Number:** | 3:12–cv–00889–DRH–SCW |
| **Filer:** | |

**WARNING: CASE CLOSED on 03/22/2013**

**Document Number:** 129(No document attached)

**Docket Text:**
 NOTICE STRIKING ELECTRONICALLY FILED DOCUMENTS striking [127] Transcript.
Transcript not signed or "s/" by court reporter. Document to be executed and refiled by court
reporter this date.(jaj)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER
DOCUMENTATION WILL BE MAILED.

**3:12–cv–00889–DRH–SCW Notice has been electronically mailed to:**

Andrew G. Toennies   atoennies@lashlybaer.com, skohler@lashlybaer.com

Bart Westcott Huffman   bhuffman@lockelord.com

Daniel G. Booth   dbooth@boothsweet.com

Jason E Sweet   jsweet@boothsweet.com

John D. Seiver   johnseiver@dwt.com

John L. Steele   johnlsteele33140@gmail.com

Paul Hansmeier     prhansmeier@thefirm.mn

Paul A. Duffy     paduffy@wefightpiracy.com, docket@wefightpiracy.com

Troy A. Bozarth     troy.bozarth@heplerbroom.com, alf@heplerbroom.com, par@heplerbroom.com

**3:12–cv–00889–DRH–SCW Notice has been delivered by other means to:**

Paul Duffy


Paul Hansmeier

# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT



Everett McKinley Dirksen United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604

Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

## NOTICE TO TRANSMIT RECORD ON APPEAL

March 4, 2014

| | |
|---|---|
| No.: 13-3801 | LIGHTSPEED MEDIA CORPORATION, Plaintiff<br><br>v.<br><br>ANTHONY SMITH, et al.,<br> Defendants - Appellees<br><br>APPEAL OF: PAUL A. DUFFY, et al.,<br> Counsel for the Plaintiff |

| **Originating Case Information:** |
|---|
| District Court No: 3:12-cv-00889-GPM-SCW<br>Southern District of Illinois<br>District Judge G. Patrick Murphy |

Pursuant to Circuit Rule 11(b), the entire record is to be transmitted to this court immediately for use in the decision in the above named cause.

form name: **c7_NoticeTransROA**(form ID: **116**)

```
MIME-Version:1.0
From:ilsd_nef@ilsd.uscourts.gov
To:ilsd_nef@localhost.localdomain
Bcc:
--Case Participants: Daniel G. Booth (dbooth@boothsweet.com), Troy A. Bozarth
(alf@heplerbroom.com, par@heplerbroom.com, troy.bozarth@heplerbroom.com), Paul A. Duffy
(docket@wefightpiracy.com, paduffy@wefightpiracy.com), Paul Hansmeier
(prhansmeier@thefirm.mn), Bart Westcott Huffman (bhuffman@lockelord.com), John D. Seiver
(johnseiver@dwt.com), John L. Steele (johnlsteele33140@gmail.com), Jason E Sweet
(jsweet@boothsweet.com), Andrew G. Toennies (atoennies@lashlybaer.com,
skohler@lashlybaer.com), John Steele (johnlsteele33140@gmail.com)
--Non Case Participants:
--No Notice Sent:

Message-Id:2624052@ilsd.uscourts.gov
Subject:Activity in Case 3:12-cv-00889-DRH-SCW Lightspeed Media Corporation v. Smith et al
Record on Appeal Prepared
```
Content–Type: text/html

### U.S. District Court

### Southern District of Illinois

## Notice of Electronic Filing

The following transaction was entered on 3/4/2014 at 2:19 PM CST and filed on 3/4/2014

| | |
|---|---|
| **Case Name:** | Lightspeed Media Corporation v. Smith et al |
| **Case Number:** | 3:12–cv–00889–DRH–SCW |
| **Filer:** | |

**WARNING: CASE CLOSED on 03/22/2013**

**Document Number:** No document attached

**Docket Text:**

**Record on Appeal Prepared re [102] Notice of Appeal (drb)**

**3:12–cv–00889–DRH–SCW Notice has been electronically mailed to:**

Andrew G. Toennies    atoennies@lashlybaer.com, skohler@lashlybaer.com

Bart Westcott Huffman    bhuffman@lockelord.com

Daniel G. Booth    dbooth@boothsweet.com

Jason E Sweet    jsweet@boothsweet.com

John D. Seiver    johnseiver@dwt.com

John L. Steele    johnlsteele33140@gmail.com

Paul Hansmeier    prhansmeier@thefirm.mn

Paul A. Duffy    paduffy@wefightpiracy.com, docket@wefightpiracy.com

Troy A. Bozarth   troy.bozarth@heplerbroom.com, alf@heplerbroom.com, par@heplerbroom.com

**3:12–cv–00889–DRH–SCW Notice has been delivered by other means to:**

Paul Duffy


Paul Hansmeier



# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS

**NANCY J. ROSENSTENGEL**
**CLERK OF COURT**

**TEL: 618.482.9371**
**FAX: 618.482.9383**

**OFFICE OF THE CLERK**
**750 MISSOURI AVENUE**
**EAST ST. LOUIS, ILLINOIS 62201**

March 4, 2014

Gino J. Agnello, Clerk
United States Court of Appeals
 for the Seventh Circuit
219 South Dearborn Street, Room 2722
Chicago, IL  60604

Re:     *Lightspeed Media Corporation v. Smith et al.*
        Case Number:  12-cv-889-DRH-SCW
        U.S.C.A. Docket Number:  13-3801

Dear Mr. Agnello:

I have enclosed the original record on appeal which includes:

|     |                                      |
| --- | ------------------------------------ |
| 10  | Volume(s) of Pleadings               |
| 1   | Volume(s) of Unrestricted Transcripts |
| 2   | Volume(s) of Restricted Transcripts  |
| 0   | Envelope(s) of Sealed Documents      |
| 0   | Exhibits                             |

Other:

Please acknowledge receipt of these materials.


*s/ Deana Brinkley*
Deputy Clerk


Enclosure


AP-06
Rev. 4/12



**Fw: 13-3801 Paul Duffy, et al v. Anthony Smith, et al "Original Record on Appeal filed" (3:12-cv-00889-GPM-SCW)**

newcases eaststlouis     to: Lisa Braun                                    03/07/2014 02:12 PM
Sent by: Christa Obucina

| | |
|---|---|
| From: | newcases eaststlouis/ILSD/07/USCOURTS |
| To: | Lisa Braun/ILSD/07/USCOURTS@USCOURTS |
| Sent by: | Christa Obucina/ILSD/07/USCOURTS |

----- Forwarded by Christa Obucina/ILSD/07/USCOURTS on 03/07/2014 02:12 PM -----

| | |
|---|---|
| From: | CA07_CMECFMail@ca7.uscourts.gov |
| To: | |
| Date: | 03/07/2014 02:09 PM |
| Subject: | 13-3801 Paul Duffy, et al v. Anthony Smith, et al "Original Record on Appeal filed" (3:12-cv-00889-GPM-SCW) |

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing.**

**Seventh Circuit Court of Appeals**

**Notice of Docket Activity**

The following transaction was entered on 03/07/2014 at 2:09:17 PM CST and filed on 03/07/2014

**Case Name:**     Paul Duffy, et al v. Anthony Smith, et al

**Case Number:**     13-3801

**Document(s):**     Document(s)

**Docket Text:**
Original record on appeal filed electronically. Contents of record : 10 vol. of pleadings. [16] [6557895] [13-3801] (LJ)

**Notice will be electronically mailed to:**

Mr. Hugh S. Balsam
Daniel G. Booth
Mr. Paul A. Duffy, Attorney
Mr. Paul Hansmeier, Attorney

Mr. Bart Wescott Huffman, Attorney
Nancy J. Rosenstengel, Clerk of Court
Mr. John D. Seiver, Attorney
John L. Steele, Attorney
Mr. Jason E. Sweet, Attorney
Andrew G. Toennies


The following document(s) are associated with this transaction:
**Document Description:** pleading 1 doc 2
**Original Filename:** 13-3801Pldg1Doc2.pdf
**Electronic Document Stamp:**
[STAMP acecfStamp_ID=1105395651 [Date=03/07/2014] [FileNumber=6557895-0]
[830c7530ced55737c4b2f3a4b31e772c21748239116601add0217aaf89b90bdd62f271e86273352
bee8bf765803b8b58bc987bdd27f6c48e1465842bad0a1caa]]

**Document Description:** pleading 2 doc 3-11
**Original Filename:** 13-3801Pldg2Doc3-11.pdf
**Electronic Document Stamp:**
[STAMP acecfStamp_ID=1105395651 [Date=03/07/2014] [FileNumber=6557895-1]
[2d435e066ebce89c61ed33638672f00422d783bdedbe0b6eba087e09ef0c9d65dcbd8aeda9a9c003
4e6d3b8cd745211d950d83469b06743ab0a2345894e1eeb3]]

**Document Description:** pleading 3 doc 14-27
**Original Filename:** 13-3801Pldg3Doc14-27.pdf
**Electronic Document Stamp:**
[STAMP acecfStamp_ID=1105395651 [Date=03/07/2014] [FileNumber=6557895-2]
[6782294159190327d316383a923f7ce98f2cef0a98955c649c1fdf4925a68efe14d95eb4fd1fd265d
4506eec30c595b24c36d5eb556dbd67e6c51777b478343a]]

**Document Description:** pleading 4 doc 28-60
**Original Filename:** 13-3801Pldg4Doc28-60.pdf
**Electronic Document Stamp:**
[STAMP acecfStamp_ID=1105395651 [Date=03/07/2014] [FileNumber=6557895-3]
[b28489f9c7f6cc5d55434f4da3f3f453815b26165c050ab66bda4421ba7f1fed1ae8acce9ceb03eda
052636d239166337d2a573c48b39b03c05d01816886d208]]

**Document Description:** pleading 5 doc 61
**Original Filename:** 13-3801Pldg5Doc61.pdf
**Electronic Document Stamp:**
[STAMP acecfStamp_ID=1105395651 [Date=03/07/2014] [FileNumber=6557895-4]
[929fa0c84188ee7a26a03d9d301bbdabe0c46b8aae4936862b7361a633bce232c3e2fd2b9d6a7764
aee8cf33558113a06b63cef96cf55c440a7e0324451e7ec5]]

**Document Description:** pleading 6 doc 63-67
**Original Filename:** 13-3801Pldg6Doc63-67.pdf

**Electronic Document Stamp:**
[STAMP acecfStamp_ID=1105395651 [Date=03/07/2014] [FileNumber=6557895-5]
[4ae404d0cfc741959971a1095118f2a215fcbc2988f34e0475801724491dbd46ff22ed8e529fe26b6
ec2bfba3cbc60efca94af0eba9eaa7366cdfcab088bd4e3]]

**Document Description:** pleading 7 68-88
**Original Filename:** 13-3801Pldg7Doc68-88.pdf
**Electronic Document Stamp:**
[STAMP acecfStamp_ID=1105395651 [Date=03/07/2014] [FileNumber=6557895-6]
[6d2dabfb680469264684fcb501a0eee237d1993802227d067a81e355434caea9975ee249f100e642
62090cf9fc6b5d5dac8dbbc32b7ec236754320cea0f6beda]]

**Document Description:** pleading 8 doc 90-91
**Original Filename:** 13-3801Pldg8Doc90-91.pdf
**Electronic Document Stamp:**
[STAMP acecfStamp_ID=1105395651 [Date=03/07/2014] [FileNumber=6557895-7]
[2c4d341930155e440c4435fe0563a1fa29cfcc01ec0f109b0d1b81859b96369a457d338de42fb5db
47ffa8b07fc17b4d5bec3531440bc6252f3d28a097b0d258]]

**Document Description:** pleading 9 doc 92-113
**Original Filename:** 13-3801Pldg9Doc92-113.pdf
**Electronic Document Stamp:**
[STAMP acecfStamp_ID=1105395651 [Date=03/07/2014] [FileNumber=6557895-8]
[103d545591df7dfbc973f5539eede22a4dbdd0d0afadfa52c81991d0c47a21f333e5cdab6bd4e8f42
37d5f60f9d5eabdc2a50cd43c954b05e403e4cdcb9f09c7]]

**Document Description:** pleading 10 doc 114-126
**Original Filename:** 13-3801Pldg10Doc114-126.pdf
**Electronic Document Stamp:**
[STAMP acecfStamp_ID=1105395651 [Date=03/07/2014] [FileNumber=6557895-9]
[2670e6a0415db685937f51afa0c768aeff2b00d5b7d93c0b7c112c11d0813412b2f8d09dbc77f6fff
6f9f98d94445400554a9b61d773e3f93aa7bda85cc2ba4d]]

The following information is for the use of court personnel:

**DOCKET ENTRY ID:** 6557895
**RELIEF(S) DOCKETED:**
**DOCKET PART(S) ADDED:** 1244859, 1244860



**Fw: 13-3801 Paul Duffy, et al v. Anthony Smith, et al "transcript filed"
(3:12-cv-00889-GPM-SCW)**

newcases eaststlouis      to: Lisa Braun                              03/07/2014 02:12 PM
Sent by: Christa Obucina

| | |
|---|---|
| From: | newcases eaststlouis/ILSD/07/USCOURTS |
| To: | Lisa Braun/ILSD/07/USCOURTS@USCOURTS |
| Sent by: | Christa Obucina/ILSD/07/USCOURTS |

----- Forwarded by Christa Obucina/ILSD/07/USCOURTS on 03/07/2014 02:11 PM -----

| | |
|---|---|
| From: | CA07_CMECFMail@ca7.uscourts.gov |
| To: | |
| Date: | 03/07/2014 02:10 PM |
| Subject: | 13-3801 Paul Duffy, et al v. Anthony Smith, et al "transcript filed" (3:12-cv-00889-GPM-SCW) |

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States
policy permits attorneys of record and parties in a case (including pro se litigants) to
receive one free electronic copy of all documents filed electronically, if receipt is required
by law or directed by the filer. PACER access fees apply to all other users. To avoid later
charges, download a copy of each document during this first viewing.**

**Seventh Circuit Court of Appeals**

**Notice of Docket Activity**

The following transaction was entered on 03/07/2014 at 2:10:39 PM CST and filed on
03/07/2014

| | |
|---|---|
| **Case Name:** | Paul Duffy, et al v. Anthony Smith, et al |
| **Case Number:** | 13-3801 |
| **Document(s):** | Document(s) |

**Docket Text:**
Filed electronic transcript of proceedings held on 11/13/2013, 2/13/2014, 8/20/2012. [17]
[6557898] THIS TRANSCRIPT IS FOR INTERNAL COURT USE ONLY. Remote electronic
access to the transcript is ONLY available through the District Court's PACER system.
[13-3801] (LJ)

**Notice will be electronically mailed to:**

Nancy J. Rosenstengel, Clerk of Court

The following document(s) are associated with this transaction:
**Document Description:** transcript filed # 101
**Original Filename:** 13-3801RestrictedTranscriptDoc101.pdf
**Electronic Document Stamp:**
[STAMP acecfStamp_ID=1105395651 [Date=03/07/2014] [FileNumber=6557898-0]
[28e1297f38ef72c6709978bae06b85ad0a44c95d38de5a2588f83cc40a070c5ab7dad743dc8345ff
0983ee3b95a6eb83e748985e13474b9ee674f76a8e5181a9]]

**Document Description:** 128
**Original Filename:** 13-3801RestrictedTranscriptDoc128.pdf
**Electronic Document Stamp:**
[STAMP acecfStamp_ID=1105395651 [Date=03/07/2014] [FileNumber=6557898-1]
[28de9cacf8d0303719e0be2c865851efaddc3510f5e1bfb072daab65857afc82a4c201ca553b45c2f
8980cd893c5efdbb6c04d54de9c71c39b234552a114479e]]

**Document Description:** 29
**Original Filename:** 13-3801UnrestrictedTranscriptDoc29.pdf
**Electronic Document Stamp:**
[STAMP acecfStamp_ID=1105395651 [Date=03/07/2014] [FileNumber=6557898-2]
[3e91b9ad562abd573b1583ce79d357547e79dd783770db797db1adf206a985202bc93218f1117d8
a719ca21f1351985bbd621c186f7be1b2e1df080c08668fbd]]

The following information is for the use of court personnel:

**DOCKET ENTRY ID:** 6557898
**RELIEF(S) DOCKETED:**
**DOCKET PART(S) ADDED:** 1244865, 1244866

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LIGHTSPEED MEDIA CORPORATION,     ) | |
|                                 ) | |
|      Plaintiff,               ) | Case No. 3:12-cv-00889 |
|                                 ) | |
| v.                                ) | |
|                                 ) | |
| ANTHONY SMITH, SBC INTERNET SERVICES, ) | |
| INC., d/b/a AT&T INTERNET SERVICES; AT&T ) | |
| CORPORATE REPRESENTATIVE #1; COMCAST ) | |
| CABLE COMMUNICATIONS, LLC, and     ) | |
| COMCAST CORPORATE REPRESENTATIVE #1, ) | |
|                                 ) | |
|      Defendants.            ) | |

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on Thursday, March 20, 2014, Defendant Anthony Smith filed a Renewed Motion for Contempt. Because the Renewed Motion relies on numerous financial documents as exhibits, Defendant Smith filed said motion *ex parte*.

Respectfully,

_/s/ Jason Sweet_____
Jason E. Sweet (admitted *pro hac vice*)
Email: jsweet@boothsweet.com

BOOTH SWEET LLP
32R Essex Street
Cambridge, MA 02139
Tel.: (617) 250-8602
Fax: (617) 250-8883

*Counsel for Defendant Anthony Smith*

## CERTIFICATE OF SERVICE

I hereby certify that on March 20, 2014, the foregoing document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, and paper copies will be served via first-class mail to those indicated as non-registered participants.

/s/ Jason E. Sweet

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LIGHTSPEED MEDIA CORP.,

      Plaintiff,

vs.                                        No.   3:12-cv-889-DRH-SCW

ANTHONY SMITH, et al.,

      Defendants.


## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

      This matter is before the Court on Defendants Anthony Smith ("Smith"), Comcast Cable Communications LLC and Comcast Corporate Representative #1 (together, "Comcast"), and SBC Internet Services, Inc. d/b/a AT&T Internet Services' ("AT&T") (collectively "defendants") joint motion for contempt, or in the alternative, for an order to plaintiff's counsel to show cause why they each should not be held in contempt (Doc. 107).   Plaintiff's counsel Paul Duffy ("Duffy") and Paul Hansmeier ("Hansmeier") responded (Docs. 111, 113).   At the direction of the Court (Docs. 112, 117), defendants filed a reply (Doc. 119).   On February 13, 2014, the Court held a hearing on the issues (Doc. 123).   For the following reasons, the defendants' motion will be **GRANTED.**

## I.   Background

      On December 14, 2011, Lightspeed Media Corporation ("Lightspeed") filed suit in the Circuit Court of the Twentieth Judicial District in St. Clair County.

Lightspeed owns or operates one or more paid-subscription adult entertainment websites.   In its first complaint, Lightspeed alleged that John Doe and more than 6,600 "co-conspirators" had gained unauthorized access to its website.   On December 16, 2011, the circuit court granted an *ex parte* motion for leave to obtain discovery by subpoena, from dozens of Internet Service Providers ("ISPs"), of information personally identifying the defendants.   AT&T and Comcast subsequently filed motions to quash the subpoenas and/or for a protective order. On May 22, 2013, the Illinois Supreme Court directed the circuit court to vacate its order denying the motion to quash.

On August 3, 2012, Lightspeed filed an amended complaint.   Lightspeed contended that Smith accessed content from Lightspeed's password-protected websites without authorization.   Lightspeed asserted that AT&T and Comcast improperly opposed Lightspeed's discovery, failed to act to protect Lightspeed's websites, and conspired with their customers to Lightspeed's detriment. Specifically, Lightspeed alleged 10 Counts: Computer Fraud and Abuse (Count I), Conversion (Count II), Unjust Enrichment (Count III), Unjust Enrichment (Count IV), Count V (Breach of Contract), Civil Conspiracy (Count VI), Civil Conspiracy (Count VII), Illinois Consumer Fraud and Deceptive Practices Act (Count VIII), Aiding and Abetting (Count X).   AT&T removed this action to federal court on August 9, 2012.

Plaintiff thereafter filed an emergency motion for Discovery prior to the Rule 26(f) Conference (Doc. 9) requesting the ISP information.   Judge G. Patrick

Murphy held a hearing on the issue and denied the motion (Doc. 23).   Defendants each filed motions to dismiss (Docs. 26, 28, 36).   Prior to the resolution of the motions to dismiss, Lightspeed entered a notice of voluntary dismissal on March 21, 2013.   Defendants subsequently moved for attorney's fees pursuant to 28 U.S.C. § 1927 (Docs. 61, 78, 82).   Judge Murphy granted Defendant Smith's motion (Doc. 65) and counsel (Duffy, Hansmeier, and John Steele ("Steele")) sought reconsideration of that order (Docs. 66, 68, 74).   On November 13, 2013, Judge Murphy held a hearing on the motions for reconsideration and the motions for attorney's fees by ComCast and AT&T (Doc. 96) in which he deferred ruling.

On November 27, 2013, Judge Murphy denied the motions to vacate, or in the alternative, reconsider the order granting Smith's motion for attorney fees, granted ComCast's and AT&T's motions for attorney's fees, and ordered that pursuant to 28 U.S.C. § 1927, Duffy, Hansmeier, and Steele are jointly and severally liable, and shall pay within 14 days of the order (December 11, 2013), attorney fees and costs to Smith in the amount of $72,367.00, to AT&T in the amount of $119,637.05, and to ComCast in the amount of $69,021.26 for a total judgment of $261,00252.11 with interest as provided by law (Doc. 100).   Duffy, Hansmeier, and Steele filed a notice of Appeal on December 12, 2013.

On December 27, 2013, defendants filed a joint motion for contempt, or in the alternative, for an order to plaintiffs' counsel to show cause why they each should not be held in contempt (Doc. 107).   Plaintiff's counsel Duffy and Hansmeier responded (Doc. 111, 113), Steele filed a motion to stay the sanction's

order (Doc. 114), and, at the direction of the Court (Docs. 112, 118), defendants filed a reply (Doc. 119).

Defendants request 1) an order holding in contempt plaintiffs' counsel Steele, Duffy, and Hansmeier or, in the alternative, 2) an order requiring Duffy, Hansmeier and Steele to show cause why they should not each be held in contempt for their failure to timely comply with the fee order.   In their reply, defendants focus on the contempt.   They specifically request that this Court hold Duffy, Hansmeier and Steele in contempt of Court, and also order them to pay the defendants attorneys' fees incurred in seeking this finding of contempt, along with interest and additional daily fines for each day the sanctioned attorneys fail to make any and all payment(s) ordered.

Plaintiff's counsels' responses assert three points: (1) defendants have not submitted any evidence regarding compliance (Doc. 113 at 2), (2) the order is a money judgment and therefore not properly enforceable through contempt proceedings (Doc. 111 at 3-5; Doc. 113 at 2-4), and (3) defendants have otherwise failed to establish the elements of civil contempt (Doc. 111 at 5-6).   Hansmeier further asserts that in the alternative, the Court should grant plaintiff's counsel leave to seek a stay of the November 27, 2013 order (Doc. 113 at 4-6).

The Court held a hearing on defendants' motion for contempt on February 13, 2014 (Doc. 124).   During the proceedings, plaintiff's counsel admitted on the record to noncompliance, each stating that they had not paid the sanction amount to defendants or otherwise sought a supersedeas bond.   The Court also addressed

plaintiff's counsels' argument that the Court should consider the sanctions order as a money judgment, concluding that the Court's order was not a money judgment but instead a sanctions order. The Court deferred ruling on the motion for contempt and directed plaintiff's counsel to file asset statements from a certified public accountant on or before February 24, 2014. The Court also considered Steele's motion to stay (Doc. 114) and heard arguments from the parties. The Court denied Steele's motion to stay on the record and addressed and similarly dismissed Hansmeier's stay request (Doc. 124).

## II.   Analysis

### A.   Civil Contempt

Federal courts have both inherent and statutory authority to punish for contempt and to coerce compliance with their orders. *International Union, UMWA v. Bagwell*, 512 U.S. 821, 831-833 (1994). To prevail on a request for a contempt finding, the moving party must establish by clear and convincing evidence that: (1) a court order sets forth an unambiguous command; (2) the alleged contemnor violated that command; (3) the violation was significant, meaning the alleged contemnor did not substantially comply with the order; and (4) the alleged contemnor failed to make a reasonable and diligent effort to comply. *S.E.C. v. Hyatt*, 621 F.3d 687, 692 (7th Cir. 2010).

There is no debate as to whether plaintiff's counsel significantly violated Judge Murphy's November 27, 2013 order (hereinafter "Sanctions Order"). As previously indicated, plaintiff's counsel has not made a single payment.

Furthermore, Duffy, Hansmeier, and Steele failed to make a reasonable and diligent effort to comply with the Sanctions Order.   While Steele filed a motion to stay the Sanctions Order, this motion was not accompanied by a supersedeas bond and was filed untimely.   *See* Fed. R. Civ. P. 62(d).

The key issue here is whether the Sanctions Order was "an unambiguous command."   Plaintiff's counsel asserted that the Sanctions Order is a money judgment, not an equitable decree.   At the show cause hearing, the Court held that the Sanctions Order was an equitable decree, specifically a sanctions order. However, plaintiff's counsel argues that this confusion is the primary reason they did not comply with the Sanctions Order.   The Court finds this argument disingenuous.   Seventh Circuit case law is quite clear.   *See Cleveland Hair Clinic, Inc. v. Puig*, 106 F.3d 165, 166 (7th Cir. 1997) ("Use of contempt power is an appropriate way to enforce a sanction for misconduct, which is not an ordinary money judgment.")   Furthermore, if plaintiff's counsel was confused, they could have filed a motion to clarify with Judge Murphy.

**B.    Inability to Pay**

At the show cause hearing, plaintiff's counsel emphatically indicated an inability to pay.   Specifically, "I can't pay what I don't have" (Show Cause Hr'g Tr. 22:16-17 (Hansmeier)).   Also, "[I]t's extremely important because if the Court issues sanction order for, I don't know, a billion dollars, we can't pay it.   And I don't believe that there's any case law to establish that – there's not a debtor's prison.   I mean if we can't pay it, we can't pay it" (Show Cause Hr'g Tr. 19:10-15

(Steele)).   Plaintiff's counsel again pointed to their confusion over the nature of the Sanctions Order as the reason why they had not yet supplied the Court with their financial information.   The Court therefore directed plaintiff's counsel to provide asset statements prepared by a certified public accountant on or before February 24, 2014.   Plaintiff's counsel timely submitted financial condition statements to the Court *in camera*.

"Inability to pay is a valid defense in a contempt proceeding, but the party raising the defense has the burden of proving its inability to pay."   *In re Re. Tech. Corp.*, 624 F.3d 376, 387 (7th Cir. 2010) (citing *United States v. Rylander*, 460 U.S. 752, 757 (1983)).   In the case where there has been no attempt to comply with the Court's order, plaintiff's counsel must show a "complete inability to pay."   *Id.* Plaintiff's counsel, "stated differently, . . . [has] the burden of establishing clearly, *plainly*, and *unmistakably* that compliance is *impossible*."   *Id.* (internal citations and quotations omitted) (emphasis in original).

The Court finds that plaintiff's counsel has not met its burden.   They submitted incomplete, and to say the least suspicious, statements of financial condition.   Attached to each statement was a letter from their certified public accountant ("CPA").   In these letters, the CPA indicates a departure from generally accepted accounting principles.   He further notes that plaintiff's counsel elected to omit substantially all of the disclosures required by generally accepted accounting principles.   The Court finds these statements insufficient to establish plaintiff's counsel's inability to pay.

Plaintiff's counsel significantly violated an unambiguous order of the Court. They also failed meet their burden regarding their inability to pay defense. Accordingly, the Court finds plaintiff's counsel Paul Duffy, Paul Hansmeier, and John Steele in civil contempt and defendants' joint motion for contempt (Doc. 107) is **GRANTED.**

## C.    **Civil Contempt Sanction**

"Sanctions for civil contempt are designed either to compel the contemnor into compliance with an existing court order or to compensate the complainant for losses sustained as a result of the contumacy."   *U.S. v. Dowell*, 257 F.3d 694, 699 (7th Cir. 2001).   Remedial sanctions compensate the complainant for his losses caused by the contemptuous conduct.   *Id.*   Coercive sanctions aim to coerce the contemnor's compliance with a court order.   *Id.*   A coercive sanction must afford the contemnor the opportunity to "purge", to avoid punishment by complying with the order.   *Id.*   The factors to be considered by the court in imposing a civil contempt sanction include: (1) Harm from noncompliance, (2) Probable effectiveness of the sanction, (3) Contemnor's financial resources and the burden the sanctions may impose; and (4) Contemnor's willfulness in disregarding the court's order.   *United States v. United Mine Workers of America*, 330 U.S. 258, 303-304 (1947).

The Court must "consider the character and magnitude of the harm threatened by continued contumacy . . . ."   *Id.* at 304.   As to the character of the harm, the Court finds that plaintiff's counsel *wilfully* violated the Sanctions Order.

Plaintiff's attorneys have made no effort to comply.   In fact, until defendants filed the current contempt motion, plaintiff's counsel had not addressed the Court regarding the Sanctions Order, merely filing a notice of appeal.   While a violation need not be willful for the Court to impose civil contempt sanctions, willfulness inherent in the contemptuous act is a major consideration in determining the appropriate sanctions.   *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191 (1949) ("The absence of willfulness does not relieve from civil contempt"); *Weitzman v. Stein*, 98 F.3d 717, 719 (2d Cir. 1996); *Stotler and Co. v. Able*, 870 F.2d 1158, 1163 (7th Cir. 1989); *In re Federal Facilities Reality Trust,* 227 F.2d 657, 658 (7th Cir. 1955).

The Court also finds the magnitude of harm significant.   As indicated in the Sanctions Order, this case is "baseless" (Doc. 100 at 9).   Judge Murphy ordered sanctions for attorney's fees and costs because plaintiff "unreasonably and vexatiously multiplied the proceedings in this matter" (Doc. 100 at 10).   Plaintiff's counsel's failure to address the Sanctions Order further multiplies the proceedings. Not only is the magnitude of the harm significant in financial terms for the defendant in added attorney's fees and costs of the contempt motion but also in regards to the integrity of the Court.   The Court again notes that plaintiff's counsel made no effort to comply with the order to address the Court.   Also, the Court cannot ignore the behavior of plaintiff's counsel before the undersigned at the show cause hearing.   While the Court was unable to nail down any specific lies due, in significant part, to plaintiff's counsel excellent "attorney speak", the

misrepresentations and half-truths presented indicate plaintiff's counsel's clear disrespect of the Court.[1]   Furthermore, as the Court indicated at the hearing in regards to Steele's motion to stay, "[W]ith respect to talking about the community, the community has to worry about lawyers who file unreasonable and vexatious claims.   That's where the harm to the community is . . . .   The community is worried about lawyers, worried about lawyers that file these kind[s] of lawsuits.   So if, in fact, Judge Murphy is right – and for the time being until the Seventh Circuit says something differently, I have to assume he is – the community is worried about guys like you" (Show Cause Hr'g Tr. 38:6-15).

The Court is also directed to review plaintiff's counsel's financial resources. *United Mine Workers of Am.*, 330 U.S. at 304 ("[A] court which has returned a conviction for contempt must, in fixing the amount of a fine to be imposed . . . as a means of securing future compliance, consider the amount of [the party's] financial resources and the consequent seriousness of the burden to that particular [party].") As previously discussed, the Court has taken into consideration plaintiff's counsel's

---

[1] For example, in the show cause hearing, the parties addressed plaintiff's counsel's financial means.   The Court specifically asked why plaintiff's counsel had not yet submitted their financial information to the Court.   Hansmeier indicated that he had not provided this information as of yet because they were unsure as to whether the Court was going to rule the order a sanction's order or a money judgment.   Again, Hansmeier indicated "I can't pay what I don't have."   Bart Huffman, Attorney for AT&T, then indicated that plaintiff's counsel had mentioned that they have made millions of dollars.   Steele objected to this characterization, and asked Mr. Huffman to indicate where he would have publically touted making millions of dollars.   Mr. Huffman responded that he believed there was an article in FORBES.   To which Mr. Steele responded, "No, absolutely, I never did, and I resent being told that I've said something that's not true.   If Mr. Huffman would like to present something that I personally made money of a certain amount, feel free, but it will never come, Your Honor" (Show Cause Hr'g Tr. 23:16-20).   After a quick Google search, the Court quickly comes across the following article: Kashmir Hill, *How Porn Copyright Lawyer John Steele Has Made A 'Few Million Dollars' Pursuing (Sometimes Innocent) 'Porn Pirates,'* FORBES, Oct. 15, 2012, *available at* http://www.forbes.com/sites/kashmirhill/2012/10/15/how-porn-copyright-lawyer-john-steele-justifies-his-pursuit-of-sometimes-innocent-porn-pirates/.   Therein, Mr. Steele states in response to the article's author suggestion that he has made $15 million settling these suits, "Maybe a little less. We don't track the amount we've recovered.   More than a few million."   The Court notes that while it is true this is not a "certain amount", it is disingenuous to imply destitution given the statement and, at the very least, the Court deserved a full, truthful explanation of the statement.

ability to pay. The Court also now takes judicial notice of the same attorneys' ability to post a $101,650.00 supersedeas bond, Supersedeas Undertaking for Appeal, *Ingenuity 13 LLC v. John Doe*, No. 2:12-cv-08333-ODW-JCx (C.D. Cal. May 23, 2013), ECF No. 174, as well as their subsequent ability to post an additional bond in the amount of $135,933.66, Supersedeas Undertaking, *Ingenuity 13 LLC v. John Doe*, No. 2:12-cv-08333-ODW-JCx (C.D. Cal. July 23, 2013), ECF No. 229. Plaintiff's counsel clearly had the ability to pay in those instances and they failed to provide the Court with the information it needed in order to adequately make an accurate assessment regarding their current ability to pay.

As a preliminary matter, the Court **DIRECTS** plaintiff's counsel to pay interest on the sanction amounts pursuant to the Sanctions Order as provided by law. For clarification, the Court interprets this provision of the Sanctions Order as follows. The Court will apply the federal interest rate as contemplated in 28 U.S.C. § 1961, 18 U.S.C. § 3612, and 40 U.S.C. § 258(e)(1). These sections direct the Court to compute interest from the first day on which the defendant is liable for interest at a rate equal to the weekly average 1-year constant maturity Treasury yield for the calendar week preceding the first day on which the defendant is liable for interest. Plaintiff's counsel became liable for interest on December 11, 2013. Therefore the .13% interest rate from the week ending December 6, 2013 will apply. Plaintiff's counsel is responsible for the entire time period from the date of liability to the date of compliance, including those days during which this motion was

pending.

The Court believes that both coercive and remedial sanctions are warranted in this case. *See United Mine Workers of Am.*, 330 U.S. at 302-303; *Shakman v. Democratic Organization of Cook County*, 533 F.2d 344, 349 (7th Cir. 1976); *Dowell*, 257 F.3d at 699. The Court has determined this to be the most effective way to ensure compliance with the Sanctions Order and to uphold the integrity of the Court.

The Court sanctions plaintiff's attorneys in the amount of 10% of the original sanction amounts equally divided among Duffy, Steele, and Hansmeier. This sanction is to be paid to the defendants as follows: $7,236.70 to Smith, $11,963.75 to AT&T, and $6,902.13 to ComCast, for a total amount of $26,102.58. This remedial sanction contemplates the attorney's fees and costs incurred by defendants during the course of litigating this contempt motion. The Court acknowledges that a lodestar calculation is traditionally used. However, requiring defense counsel to provide billing statements would most certainly cause delay and further litigation thereby negating the goals of this order and only further harming the defendants. The previous clarification regarding interest does not apply to this sanction.

Finally, plaintiff's counsel shall comply with the Sanctions Order and this order within 7 days, on or before March 31, 2014. Compliance is construed by the Court as follows. Plaintiff's counsel may make payment to all of the defendants of the ordered amounts in full. Plaintiff's counsel may also file a motion to stay and

accompanying supersedeas bond of the full amount.    Fed. R. Civ. P. 62(d).    Bonds

or payments of partial amounts will not be considered compliance with this Court's

order.    Failure to comply with this order in that timeframe shall result in a $500

per day per attorney fine for up to 30 days.    After 30 days, this amount shall

increase to $1,000 per day per attorney.

The Court notes that defendant, Smith filed a "Renewed Motion for

Contempt" on March 20, 2014, as the Court was finishing up the final draft of this

order.    The Court will consider that motion as a motion for an additional sanction

for contempt since it relates directly to representations made in Court and in the

financial statements by plaintiff's counsel.    Counsel, Steele, Duffy and Hansmeier,

shall respond to the March 20 motion, no later than April 20, 2014.    Upon

reviewing those responses, the Court will consider whether to require another

hearing and the range of sanctions that it may be considering, if any.

**IT IS SO ORDERED.**

Digitally signed
by David R.
Herndon
Date: 2014.03.24
13:04:51 -05'00'

**Chief Judge**
**United States District Court**

```
MIME-Version:1.0
From:ilsd_nef@ilsd.uscourts.gov
To:ilsd_nef@localhost.localdomain
Bcc:
--Case Participants: John D. Seiver (johnseiver@dwt.com), Jason E Sweet
(jsweet@boothsweet.com), Daniel G. Booth (dbooth@boothsweet.com), Troy A. Bozarth
(alf@heplerbroom.com, par@heplerbroom.com, troy.bozarth@heplerbroom.com), John L. Steele
(johnlsteele33140@gmail.com), Paul A. Duffy (docket@wefightpiracy.com,
paduffy@wefightpiracy.com), Bart Westcott Huffman (bhuffman@lockelord.com), Paul Hansmeier
(prhansmeier@thefirm.mn), Andrew G. Toennies (atoennies@lashlybaer.com,
skohler@lashlybaer.com), John Steele (johnlsteele33140@gmail.com)
--Non Case Participants:
--No Notice Sent:

Message-Id:2645276@ilsd.uscourts.gov
Subject:Activity in Case 3:12-cv-00889-DRH-SCW Lightspeed Media Corporation v. Smith et al
Order
```
Content–Type: text/html

## U.S. District Court

## Southern District of Illinois

**Notice of Electronic Filing**

The following transaction was entered on 3/24/2014 at 2:11 PM CDT and filed on 3/24/2014

| | |
|---|---|
| **Case Name:** | Lightspeed Media Corporation v. Smith et al |
| **Case Number:** | 3:12–cv–00889–DRH–SCW |
| **Filer:** | |

**WARNING: CASE CLOSED on 03/22/2013**

**Document Number:** 137(No document attached)

**Docket Text:**
 **ORDER re (135) EX PARTE MOTION *for Contempt* filed by Anthony Smith. The Clerk of the Court is DIRECTED to modify the restriction level on this document. It is to be released to the parties but to remain sealed from the public. The Clerk of the Court is also DIRECTED to send notice to plaintiff's counsel of the pending motion. Finally, defendant Smith is DIRECTED to provide a copy of the motion to plaintiff's counsel. Pursuant to the Court's Order on Motion for Contempt [136], plaintiff's counsel is ORDERED to respond to the motion on or before 4/20/2014. Signed by Chief Judge David R. Herndon on 03/24/2014. (kbl)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED.**

**3:12–cv–00889–DRH–SCW Notice has been electronically mailed to:**

Andrew G. Toennies    atoennies@lashlybaer.com, skohler@lashlybaer.com

Bart Westcott Huffman    bhuffman@lockelord.com

Daniel G. Booth    dbooth@boothsweet.com

Jason E Sweet    jsweet@boothsweet.com

John D. Seiver   johnseiver@dwt.com

John L. Steele   johnlsteele33140@gmail.com

Paul Hansmeier   prhansmeier@thefirm.mn

Paul A. Duffy   paduffy@wefightpiracy.com, docket@wefightpiracy.com

Troy A. Bozarth   troy.bozarth@heplerbroom.com, alf@heplerbroom.com, par@heplerbroom.com

**3:12–cv–00889–DRH–SCW Notice has been delivered by other means to:**

Paul Duffy


Paul Hansmeier

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **LIGHTSPEED MEDIA CORP.,** | Civ. No. 12-889 DRH |
| *Plaintiff,* | |
| *v.* | **NOTICE OF APPEAL** |
| **ANTHONY SMITH, et al.,** | |
| *Defendants.* | |

Notice is hereby given that John Steele, Paul Duffy and Paul Hansmeier hereby appeal to the United States Court of Appeals for the Seventh Circuit from a final order finding them in contempt of court and imposing contempt sanctions, entered in this action on the 24th day of March, 2014 at docket number 136.

Dated: March 31, 2014

/s/ Paul Duffy (with consent)
Paul Duffy
2 N. LaSalle Street, 13th Floor
Chicago, IL 60602
312-952-6136

/s/ Paul Hansmeier
Paul Hansmeier
80 S. 8th St. Ste 900
Minneapolis, MN 55402
612-234-5744

/s/ John Steele (with consent)
John Steele
1111 Lincoln Road, Suite 400
Miami Beach, FL 33139
786-571-8131

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **LIGHTSPEED MEDIA CORP.,** | Civ. No. 12-889-DRH |
| *Plaintiff,* | |
| *v.* | **MOTION OF JOHN STEELE, PAUL DUFFY AND PAUL HANSMEIER FOR STAY PENDING APPEAL AND FOR APPROVAL OF FORM OF SUPERSEDEAS BOND** |
| **ANTHONY SMITH, et al.,** | |
| *Defendants.* | |

## INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 62(d), John Steele, Paul Duffy and Paul Hansmeier (jointly, "Movants") respectfully request that the Court stay its order adjudging them to be in contempt, pending appellate review of that order. Further, Movants request that the Court approve the form of the attached supersedeas bond as security for the appeal in compliance with the mandates of the contempt order.

## ARGUMENT

### I. The Court Should Stay the Contempt Order Pending Appellate Resolution of the Order.

The Seventh Circuit has looked to the following factors in deciding whether to grant a motion for stay pending appeal: (1) whether the movant has shown a likelihood of success; (2) whether the movant has shown a likelihood of irreparable

injury absent a stay; (3) whether a stay would substantially harm other parties to the litiation; and (4) the public interest. *Glick v. Koenig*, 766 F.2d 265, 269 (7th Cir. 1985); *accord Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). "These factors are not prerequisites that must be met, but are interrelated considerations that must be balanced together." *Mich. Coal of Radioactive Materials Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991); *see also Roland Mach. Co. v. Dresser Indus., Inc.*, 749 F.2d 380, 387 (7th Cir. 1984) ("The more likely the plaintiff is to win, the less heavily need the balance of harms weigh in his favor …"). As demonstrated below, all four factors weigh in favor of a stay.

This Court should stay the contempt order pending the Seventh Circuit's resolution of Movants' appeal. *First*, Movants have a strong likelihood of success on the merits of their appeal; *Second*, denial of the stay would irreparably harm Movants in light of the serious reputational and financial harm that would be imposed absent a stay. *Third*, the brief period needed to resolve the appeal will not prejudice the Defendants in any meaningful way. *Finally*, the heavy Constitutional issues implicated by contempt order weigh in favor of resolving the Movant's appeal before allowing the contempt to proceed.

### A.    Movants Have A Strong Likelihood of Success on the Merits.

Movants respectfully submit that several assignments of error support reversal of the contempt order. *First*, this Court relied on an *ex parte* Google search, rather than CPA-prepared financial statements, to determine that Movants made "misrepresentations" to the Court regarding their ability to pay the sanctions order.

As an initial matter, the blog-post cited by the Court had no probative value with respect to Movants Duffy or Hansmeier regarding the ability of either of these men to pay the sanctions order. Indeed, it had little-to-no probative value with respect to Steele's ability to do the same. For good reason, appellate courts consistently rebuke district courts that embark on *ex parte* "evidence" gathering.

*Second*, the Court over-read the holding in *Cleveland Hair Clinic, Inc. v. Puig*, 106 F.3d 165 (7th Cir. 1997), as suggesting that district courts lack the discretion to impose sanctions under 28 U.S.C. § 1927 in the form of money judgments, rather than equitable decrees. Nothing in *Cleveland Hair Clinic* supports this conclusion. Relatedly, the Court erred by holding that an order imposing a "judgment" with "interest provided by law" was a "clear and unambiguous" equitable decree.

*Third*, and most plainly, the "10%" approach adopted by the Court resulted in the imposition of criminal sanctions. *See Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 829 (1994) (holding that "[a] flat unconditional fine totaling as little as $50 announced after a finding of contempt … [where] the contemnor has no subsequent opportunity to reduce or avoid the fine through compliance" is a criminal contempt sanction). Yet, the Court did not afford Movants criminal due process protections. On appeal, this Court's "subjective intent" will not be afforded any weight. *Id.* at 828.

3

While Movants acknowledge that the Court will disagree with their assignments of error, they respectfully submit that these assignments, and in particular the imposition of criminal sanctions, are rooted in nearly one century's-worth of Supreme Court precedent.

### B.  The Balance of Equities Supports a Stay.

The balance of equities plainly favors a stay. For their part, Movants will suffer crushing monetary penalties and irreparable reputational injuries absent a stay. On the other hand, if a stay is granted, the Defendants will simply have to wait a short time to determine whether the contempt order is upheld on appeal.

### C.  The Public Interest Supports a Stay.

The public has an extraordinarily strong interest, dating back to the passage of the Bill of Rights, to ensuring that government officials refrain from imposing criminal penalties without affording corresponding due process protections. This interest strongly supports a stay.

## II.  The Court Should Approve the Proposed Form of Bond.

In compliance with the contempt order, a supersedeas bond has been arranged. Movants respectfully request the Court to approve the form of bond attached hereto, with the provision that "Appellants" will be defined in the bond as Appellant John Steele, as submitted in compliance with the Court's contempt order. Upon approval by the Court, the surety will submit the bond to the Court for filing within three business days.

Dated: March 31, 2014


/s/ Paul Duffy (with consent)           /s/ Paul Hansmeier
Paul Duffy                              Paul Hansmeier
2 N. LaSalle Street, 13th Floor         80 S. 8th St. Ste 900
Chicago, IL 60602                       Minneapolis, MN 55402
312-952-6136                            612-234-5744


/s/ John Steele (with consent)
John Steele
1111 Lincoln Road, Suite 400
Miami Beach, FL 33139
786-571-8131

5

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

LIGHTSPEED MEDIA CORP.                )
           *Plaintiff*  )
                        )
                        )
v.                         )
                        )
                        )
ANTHONY SMITH, ET AL.,              )
          *Defendants*  )

**SUPERSEDEAS BOND**

Case No.    3:12-CV-889-DRH-SCW

WHEREAS, the Appellants have requested the Court accept Appellant's supersedeas bond in the above entitled action, staying execution of judgment pending hearing of further motion(s) or pleading(s) by the Appellant.

Now, therefore UNITED STATES FIRE INSURANCE COMPANY, as Surety does hereby and pursuant to federal law, undertake that the Appellants will pay to the Defendant(s) or to party(ies) as named by the Court, not exceeding the sum of TWO HUNDRED EIGHT SEVEN THOUSAND THREE HUNDRED AND 0/100S DOLLARS ($287,300.00) for such damages and/or costs as the Court may direct.

This _____ day of _____, 2014.



                        United States Fire Insurance Co.
                        U.S. TREASURY (NAIC) #21113

                        _____
                        C. Poindexter, Attorney-in-Fact
                        Illinois Insurance Lic. #2458419

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **LIGHTSPEED MEDIA CORP.,** | Civ. No. 12-889 DRH |
| *Plaintiff,* | |
| *v.* | **NOTICE OF APPEAL** |
| **ANTHONY SMITH, et al.,** | |
| *Defendants.* | |

Notice is hereby given that John Steele, Paul Duffy and Paul Hansmeier hereby appeal to the United States Court of Appeals for the Seventh Circuit from a final order finding them in contempt of court and imposing contempt sanctions, entered in this action on the 24th day of March, 2014 at docket number 136.

Dated: March 31, 2014

/s/ Paul Duffy (with consent)
Paul Duffy
2 N. LaSalle Street, 13th Floor
Chicago, IL 60602
312-952-6136

/s/ Paul Hansmeier
Paul Hansmeier
80 S. 8th St. Ste 900
Minneapolis, MN 55402
612-234-5744

/s/ John Steele (with consent)
John Steele
1111 Lincoln Road, Suite 400
Miami Beach, FL 33139
786-571-8131

### SEVENTH CIRCUIT APPEAL INFORMATION SHEET

     *Include names of all plaintiffs (petitioners) and defendants (respondents) who are parties to the appeal.  Use separate sheet if needed.*

*District:*   Southern District of Illinois       *Docket No.*   12-889-DRH-SCW
*Division:*  East St. Louis

      **Plaintiff (Petitioner)    Short Caption    Defendant (Respondent)**
    (          Lightspeed Media Corporation v. Smith et al        )

……………………………………………………………………………………………………………………

*Current Counsel for Plaintiff (Petitioner):*     *Current Counsel for Defendant(Respondent):*
                *(Use separate sheet for additional counsel)*

| | |
|---|---|
| **Paul A. Duffy**<br>Prenda Law, Inc.<br>161 N. Clark Street, Suite 3200<br>Chicago, IL 60601<br>312-880-9160<br>**John L. Steele**<br>Steele Hansmeier PLLC<br>161 North Clark Street<br>Suite 4700<br>Chicago, IL 60601<br>312-880-9160<br>**Kevin T. Hoerner**<br>Becker, Paulson et al.<br>Generally Admitted<br>5111 West Main Street<br>Belleville, IL 62226<br>618-235-0020<br>**Paul Hansmeier**<br>Alpha Law Firm<br>80 South 8th Street<br>Ste 900<br>Minneapolis, MN 55402<br>651-399-1583 | **Daniel G. Booth /Jason E Sweet**<br>Booth Sweet LLP<br>32R Essex Street<br>Cambridge, MA 02139<br>617-250-8602<br>**John D. Seiver**<br>Davis Wright Tremaine LLP<br>1919 Pennsylvania Avenue, NW<br>Suite 800<br>Washington, DC 20006<br>**Bart Westcott Huffman**<br>Locke Lord LLP - Austin<br>100 Congress Avenue<br>Suite 300<br>Austin, TX 78701<br>**Troy A. Bozarth**<br>HeplerBroom LLC - Edwardsville<br>130 North Main Street<br>P.O. Box 510<br>Edwardsville, IL 62025<br>618-656-0184<br>**Andrew G. Toennies**<br>Lashly & Baer PC<br>714 Locust Street<br>St. Louis, MO 63101<br>314-436-8347 |

………………………………………………………………………………………………………………......

| | | | |
|---|---|---|---|
| *Judge:* | David R. Herndon | *Nature of Suit Code:* | 890 |
| | | *Date Filed in District* | |
| *Court* | *Molly Clayton* | *Court:* | 8/9/2012 |
| *Reporter:* | *750 Missouri Ave.* | *Date of Judgment:* | 3/24/2014 |
| | *East. St. Louis, IL 62201* | *Date of Notice of Appeal:* | 3/31/14 |

*Counsel:*     __ *Appointed*     _x_ *Retained*     __ *ProSe*
*Fee-Status*   __ *Paid*     _x_ *Due*     __ *IFP*     __ *IFP-Pending*     __ *U.S.*     __ *Waived*


*Has Docketing Statement been filed with the District Court's Clerk's Office:*     __ *Yes*     _x_ *No*

*If 28 U.S.C. §2254 or 28 U.S.C. § 2255, was certificate of appealability:*     __ *Granted*     __ *Denied*     *Pending*

*If certificate of appealability was granted or denied, what is the date of the order:*     Click here to enter a date.

*If Defendant is in Federal custody, please provide United States Marshal number (USM#):*

Click here to enter text.


**IMPORTANT:  THIS FORM IS TO ACCOMPANY THE SHORT RECORD SENT TO THE CLERK OF THE U.S. COURT OF APPEALS PURSUANT TO CIRCUIT RULE 3(a).**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**LIGHTSPEED MEDIA CORP.,**

     **Plaintiff,**

**vs.**                                                          **No.   3:12-cv-889-DRH-SCW**

**ANTHONY SMITH, et al.,**

     **Defendants.**


**<u>MEMORANDUM AND ORDER</u>**

**HERNDON, Chief Judge:**

     This matter is before the Court on Defendants Anthony Smith ("Smith"), Comcast Cable Communications LLC and Comcast Corporate Representative #1 (together, "Comcast"), and SBC Internet Services, Inc. d/b/a AT&T Internet Services' ("AT&T") (collectively "defendants") joint motion for contempt, or in the alternative, for an order to plaintiff's counsel to show cause why they each should not be held in contempt (Doc. 107).   Plaintiff's counsel Paul Duffy ("Duffy") and Paul Hansmeier ("Hansmeier") responded (Docs. 111, 113).   At the direction of the Court (Docs. 112, 117), defendants filed a reply (Doc. 119).   On February 13, 2014, the Court held a hearing on the issues (Doc. 123).   For the following reasons, the defendants' motion will be **GRANTED.**

## I.   <u>Background</u>

     On December 14, 2011, Lightspeed Media Corporation ("Lightspeed") filed suit in the Circuit Court of the Twentieth Judicial District in St. Clair County.

Lightspeed owns or operates one or more paid-subscription adult entertainment websites.   In its first complaint, Lightspeed alleged that John Doe and more than 6,600 "co-conspirators" had gained unauthorized access to its website.   On December 16, 2011, the circuit court granted an *ex parte* motion for leave to obtain discovery by subpoena, from dozens of Internet Service Providers ("ISPs"), of information personally identifying the defendants.   AT&T and Comcast subsequently filed motions to quash the subpoenas and/or for a protective order. On May 22, 2013, the Illinois Supreme Court directed the circuit court to vacate its order denying the motion to quash.

On August 3, 2012, Lightspeed filed an amended complaint.   Lightspeed contended that Smith accessed content from Lightspeed's password-protected websites without authorization.   Lightspeed asserted that AT&T and Comcast improperly opposed Lightspeed's discovery, failed to act to protect Lightspeed's websites, and conspired with their customers to Lightspeed's detriment. Specifically, Lightspeed alleged 10 Counts: Computer Fraud and Abuse (Count I), Conversion (Count II), Unjust Enrichment (Count III), Unjust Enrichment (Count IV), Count V (Breach of Contract), Civil Conspiracy (Count VI), Civil Conspiracy (Count VII), Illinois Consumer Fraud and Deceptive Practices Act (Count VIII), Aiding and Abetting (Count X).   AT&T removed this action to federal court on August 9, 2012.

Plaintiff thereafter filed an emergency motion for Discovery prior to the Rule 26(f) Conference (Doc. 9) requesting the ISP information.   Judge G. Patrick

Murphy held a hearing on the issue and denied the motion (Doc. 23). Defendants each filed motions to dismiss (Docs. 26, 28, 36). Prior to the resolution of the motions to dismiss, Lightspeed entered a notice of voluntary dismissal on March 21, 2013. Defendants subsequently moved for attorney's fees pursuant to 28 U.S.C. § 1927 (Docs. 61, 78, 82). Judge Murphy granted Defendant Smith's motion (Doc. 65) and counsel (Duffy, Hansmeier, and John Steele ("Steele")) sought reconsideration of that order (Docs. 66, 68, 74). On November 13, 2013, Judge Murphy held a hearing on the motions for reconsideration and the motions for attorney's fees by ComCast and AT&T (Doc. 96) in which he deferred ruling.

On November 27, 2013, Judge Murphy denied the motions to vacate, or in the alternative, reconsider the order granting Smith's motion for attorney fees, granted ComCast's and AT&T's motions for attorney's fees, and ordered that pursuant to 28 U.S.C. § 1927, Duffy, Hansmeier, and Steele are jointly and severally liable, and shall pay within 14 days of the order (December 11, 2013), attorney fees and costs to Smith in the amount of $72,367.00, to AT&T in the amount of $119,637.05, and to ComCast in the amount of $69,021.26 for a total judgment of $261,00252.11 with interest as provided by law (Doc. 100). Duffy, Hansmeier, and Steele filed a notice of Appeal on December 12, 2013.

On December 27, 2013, defendants filed a joint motion for contempt, or in the alternative, for an order to plaintiffs' counsel to show cause why they each should not be held in contempt (Doc. 107). Plaintiff's counsel Duffy and Hansmeier responded (Doc. 111, 113), Steele filed a motion to stay the sanction's

order (Doc. 114), and, at the direction of the Court (Docs. 112, 118), defendants filed a reply (Doc. 119).

Defendants request 1) an order holding in contempt plaintiffs' counsel Steele, Duffy, and Hansmeier or, in the alternative, 2) an order requiring Duffy, Hansmeier and Steele to show cause why they should not each be held in contempt for their failure to timely comply with the fee order.   In their reply, defendants focus on the contempt.   They specifically request that this Court hold Duffy, Hansmeier and Steele in contempt of Court, and also order them to pay the defendants attorneys' fees incurred in seeking this finding of contempt, along with interest and additional daily fines for each day the sanctioned attorneys fail to make any and all payment(s) ordered.

Plaintiff's counsels' responses assert three points: (1) defendants have not submitted any evidence regarding compliance (Doc. 113 at 2), (2) the order is a money judgment and therefore not properly enforceable through contempt proceedings (Doc. 111 at 3-5; Doc. 113 at 2-4), and (3) defendants have otherwise failed to establish the elements of civil contempt (Doc. 111 at 5-6).   Hansmeier further asserts that in the alternative, the Court should grant plaintiff's counsel leave to seek a stay of the November 27, 2013 order (Doc. 113 at 4-6).

The Court held a hearing on defendants' motion for contempt on February 13, 2014 (Doc. 124).   During the proceedings, plaintiff's counsel admitted on the record to noncompliance, each stating that they had not paid the sanction amount to defendants or otherwise sought a supersedeas bond.   The Court also addressed

plaintiff's counsels' argument that the Court should consider the sanctions order as a money judgment, concluding that the Court's order was not a money judgment but instead a sanctions order.  The Court deferred ruling on the motion for contempt and directed plaintiff's counsel to file asset statements from a certified public accountant on or before February 24, 2014.  The Court also considered Steele's motion to stay (Doc. 114) and heard arguments from the parties.  The Court denied Steele's motion to stay on the record and addressed and similarly dismissed Hansmeier's stay request (Doc. 124).

## II.    Analysis

### A.    Civil Contempt

Federal courts have both inherent and statutory authority to punish for contempt and to coerce compliance with their orders.  *International Union, UMWA v. Bagwell*, 512 U.S. 821, 831-833 (1994).  To prevail on a request for a contempt finding, the moving party must establish by clear and convincing evidence that: (1) a court order sets forth an unambiguous command; (2) the alleged contemnor violated that command; (3) the violation was significant, meaning the alleged contemnor did not substantially comply with the order; and (4) the alleged contemnor failed to make a reasonable and diligent effort to comply.  *S.E.C. v. Hyatt*, 621 F.3d 687, 692 (7th Cir. 2010).

There is no debate as to whether plaintiff's counsel significantly violated Judge Murphy's November 27, 2013 order (hereinafter "Sanctions Order").  As previously indicated, plaintiff's counsel has not made a single payment.

Furthermore, Duffy, Hansmeier, and Steele failed to make a reasonable and diligent effort to comply with the Sanctions Order.   While Steele filed a motion to stay the Sanctions Order, this motion was not accompanied by a supersedeas bond and was filed untimely.   *See* Fed. R. Civ. P. 62(d).

The key issue here is whether the Sanctions Order was "an unambiguous command."   Plaintiff's counsel asserted that the Sanctions Order is a money judgment, not an equitable decree.   At the show cause hearing, the Court held that the Sanctions Order was an equitable decree, specifically a sanctions order. However, plaintiff's counsel argues that this confusion is the primary reason they did not comply with the Sanctions Order.   The Court finds this argument disingenuous.   Seventh Circuit case law is quite clear.   *See Cleveland Hair Clinic, Inc. v. Puig*, 106 F.3d 165, 166 (7th Cir. 1997) ("Use of contempt power is an appropriate way to enforce a sanction for misconduct, which is not an ordinary money judgment.")   Furthermore, if plaintiff's counsel was confused, they could have filed a motion to clarify with Judge Murphy.

**B.     Inability to Pay**

At the show cause hearing, plaintiff's counsel emphatically indicated an inability to pay.   Specifically, "I can't pay what I don't have" (Show Cause Hr'g Tr. 22:16-17 (Hansmeier)).   Also, "[I]t's extremely important because if the Court issues sanction order for, I don't know, a billion dollars, we can't pay it.   And I don't believe that there's any case law to establish that – there's not a debtor's prison.   I mean if we can't pay it, we can't pay it" (Show Cause Hr'g Tr. 19:10-15

Page **6** of **13**

(Steele)).   Plaintiff's counsel again pointed to their confusion over the nature of the Sanctions Order as the reason why they had not yet supplied the Court with their financial information.   The Court therefore directed plaintiff's counsel to provide asset statements prepared by a certified public accountant on or before February 24, 2014.   Plaintiff's counsel timely submitted financial condition statements to the Court *in camera*.

"Inability to pay is a valid defense in a contempt proceeding, but the party raising the defense has the burden of proving its inability to pay." *In re Re. Tech. Corp.*, 624 F.3d 376, 387 (7th Cir. 2010) (citing *United States v. Rylander*, 460 U.S. 752, 757 (1983)).   In the case where there has been no attempt to comply with the Court's order, plaintiff's counsel must show a "complete inability to pay." *Id.* Plaintiff's counsel, "stated differently, . . . [has] the burden of establishing clearly, *plainly*, and *unmistakably* that compliance is *impossible*." *Id.* (internal citations and quotations omitted) (emphasis in original).

The Court finds that plaintiff's counsel has not met its burden.   They submitted incomplete, and to say the least suspicious, statements of financial condition.   Attached to each statement was a letter from their certified public accountant ("CPA").   In these letters, the CPA indicates a departure from generally accepted accounting principles.   He further notes that plaintiff's counsel elected to omit substantially all of the disclosures required by generally accepted accounting principles.   The Court finds these statements insufficient to establish plaintiff's counsel's inability to pay.

Plaintiff's counsel significantly violated an unambiguous order of the Court. They also failed meet their burden regarding their inability to pay defense. Accordingly, the Court finds plaintiff's counsel Paul Duffy, Paul Hansmeier, and John Steele in civil contempt and defendants' joint motion for contempt (Doc. 107) is **GRANTED.**

**C.      Civil Contempt Sanction**

"Sanctions for civil contempt are designed either to compel the contemnor into compliance with an existing court order or to compensate the complainant for losses sustained as a result of the contumacy." *U.S. v. Dowell*, 257 F.3d 694, 699 (7th Cir. 2001). Remedial sanctions compensate the complainant for his losses caused by the contemptuous conduct. *Id.* Coercive sanctions aim to coerce the contemnor's compliance with a court order. *Id.* A coercive sanction must afford the contemnor the opportunity to "purge", to avoid punishment by complying with the order. *Id.* The factors to be considered by the court in imposing a civil contempt sanction include: (1) Harm from noncompliance, (2) Probable effectiveness of the sanction, (3) Contemnor's financial resources and the burden the sanctions may impose; and (4) Contemnor's willfulness in disregarding the court's order. *United States v. United Mine Workers of America*, 330 U.S. 258, 303-304 (1947).

The Court must "consider the character and magnitude of the harm threatened by continued contumacy . . . ." *Id.* at 304. As to the character of the harm, the Court finds that plaintiff's counsel *wilfully* violated the Sanctions Order.

Plaintiff's attorneys have made no effort to comply.   In fact, until defendants filed the current contempt motion, plaintiff's counsel had not addressed the Court regarding the Sanctions Order, merely filing a notice of appeal.   While a violation need not be willful for the Court to impose civil contempt sanctions, willfulness inherent in the contemptuous act is a major consideration in determining the appropriate sanctions.   *McComb v. Jacksonville Paper Co.,* 336 U.S. 187, 191 (1949) ("The absence of willfulness does not relieve from civil contempt"); *Weitzman v. Stein*, 98 F.3d 717, 719 (2d Cir. 1996); *Stotler and Co. v. Able*, 870 F.2d 1158, 1163 (7th Cir. 1989); *In re Federal Facilities Reality Trust,* 227 F.2d 657, 658 (7th Cir. 1955).

The Court also finds the magnitude of harm significant.   As indicated in the Sanctions Order, this case is "baseless" (Doc. 100 at 9).   Judge Murphy ordered sanctions for attorney's fees and costs because plaintiff "unreasonably and vexatiously multiplied the proceedings in this matter" (Doc. 100 at 10).   Plaintiff's counsel's failure to address the Sanctions Order further multiplies the proceedings. Not only is the magnitude of the harm significant in financial terms for the defendant in added attorney's fees and costs of the contempt motion but also in regards to the integrity of the Court.   The Court again notes that plaintiff's counsel made no effort to comply with the order to address the Court.   Also, the Court cannot ignore the behavior of plaintiff's counsel before the undersigned at the show cause hearing.   While the Court was unable to nail down any specific lies due, in significant   part,   to   plaintiff's   counsel   excellent   "attorney   speak",   the

misrepresentations and half-truths presented indicate plaintiff's counsel's clear disrespect of the Court.[1]   Furthermore, as the Court indicated at the hearing in regards to Steele's motion to stay, "[W]ith respect to talking about the community, the community has to worry about lawyers who file unreasonable and vexatious claims.   That's where the harm to the community is . . . .   The community is worried about lawyers, worried about lawyers that file these kind[s] of lawsuits.   So if, in fact, Judge Murphy is right – and for the time being until the Seventh Circuit says something differently, I have to assume he is – the community is worried about guys like you" (Show Cause Hr'g Tr. 38:6-15).

The Court is also directed to review plaintiff's counsel's financial resources. *United Mine Workers of Am.*, 330 U.S. at 304 ("[A] court which has returned a conviction for contempt must, in fixing the amount of a fine to be imposed . . . as a means of securing future compliance, consider the amount of [the party's] financial resources and the consequent seriousness of the burden to that particular [party].") As previously discussed, the Court has taken into consideration plaintiff's counsel's

---

[1] For example, in the show cause hearing, the parties addressed plaintiff's counsel's financial means.   The Court specifically asked why plaintiff's counsel had not yet submitted their financial information to the Court.   Hansmeier indicated that he had not provided this information as of yet because they were unsure as to whether the Court was going to rule the order a sanction's order or a money judgment.   Again, Hansmeier indicated "I can't pay what I don't have."   Bart Huffman, Attorney for AT&T, then indicated that plaintiff's counsel had mentioned that they have made millions of dollars.   Steele objected to this characterization, and asked Mr. Huffman to indicate where he would have publically touted making millions of dollars.   Mr. Huffman responded that he believed there was an article in FORBES. To which Mr. Steele responded, "No, absolutely, I never did, and I resent being told that I've said something that's not true.   If Mr. Huffman would like to present something that I personally made money of a certain amount, feel free, but it will never come, Your Honor" (Show Cause Hr'g Tr. 23:16-20).   After a quick Google search, the Court quickly comes across the following article: Kashmir Hill, *How Porn Copyright Lawyer John Steele Has Made A 'Few Million Dollars' Pursuing (Sometimes Innocent) 'Porn Pirates,'* FORBES, Oct. 15, 2012, *available at* http://www.forbes.com/sites/kashmirhill/2012/10/15/how-porn-copyright-lawyer-john-steele-justifies-his-pursuit-of-sometimes-innocent-porn-pirates/.   Therein, Mr. Steele states in response to the article's author suggestion that he has made $15 million settling these suits, "Maybe a little less. We don't track the amount we've recovered.   More than a few million."   The Court notes that while it is true this is not a "certain amount", it is disingenuous to imply destitution given the statement and, at the very least, the Court deserved a full, truthful explanation of the statement.

ability to pay.  The Court also now takes judicial notice of the same attorneys'
ability to post a $101,650.00 supersedeas bond, Supersedeas Undertaking for
Appeal, *Ingenuity 13 LLC v. John Doe*, No. 2:12-cv-08333-ODW-JCx (C.D. Cal.
May 23, 2013), ECF No. 174, as well as their subsequent ability to post an
additional bond in the amount of $135,933.66, Supersedeas Undertaking,
*Ingenuity 13 LLC v. John Doe*, No. 2:12-cv-08333-ODW-JCx (C.D. Cal. July 23,
2013), ECF No. 229.  Plaintiff's counsel clearly had the ability to pay in those
instances and they failed to provide the Court with the information it needed in
order to adequately make an accurate assessment regarding their current ability to
pay.

    As a preliminary matter, the Court **DIRECTS** plaintiff's counsel to pay
interest on the sanction amounts pursuant to the Sanctions Order as provided by
law.   For clarification, the Court interprets this provision of the Sanctions Order as
follows.   The Court will apply the federal interest rate as contemplated in 28 U.S.C.
§ 1961, 18 U.S.C. § 3612, and 40 U.S.C. § 258(e)(1).   These sections direct the
Court to compute interest from the first day on which the defendant is liable for
interest at a rate equal to the weekly average 1-year constant maturity Treasury
yield for the calendar week preceding the first day on which the defendant is liable
for interest.   Plaintiff's counsel became liable for interest on December 11, 2013.
Therefore the .13% interest rate from the week ending December 6, 2013 will apply.
Plaintiff's counsel is responsible for the entire time period from the date of liability
to the date of compliance, including those days during which this motion was

pending.

The Court believes that both coercive and remedial sanctions are warranted in this case.  *See United Mine Workers of Am.*, 330 U.S. at 302-303; *Shakman v. Democratic Organization of Cook County*, 533 F.2d 344, 349 (7th Cir. 1976); *Dowell*, 257 F.3d at 699.   The Court has determined this to be the most effective way to ensure compliance with the Sanctions Order and to uphold the integrity of the Court.

The Court sanctions plaintiff's attorneys in the amount of 10% of the original sanction amounts equally divided among Duffy, Steele, and Hansmeier.   This sanction is to be paid to the defendants as follows: $7,236.70 to Smith, $11,963.75 to AT&T, and $6,902.13 to ComCast, for a total amount of $26,102.58.   This remedial sanction contemplates the attorney's fees and costs incurred by defendants during the course of litigating this contempt motion.   The Court acknowledges that a lodestar calculation is traditionally used.   However, requiring defense counsel to provide billing statements would most certainly cause delay and further litigation thereby negating the goals of this order and only further harming the defendants.   The previous clarification regarding interest does not apply to this sanction.

Finally, plaintiff's counsel shall comply with the Sanctions Order and this order within 7 days, on or before March 31, 2014.   Compliance is construed by the Court as follows.   Plaintiff's counsel may make payment to all of the defendants of the ordered amounts in full.   Plaintiff's counsel may also file a motion to stay and

accompanying supersedeas bond of the full amount.   Fed. R. Civ. P. 62(d).   Bonds
or payments of partial amounts will not be considered compliance with this Court's
order.   Failure to comply with this order in that timeframe shall result in a $500
per day per attorney fine for up to 30 days.   After 30 days, this amount shall
increase to $1,000 per day per attorney.

The Court notes that defendant, Smith filed a "Renewed Motion for
Contempt" on March 20, 2014, as the Court was finishing up the final draft of this
order.   The Court will consider that motion as a motion for an additional sanction
for contempt since it relates directly to representations made in Court and in the
financial statements by plaintiff's counsel.   Counsel, Steele, Duffy and Hansmeier,
shall respond to the March 20 motion, no later than April 20, 2014.   Upon
reviewing those responses, the Court will consider whether to require another
hearing and the range of sanctions that it may be considering, if any.

**IT IS SO ORDERED.**

Digitally signed
by David R.
Herndon
Date: 2014.03.24
13:04:51 -05'00'

**Chief Judge**
**United States District Court**

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **LIGHTSPEED MEDIA CORP.,** | Civ. No. 12-889-DRH |
| *Plaintiff,* | |
| *v.* | **MOTION OF JOHN STEELE, PAUL DUFFY AND PAUL HANSMEIER FOR STAY PENDING APPEAL AND FOR APPROVAL OF FORM OF SUPERSEDEAS BOND** |
| **ANTHONY SMITH, et al.,** | |
| *Defendants.* | |

## INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 62(d), John Steele, Paul Duffy and Paul Hansmeier (jointly, "Movants") respectfully request that the Court stay its order adjudging them to be in contempt, pending appellate review of that order. Further, Movants request that the Court approve the form of the attached supersedeas bond as security for the appeal in compliance with the mandates of the contempt order.

## ARGUMENT

**I.    The Court Should Stay the Contempt Order Pending Appellate Resolution of the Order.**

The Seventh Circuit has looked to the following factors in deciding whether to grant a motion for stay pending appeal: (1) whether the movant has shown a likelihood of success; (2) whether the movant has shown a likelihood of irreparable

injury absent a stay; (3) whether a stay would substantially harm other parties to the litiation; and (4) the public interest. *Glick v. Koenig*, 766 F.2d 265, 269 (7th Cir. 1985); *accord Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). "These factors are not prerequisites that must be met, but are interrelated considerations that must be balanced together." *Mich. Coal of Radioactive Materials Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991); *see also Roland Mach. Co. v. Dresser Indus., Inc.*, 749 F.2d 380, 387 (7th Cir. 1984) ("The more likely the plaintiff is to win, the less heavily need the balance of harms weigh in his favor …"). As demonstrated below, all four factors weigh in favor of a stay.

This Court should stay the contempt order pending the Seventh Circuit's resolution of Movants' appeal. *First*, Movants have a strong likelihood of success on the merits of their appeal; *Second*, denial of the stay would irreparably harm Movants in light of the serious reputational and financial harm that would be imposed absent a stay. *Third*, the brief period needed to resolve the appeal will not prejudice the Defendants in any meaningful way. *Finally*, the heavy Constitutional issues implicated by contempt order weigh in favor of resolving the Movant's appeal before allowing the contempt to proceed.

### A.     Movants Have A Strong Likelihood of Success on the Merits.

Movants respectfully submit that several assignments of error support reversal of the contempt order. *First*, this Court relied on an *ex parte* Google search, rather than CPA-prepared financial statements, to determine that Movants made "misrepresentations" to the Court regarding their ability to pay the sanctions order.

As an initial matter, the blog-post cited by the Court had no probative value with respect to Movants Duffy or Hansmeier regarding the ability of either of these men to pay the sanctions order. Indeed, it had little-to-no probative value with respect to Steele's ability to do the same. For good reason, appellate courts consistently rebuke district courts that embark on *ex parte* "evidence" gathering.

*Second*, the Court over-read the holding in *Cleveland Hair Clinic, Inc. v. Puig*, 106 F.3d 165 (7th Cir. 1997), as suggesting that district courts lack the discretion to impose sanctions under 28 U.S.C. § 1927 in the form of money judgments, rather than equitable decrees. Nothing in *Cleveland Hair Clinic* supports this conclusion. Relatedly, the Court erred by holding that an order imposing a "judgment" with "interest provided by law" was a "clear and unambiguous" equitable decree.

*Third*, and most plainly, the "10%" approach adopted by the Court resulted in the imposition of criminal sanctions. *See Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 829 (1994) (holding that "[a] flat unconditional fine totaling as little as $50 announced after a finding of contempt … [where] the contemnor has no subsequent opportunity to reduce or avoid the fine through compliance" is a criminal contempt sanction). Yet, the Court did not afford Movants criminal due process protections. On appeal, this Court's "subjective intent" will not be afforded any weight. *Id.* at 828.

While Movants acknowledge that the Court will disagree with their assignments of error, they respectfully submit that these assignments, and in particular the imposition of criminal sanctions, are rooted in nearly one century's-worth of Supreme Court precedent.

### B.     The Balance of Equities Supports a Stay.

The balance of equities plainly favors a stay. For their part, Movants will suffer crushing monetary penalties and irreparable reputational injuries absent a stay. On the other hand, if a stay is granted, the Defendants will simply have to wait a short time to determine whether the contempt order is upheld on appeal.

### C.     The Public Interest Supports a Stay.

The public has an extraordinarily strong interest, dating back to the passage of the Bill of Rights, to ensuring that government officials refrain from imposing criminal penalties without affording corresponding due process protections. This interest strongly supports a stay.

## II.     The Court Should Approve the Proposed Form of Bond.

In compliance with the contempt order, a supersedeas bond has been arranged. Movants respectfully request the Court to approve the form of bond attached hereto, with the provision that "Appellants" will be defined in the bond as Appellant John Steele, as submitted in compliance with the Court's contempt order. Upon approval by the Court, the surety will submit the bond to the Court for filing within three business days.

4

Dated: March 31, 2014

/s/ Paul Duffy (with consent)
Paul Duffy
2 N. LaSalle Street, 13th Floor
Chicago, IL 60602
312-952-6136

/s/ Paul Hansmeier
Paul Hansmeier
80 S. 8th St. Ste 900
Minneapolis, MN 55402
612-234-5744

/s/ John Steele (with consent)
John Steele
1111 Lincoln Road, Suite 400
Miami Beach, FL 33139
786-571-8131

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

LIGHTSPEED MEDIA CORP.     )
                    *Plaintiff* )
                            )
                            )
v.                            )
                            )
                            )
ANTHONY SMITH, ET AL.,    )
               *Defendants* )

**SUPERSEDEAS BOND**

Case No.   3:12-CV-889-DRH-SCW

WHEREAS, the Appellants have requested the Court accept Appellant's supersedeas bond in the above entitled action, staying execution of judgment pending hearing of further motion(s) or pleading(s) by the Appellant.

Now, therefore UNITED STATES FIRE INSURANCE COMPANY, as Surety does hereby and pursuant to federal law, undertake that the Appellants will pay to the Defendant(s) or to party(ies) as named by the Court, not exceeding the sum of TWO HUNDRED EIGHT SEVEN THOUSAND THREE HUNDRED AND 0/100S DOLLARS ($287,300.00) for such damages and/or costs as the Court may direct.

This _____ day of _____, 2014.

United States Fire Insurance Co.
U.S. TREASURY (NAIC) #21113

_____
C. Poindexter, Attorney-in-Fact
Illinois Insurance Lic. #2458419

CM/ECF - U.S. District Court:ilsd                                      Page 1 of 21
Case 3:12-cv-00889-DRH-SCW   Document 143   Filed 04/01/14   Page 23 of 43   PageID 3477
Case: 14-1682      Document: 28-15      Filed: 07/30/2014      Pages: 191

APPEAL,CJRA_B,KBL

# U.S. District Court
## Southern District of Illinois (East St. Louis)
## CIVIL DOCKET FOR CASE #: 3:12-cv-00889-DRH-SCW
## Internal Use Only

| | |
|---|---|
| Lightspeed Media Corporation v. Smith et al | Date Filed: 08/09/2012 |
| Assigned to: Chief Judge David R. Herndon | Date Terminated: 03/22/2013 |
| Referred to: Magistrate Judge Stephen C. Williams | Jury Demand: Plaintiff |
| Case in other court: St. Clair County, Illinois, 11-L-683 | Nature of Suit: 890 Other Statutory Actions |
| USCA-7, 13-03801 | Jurisdiction: Federal Question |
| Cause: 28:1446 Petition for Removal | |

**Plaintiff**

| | | |
|---|---|---|
| **Lightspeed Media Corporation** | represented by | **Paul A. Duffy** |
| | | Prenda Law, Inc. |
| | | 161 N. Clark Street, Suite 3200 |
| | | Chicago, IL 60601 |
| | | 312-880-9160 |
| | | Email: paduffy@wefightpiracy.com |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **John L. Steele** |
| | | Steele Hansmeier PLLC |
| | | 161 North Clark Street |
| | | Suite 4700 |
| | | Chicago, IL 60601 |
| | | 312-880-9160 |
| | | Fax: 312-893-5677 |
| | | Email: johnlsteele33140@gmail.com |
| | | *TERMINATED: 03/07/2013* |
| | | |
| | | **Kevin T. Hoerner** |
| | | Becker, Paulson et al. |
| | | Generally Admitted |
| | | 5111 West Main Street |
| | | Belleville, IL 62226 |
| | | 618-235-0020 |
| | | Email: KTH@bphlaw.com |
| | | *TERMINATED: 11/06/2013* |
| | | |
| | | **Paul Hansmeier** |
| | | Alpha Law Firm |
| | | 80 South 8th Street |
| | | Ste 900 |
| | | Minneapolis, MN 55402 |

CM/ECF - U.S. District Court:ilsd                                    Page 2 of 21
Case 3:12-cv-00889-DRH-SCW   Document 143   Filed 04/01/14   Page 24 of 43   PageID 3478
Case: 14-1682        Document: 28-15        Filed: 07/30/2014        Pages: 191

651-399-1583
Email: prhansmeier@thefirm.mn
*TERMINATED: 11/15/2012*
*ATTORNEY TO BE NOTICED*

V.

**Consol Plaintiff**

**Mr. John Steele**                    represented by   **John L. Steele**
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

V.

**Petitioner**

**Paul Hansmeier**                     represented by   **Paul Hansmeier**
                                                        PRO SE

                                                        **Paul Hansmeier**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Anthony Smith**                      represented by   **Daniel G. Booth**
                                                        Booth Sweet LLP
                                                        32R Essex Street
                                                        Cambridge, MA 02139
                                                        617-250-8602
                                                        Fax: 617-250-8883
                                                        Email: dbooth@boothsweet.com
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Jason E Sweet**
                                                        Booth Sweet LLP
                                                        32R Essex Street
                                                        Cambridge, MA 02139
                                                        617-250-8602
                                                        Fax: 617-250-8883
                                                        Email: jsweet@boothsweet.com
                                                        *ATTORNEY TO BE NOTICED*

                                                        **John D. Seiver**
                                                        Davis Wright Tremaine LLP
                                                        1919 Pennsylvania Avenue, NW
                                                        Suite 800

CM/ECF - U.S. District Court:ilsd                                      Page 3 of 21
Case 3:12-cv-00889-DRH-SCW   Document 143   Filed 04/01/14   Page 25 of 43   PageID 3479
         Case: 14-1682        Document: 28-15        Filed: 07/30/2014        Pages: 191

Washington, DC 20006
202-973-4200
Fax: 202-973-4412
Email: johnseiver@dwt.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**SBC Internet Services, Inc.**                represented by   **Bart Westcott Huffman**
*doing business as*                                             Locke Lord LLP - Austin
AT&T Internet Services                                          100 Congress Avenue
                                                                Suite 300
                                                                Austin, TX 78701
                                                                512-305-4746
                                                                Fax: 512-391-4741
                                                                Email: bhuffman@lockelord.com
                                                                *ATTORNEY TO BE NOTICED*

                                                                **John D. Seiver**
                                                                (See above for address)
                                                                *ATTORNEY TO BE NOTICED*

                                                                **Troy A. Bozarth**
                                                                HeplerBroom LLC - Edwardsville
                                                                130 North Main Street
                                                                P.O. Box 510
                                                                Edwardsville, IL 62025
                                                                618-656-0184
                                                                Fax: 618-656-1364
                                                                Email: troy.bozarth@heplerbroom.com
                                                                *ATTORNEY TO BE NOTICED*

**Defendant**

**AT&T Corporate Represenative #1**            represented by   **Bart Westcott Huffman**
                                                                (See above for address)
                                                                *ATTORNEY TO BE NOTICED*

**Defendant**

**ComCast Cable Communications,**              represented by   **Andrew G. Toennies**
**LLC**                                                         Lashly & Baer PC
                                                                714 Locust Street
                                                                St. Louis, MO 63101
                                                                314-436-8347
                                                                Fax: 314-621-6844
                                                                Email: atoennies@lashlybaer.com
                                                                *ATTORNEY TO BE NOTICED*

                                                                **John D. Seiver**
                                                                (See above for address)
                                                                *ATTORNEY TO BE NOTICED*

**Defendant**

| | | |
|---|---|---|
| **ComCast Corporate Representative #1** | represented by | **Andrew G. Toennies** (See above for address) *ATTORNEY TO BE NOTICED* |
| | | **John D. Seiver** (See above for address) *ATTORNEY TO BE NOTICED* |

**Movant**

| | | |
|---|---|---|
| **Paul Duffy** | represented by | **Paul Duffy** PRO SE |

| Date Filed | # | Docket Text |
|---|---|---|
| 08/09/2012 | 1 | Case Opened. Documents may now be electronically filed. Case number 12-cv-889-WDS/SCW must be placed on all documents prior to filing them electronically. (Attachments: # 1 Consent to Proceed before a Magistrate Judge)(jlrr ) (Entered: 08/09/2012) |
| 08/09/2012 | 2 | NOTICE OF REMOVAL by SBC Internet Services, Inc. from St. Clair County, case number 11-L-683. ( Filing fee $ 350 receipt number 0754-1755201) (Attachments: # 1 Civil Cover Sheet, # 2 Exhibit A-1 A-1 First Amended Complaint, # 3 Exhibit A-2 Original Complaint, # 4 Exhibit A-3 Order granting leave to file, # 5 Exhibit B (1 of 23), # 6 Exhibit B (2 of 23), # 7 Exhibit B (3 of 23), # 8 Exhibit B (4 of 23), # 9 Exhibit B (5 of 23), # 10 Exhibit B (6 of 23), # 11 Exhibit B (7 of 23), # 12 Exhibit B (8 of 23), # 13 Exhibit B (9 of 23), # 14 Exhibit B (10 of 23), # 15 Exhibit B (11 of 23), # 16 Exhibit B (12 of 23), # 17 Exhibit B (13 of 23), # 18 Exhibit B (14 of 23), # 19 Exhibit B (15 of 23), # 20 Exhibit B (16 of 23), # 21 Exhibit B (17 of 23), # 22 Exhibit B (18 of 23), # 23 Exhibit B (19 of 23), # 24 Exhibit B (20 of 23), # 25 Exhibit B (21 of 23), # 26 Exhibit B (22 of 23), # 27 Exhibit B (23 of 23))(Bozarth, Troy) (Entered: 08/09/2012) |
| 08/09/2012 | 3 | Corporate Disclosure Statement by SBC Internet Services, Inc.. (Bozarth, Troy) (Entered: 08/09/2012) |
| 08/13/2012 | 4 | CONSENT to Removal byComCast Corporate Representative #1, ComCast Cable Communications, LLC. (Toennies, Andrew) (Entered: 08/13/2012) |
| 08/13/2012 | 5 | DISCLOSURE OF INTERESTED PARTIES *Corporate Disclosure Statement* by ComCast Cable Communications, LLC, ComCast Corporate Representative #1.(Toennies, Andrew) (Entered: 08/13/2012) |
| 08/14/2012 | 6 | ORDER OF RECUSAL. Judge William D. Stiehl recused. Case reassigned to Judge G. Patrick Murphy for all further proceedings. Signed by Judge William D. Stiehl on 8/14/2012. (bjw) (Entered: |

|  |  | 08/14/2012 |
|---|---|---|
| 08/14/2012 | 7 | NOTICE of Appearance by Andrew G. Toennies on behalf of ComCast Cable Communications, LLC (Toennies, Andrew) (Entered: 08/14/2012) |
| 08/16/2012 | 8 | NOTICE of Appearance by Andrew G. Toennies on behalf of ComCast Corporate Representative #1 (Toennies, Andrew) (Entered: 08/16/2012) |
| 08/16/2012 | 9 | Emergency MOTION for Discovery *Prior to the Rule 26(f) Conference* by Lightspeed Media Corporation. (Attachments: # 1 Exhibit Declaration, # 2 Exhibit Judge Howell Order, # 3 Exhibit Complaint, # 4 Exhibit Order Granting Discovery, # 5 Exhibit Motion to Quash, # 6 Exhibit Order Denying Motion to Quash, # 7 Exhibit Motion to Stay, # 8 Exhibit Order Denying Motion to Stay, # 9 Exhibit Motion for Supervisory Order, # 10 Exhibit Order Granting Motion, # 11 Exhibit Amended Complaint, # 12 Exhibit Cease and Desist Letter)(Duffy, Paul) (Entered: 08/16/2012) |
| 08/17/2012 | 10 | ORDER Setting Hearing on Motion 9 Emergency MOTION for Discovery. Motion Hearing set for 8/20/2012 03:00 PM in East St. Louis Courthouse before Judge G. Patrick Murphy. Signed by Judge G. Patrick Murphy on 8/17/2012. (ktc)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 08/17/2012) |
| 08/17/2012 | 11 | ENTRY STRICKEN - NOTICE of Appearance by Paul A. Duffy on behalf of Lightspeed Media Corporation (Duffy, Paul) Modified on 8/20/2012 (jaj). (Entered: 08/17/2012) |
| 08/17/2012 | 12 | MOTION to Appear Pro Hac Vice by AttorneyBart Westcott Huffman $100 fee paid,receipt number 0754-1761679 by on behalf of AT&T Corporate Represenative #1, SBC Internet Services, Inc.. (Huffman, Bart) (Entered: 08/17/2012) |
| 08/20/2012 | 13 | ENTRY STRICKEN - MOTION to Appear Pro Hac Vice *by Attorney John D. Seiver* by AttorneyAndrew G. Toennies $100 fee paid,receipt number 0754-1762199 by on behalf of ComCast Cable Communications, LLC, ComCast Corporate Representative #1. (Toennies, Andrew) Modified on 8/20/2012 (jaj). (Entered: 08/20/2012) |
| 08/20/2012 | 14 | RESPONSE in Opposition re 9 Emergency MOTION for Discovery *Prior to the Rule 26(f) Conference*Emergency MOTION for Discovery *Prior to the Rule 26(f) Conference*Emergency MOTION for Discovery *Prior to the Rule 26(f) Conference* filed by SBC Internet Services, Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G)(Bozarth, Troy) (Entered: 08/20/2012) |
| 08/20/2012 | 15 | ENTRY STRICKEN - MOTION to Appear Pro Hac Vice by AttorneyPaul A. Duffy $100 fee paid,receipt number 0754-1762255 |

CM/ECF - U.S. District Court:ilsd                                      Page 6 of 21
Case 3:12-cv-00889-DRH-SCW  Document 143  Filed 04/01/14  Page 28 of 43  PageID 3482
Case: 14-1682     Document: 28-15     Filed: 07/30/2014     Pages: 191

| | | |
|---|---|---|
| | | by on behalf of Lightspeed Media Corporation. (Duffy, Paul) Modified on 8/20/2012 (jaj). (Entered: 08/20/2012) |
| 08/20/2012 | 16 | NOTICE STRIKING ELECTRONICALLY FILED DOCUMENTS striking 11 Notice of Appearance filed by Lightspeed Media Corporation. See attached document for specifics (jaj) (Entered: 08/20/2012) |
| 08/20/2012 | 17 | NOTICE STRIKING ELECTRONICALLY FILED DOCUMENTS striking 13 Motion to Appear Pro Hac Vice, filed by ComCast Cable Communications, LLC, ComCast Corporate Representative #1. See attached document for specifics (jaj) (Entered: 08/20/2012) |
| 08/20/2012 | 18 | ORDER granting 12 Motion to Appear Pro Hac Vice for attorney Bart W. Hoffman on behalf of Defendants SBC Internet Services, Inc and AT&T Corporate Representative No 1 on 8/20/2012. (jaj) THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 08/20/2012) |
| 08/20/2012 | 19 | NOTICE STRIKING ELECTRONICALLY FILED DOCUMENTS striking 15 Motion to Appear Pro Hac Vice filed by Lightspeed Media Corporation. See attached document for specifics (jaj) (Entered: 08/20/2012) |
| 08/20/2012 | 20 | NOTICE of Appearance by John L. Steele on behalf of Lightspeed Media Corporation (Steele, John) (Entered: 08/20/2012) |
| 08/20/2012 | 21 | MOTION to Appear Pro Hac Vice by AttorneyPaul Hansmeier by on behalf of Lightspeed Media Corporation. (Hansmeier, Paul) (Entered: 08/20/2012) |
| 08/20/2012 | 22 | MOTION to Appear Pro Hac Vice by AttorneyJohn D. Seiver by on behalf of ComCast Cable Communications, LLC, ComCast Corporate Representative #1. (Attachments: # 1 Certificate of Good Standing)(Seiver, John) (Entered: 08/20/2012) |
| 08/20/2012 | 23 | Minute Entry for proceedings held before Judge G. Patrick Murphy: Motion Hearing held on 8/20/2012. DENYING 9 Emergency MOTION for Discovery Prior to the Rule 26(f) Conference filed by Lightspeed Media Corporation. (Court Reporter Molly Clayton.) (lmm)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 08/20/2012) |
| 08/21/2012 | 24 | ORDER granting 21 Motion to Appear Pro Hac Vice for attorney Paul Hansmeier on behalf of Plaintiff Lightspeed Media Corporation on 8/21/2012. (jaj) (Entered: 08/21/2012) |
| 08/21/2012 | 25 | ORDER granting 22 Motion to Appear Pro Hac Vice for Attorney John Seiver for Defendants ComCast Cable Communications LLC and ComCast Corporate Representative #1 on 8/21/2012. (jaj)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER |

| | | |
|---|---|---|
| | | DOCUMENTATION WILL BE MAILED. (Entered: 08/21/2012) |
| 08/29/2012 | 26 | MOTION to Dismiss for Failure to State a Claim by SBC Internet Services, Inc.. Responses due by 10/1/2012 (Bozarth, Troy) (Entered: 08/29/2012) |
| 08/29/2012 | 27 | MEMORANDUM in Support re 26 MOTION to Dismiss for Failure to State a Claim filed by SBC Internet Services, Inc.. (Bozarth, Troy) (Entered: 08/29/2012) |
| 08/29/2012 | 28 | MOTION to Dismiss *Plaintiff's First Amended Complaint* by ComCast Cable Communications, LLC, ComCast Corporate Representative #1. Responses due by 10/1/2012 (Attachments: # 1 Comcast's Memorandum of Law in Support of Its Motion to Dismiss Plaintiff's First Amended Complaint, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C)(Seiver, John) (Entered: 08/29/2012) |
| 08/30/2012 | 29 | Transcript of MOTION FOR DISCOVERY held on 08/20/2012, before Judge G. Patrick Murphy. Court Reporter Molly N. Clayton, (618)482.9226. **NOTICE: The parties have seven (7) business days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. This policy is located on our website at www.ilsd.uscourts.gov/Forms/CMECFTranscriptPolicy.pdf.** Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 9/20/2012. Redacted Transcript Deadline set for 10/1/2012. Release of Transcript Restriction set for 11/28/2012. (mnc) (Entered: 08/30/2012) |
| 09/10/2012 | 30 | MOTION to Appear Pro Hac Vice by AttorneyDaniel G. Booth $100 fee paid,receipt number 0754-1779083 by on behalf of Anthony Smith. (Booth, Daniel) (Entered: 09/10/2012) |
| 09/10/2012 | 31 | MOTION to Appear Pro Hac Vice *by Attorney Jason Sweet* by AttorneyDaniel G. Booth $100 fee paid,receipt number 0754-1779103 by on behalf of Anthony Smith. (Booth, Daniel) (Entered: 09/10/2012) |
| 09/10/2012 | 32 | NOTICE of Appearance by Daniel G. Booth on behalf of Anthony Smith (Booth, Daniel) (Entered: 09/10/2012) |
| 09/10/2012 | 33 | MOTION for Extension of Time to File Answer *or Otherwise Respond to Complaint* by Anthony Smith. (Attachments: # 1 Exhibit Summons - St. Clair County)(Booth, Daniel) (Entered: 09/10/2012) |
| 09/11/2012 | 34 | ORDER granting 33 Motion for Extension of Time to Answer. Defendant Smith shall file answer or responsive pleading on or |

CM/ECF - U.S. District Court:ilsd                                      Page 8 of 21
Case 3:12-cv-00889-DRH-SCW   Document 143   Filed 04/01/14   Page 30 of 43   PageID 3484
Case: 14-1682      Document: 28-15      Filed: 07/30/2014      Pages: 191

| | | |
|---|---|---|
| | | before 9/20/2012. Signed by Judge G. Patrick Murphy on 9/11/2012. (ktc)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 09/11/2012) |
| 09/12/2012 | 35 | ORDER granting 30 Motion to Appear Pro Hac Vice for attorney Dan Booth and granting 31 Motion to Appear Pro Hac Vice for attorney Jason Sweet, both on behalf of Defendant Anthony Smith on 9/12/2012. (jaj)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 09/12/2012) |
| 09/18/2012 | 36 | MOTION to Dismiss for Failure to State a Claim by Anthony Smith. Responses due by 10/22/2012 (Booth, Daniel) (Entered: 09/18/2012) |
| 09/18/2012 | 37 | MEMORANDUM in Support re 36 MOTION to Dismiss for Failure to State a Claim filed by Anthony Smith. (Attachments: # 1 Exhibit A)(Booth, Daniel) (Entered: 09/18/2012) |
| 09/28/2012 | 38 | CJRA TRACK B assigned: Jury Trial set for presumptive month 10/2013 in East St. Louis Courthouse before Judge G. Patrick Murphy. Signed by Judge G. Patrick Murphy on 9/28/2012. (lmm) (Entered: 09/28/2012) |
| 10/01/2012 | 39 | RESPONSE in Opposition re 28 MOTION to Dismiss *Plaintiff's First Amended Complaint* filed by Lightspeed Media Corporation. (Duffy, Paul) (Entered: 10/01/2012) |
| 10/01/2012 | 40 | MEMORANDUM in Opposition re 26 MOTION to Dismiss for Failure to State a Claim filed by Lightspeed Media Corporation. (Duffy, Paul) (Entered: 10/01/2012) |
| 10/11/2012 | 41 | NOTICE of Scheduling and Discovery Conference: Scheduling/Discovery Conference set for 10/25/2012 at 3:30 PM via Telephone Conference before Magistrate Judge Stephen C. Williams. (amv) (Entered: 10/11/2012) |
| 10/15/2012 | 42 | RESPONSE to 39 Response in Opposition to Motion *to Dismiss* filed by ComCast Cable Communications, LLC, ComCast Corporate Representative #1. (Seiver, John) (Entered: 10/15/2012) |
| 10/17/2012 | 43 | NOTICE OF ERRORS AND/OR DEFICIENCIES re 42 Response filed by ComCast Cable Communications, LLC, ComCast Corporate Representative #1. See attached document for specifics (jaj)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 10/17/2012) |
| 10/22/2012 | 44 | RESPONSE in Opposition re 36 MOTION to Dismiss for Failure to State a Claim filed by Lightspeed Media Corporation. (Duffy, Paul) (Entered: 10/22/2012) |
| 10/22/2012 | 45 | ENTRY STRICKEN - NOTICE by Lightspeed Media Corporation *Joint Report Of The Parties And Proposed Scheduling And Discovery Order* (Duffy, Paul) Modified on 10/23/2012 (jaj). |

CM/ECF - U.S. District Court:ilsd                                   Page 9 of 21
Case 3:12-cv-00889-DRH-SCW  Document 143  Filed 04/01/14  Page 31 of 43  PageID 3485
Case: 14-1682      Document: 28-15      Filed: 07/30/2014      Pages: 191

|  |  |  | (Entered: 10/22/2012) |
|---|---|---|---|
| 10/23/2012 |  | 46 | NOTICE STRIKING ELECTRONICALLY FILED DOCUMENTS striking 45 Notice (Other) filed by Lightspeed Media Corporation. Joint Report of Parties are to be e-mailed to the appropriate Judge's in box, not filed on the docket. Entry stricken, document deleted this date by Clerk's Office Staff. Per chambers, a copy was e-mailed and received 10/22/2012. No further action required at this time. (jaj) THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 10/23/2012) |
| 10/24/2012 |  | 47 | MOTION to Defer Discovery Pending Ruling on Defendants' Outstanding 26 28 36 Motions to Dismiss by ComCast Cable Communications, LLC, ComCast Corporate Representative #1, SBC Internet Services, Inc., Anthony Smith. (Bozarth, Troy) Modified on 10/25/2012 (drb). (Entered: 10/24/2012) |
| 10/25/2012 |  | 48 | NOTICE OF ERRORS AND/OR DEFICIENCIES re 47 Motion for Miscellaneous Relief, filed by ComCast Cable Communications, LLC, Anthony Smith, SBC Internet Services, Inc., ComCast Corporate Representative #1. At time of filing, Document 47 should have been linked to the various pending motions referenced. Clerk has linked entry to pending motions to dismiss and edited the docket text to reflect Motion to Dismiss instead of Motion to Stay as referenced in initial docket text. NO ACTION REQUIRED -- THIS NOTICE IS FOR INFORMATIONAL PURPOSES ONLY.(drb) (Entered: 10/25/2012) |
| 10/26/2012 |  | 49 | Minute Entry for Telephonic Scheduling & Discovery Conference held before Magistrate Judge Stephen C. Williams on 10/25/2012. Appearing for Plaintiff: Paul Hansmeier, Kevin Hoerner, and John Steele; for Defendant Smith: Daniel Booth; for AT&T Defendants: Troy Bozarth and Bart Huffman; for ComCast Defendants: John Seiver and Andy Toennies. The court set a truncated briefing schedule for the motion to defer discovery (which is really a motion to stay) filed by Defendants. Plaintiff's response to the motion to stay (Doc. 47) shall number 10 pages or less and shall be due on or before 10/31/2012. Defendants' reply brief shall number 5 pages or less and shall be due on or before 11/5/2012. The case is RESET for another Telephonic Scheduling / Discovery Conference (and if necessary any argument on the motion to stay) before Magistrate Judge Williams on **11/7/2012 at 03:00 PM**. (Court Reporter n/a.) (jls)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 10/26/2012) |
| 10/29/2012 |  |  | Set/Reset Deadlines as to 47 MOTION Motion to Defer Discovery Pending Ruling on Defendants' Outstanding Motions to Stay. Responses due by 10/31/2012 Replies due by 11/5/2012. (jaj) (Entered: 10/29/2012) |

| | | |
|---|---|---|
| 10/31/2012 | 50 | RESPONSE in Opposition re 47 MOTION Motion to Defer Discovery Pending Ruling on Defendants' Outstanding Motions to Stay filed by Lightspeed Media Corporation. (Hansmeier, Paul) (Entered: 10/31/2012) |
| 11/02/2012 | 51 | REPLY to Response to Motion re 36 MOTION to Dismiss for Failure to State a Claim filed by Anthony Smith. (Sweet, Jason) (Entered: 11/02/2012) |
| 11/05/2012 | 52 | REPLY to Response to Motion re 47 MOTION Motion to Defer Discovery Pending Ruling on Defendants' Outstanding Motions to Stay filed by ComCast Cable Communications, LLC, ComCast Corporate Representative #1, SBC Internet Services, Inc., Anthony Smith. (Bozarth, Troy) (Entered: 11/05/2012) |
| 11/07/2012 | 53 | ORDER. The Motion to Stay Discovery (Doc. 47 ) is **GRANTED.** Discovery in this case is STAYED pending resolution of the motions to dismiss (Docs. 26, 28, 36). After the motions have been resolved, the Court will set a new scheduling conference to address the scheduling and conduct of discovery. Signed by Magistrate Judge Stephen C. Williams on 11/7/2012. (jls)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 11/07/2012) |
| 11/07/2012 | 54 | NOTICE OF CANCELLATION of Hearing: today's telephonic scheduling/discovery conference is terminated.(jls)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 11/07/2012) |
| 11/14/2012 | 55 | MOTION to Withdraw as Attorney by Lightspeed Media Corporation. (Hansmeier, Paul) (Entered: 11/14/2012) |
| 11/15/2012 | 56 | ORDER granting 55 Motion to Withdraw. Attorney Paul Hansmeier has moved to withdraw from the case as counsel for Plaintiff, which is represented by multiple other counsel. The motion is GRANTED; Attorney Hansmeier is TERMINATED from the case. Signed by Magistrate Judge Stephen C. Williams on 11/15/2012. (jls)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 11/15/2012) |
| 03/06/2013 | 57 | MOTION to Withdraw as Attorney by Lightspeed Media Corporation. (Steele, John) (Entered: 03/06/2013) |
| 03/07/2013 | 58 | ORDER granting 57 Motion to Withdraw. As Plaintiff is represented by other counsel, the Court GRANTS the motion to withdraw. *See* **SDIL-LR 83.1(g).** Attorney John L. Steele is hereby terminated from the case. Signed by Magistrate Judge Stephen C. Williams on 3/7/2013. (jls)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 03/07/2013) |
| 03/21/2013 | 59 | NOTICE of Voluntary Dismissal by Lightspeed Media Corporation (Duffy, Paul) (Entered: 03/21/2013) |

CM/ECF - U.S. District Court:ilsd                                    Page 11 of 21
Case 3:12-cv-00889-DRH-SCW  Document 143  Filed 04/01/14  Page 33 of 43  PageID 3487
        Case: 14-1682       Document: 28-15       Filed: 07/30/2014       Pages: 191

| 03/22/2013 | 60 | ORDER re 59 Notice of Voluntary Dismissal filed by Lightspeed Media Corporation. Under Federal Rule of Civil Procedure 41(a)(1)(A)(i), a Notice of Dismissal filed before Defendants have filed their answers or motions for summary judgment does not require judicial approval and is effective immediately. This is the case here. The motions to dismiss are terminated without prejudice as moot pursuant to Plaintiff's voluntary dismissal. This action is DISMISSED without prejudice and shall be closed on the docket.. Signed by Judge G. Patrick Murphy on 3/22/2013. (ktc)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 03/22/2013) |
| 04/05/2013 | 61 | MOTION for Attorney Fees by Anthony Smith. (Attachments: # 1 Exhibit Smith Declaration, # 2 Exhibit Guava Hearing Transcript, # 3 Exhibit Ingenuity 13 Order to Show Cause, # 4 Exhibit Sunlust Hearing Transcript, # 5 Exhibit Ingenuity 13 Verified Petition, # 6 Exhibit AF Holdings Complaint & Assignment, # 7 Exhibit Forbes Article)(Booth, Daniel) (Entered: 04/05/2013) |
| 04/08/2013 | 62 | NOTICE OF ERRORS AND/OR DEFICIENCIES re 61 Motion for Attorney Fees, filed by Anthony Smith. See attached document for specifics (tkm ) (Entered: 04/08/2013) |
| 04/19/2013 | 63 | RESPONSE in Opposition re 61 MOTION for Attorney Fees filed by Lightspeed Media Corporation. (Duffy, Paul) (Entered: 04/19/2013) |
| 05/01/2013 | 64 | REPLY to Response to Motion re 61 MOTION for Attorney Fees filed by Anthony Smith. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit, # 9 Exhibit, # 10 Exhibit, # 11 Exhibit)(Booth, Daniel) (Entered: 05/01/2013) |
| 10/30/2013 | 65 | ORDER granting 61 Motion for Attorney Fees. Defendant shall file itemization of fees on or before 11/8/2013. Signed by Judge G. Patrick Murphy on 10/30/2013. (ktc) (Entered: 10/30/2013) |
| 10/31/2013 | 66 | MOTION to Vacate 65 Order on Motion for Attorney Fees , MOTION for Reconsideration re 65 Order on Motion for Attorney Fees by Paul Hansmeier. (Hansmeier, Paul) (Entered: 10/31/2013) |
| 10/31/2013 | 67 | MEMORANDUM in Support re 66 MOTION to Vacate 65 Order on Motion for Attorney Fees MOTION for Reconsideration re 65 Order on Motion for Attorney Fees filed by Paul Hansmeier. (Attachments: # 1 Exhibit Declaration of Paul Hansmeier)(Hansmeier, Paul) (Entered: 10/31/2013) |
| 11/04/2013 | 68 | MOTION for Reconsideration re 65 Order on Motion for Attorney Fees , MOTION to Vacate by John Steele. (Attachments: # 1 Exhibit, # 2 Supplement)(Steele, John) (Entered: 11/04/2013) |
| 11/04/2013 | 69 | MEMORANDUM in Support re 68 MOTION for Reconsideration re 65 Order on Motion for Attorney Fees MOTION to Vacate filed |

CM/ECF - U.S. District Court:ilsd                                    Page 12 of 21
Case 3:12-cv-00889-DRH-SCW   Document 143   Filed 04/01/14   Page 34 of 43   PageID 3488
Case: 14-1682        Document: 28-15        Filed: 07/30/2014        Pages: 191

| | | |
|---|---|---|
| | | by John Steele. (Attachments: # 1 Exhibit)(Steele, John) (Entered: 11/04/2013) |
| 11/05/2013 | 70 | NOTICE of Hearing on 66 MOTION to Vacate 65 Order on Motion for Attorney Fees/MOTION for Reconsideration re 65 Order on Motion for Attorney Fees, and 68 MOTION for Reconsideration re 65 Order on Motion for Attorney Fees/MOTION to Vacate: Motion Hearing SET for 11/13/2013 at 10:00 AM in East St. Louis Courthouse before Judge G. Patrick Murphy. (lmm)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 11/05/2013) |
| 11/06/2013 | 71 | MOTION to Withdraw as Attorney by Lightspeed Media Corporation. (Hoerner, Kevin) (Entered: 11/06/2013) |
| 11/06/2013 | 72 | ORDER: GRANTING 71 MOTION to Withdraw as Attorney filed by Lightspeed Media Corporation. Attorney Kevin T. Hoerner was local counsel not implicated in the Order at Doc. 65. Kevin Hoermer is terminated in case. Signed by Judge G. Patrick Murphy on 11/6/2013. (lmm)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 11/06/2013) |
| 11/06/2013 | 73 | MOTION to Continue by John Steele. (Steele, John) (Entered: 11/06/2013) |
| 11/07/2013 | 74 | MOTION to Vacate 65 Order on Motion for Attorney Fees by Lightspeed Media Corporation. (Duffy, Paul) (Entered: 11/07/2013) |
| 11/07/2013 | 75 | MEMORANDUM in Support re 74 MOTION to Vacate 65 Order on Motion for Attorney Fees filed by Paul Duffy. (Attachments: # 1 Exhibit Declaration)(Duffy, Paul) (Entered: 11/07/2013) |
| 11/07/2013 | 76 | ORDER: DENYING 73 MOTION to Continue filed by John Steele. The hearing will go forward on 11/13/2013 at 10:00 AM in East St. Louis Courthouse. Signed by Judge G. Patrick Murphy on 11/7/2013. (lmm)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 11/07/2013) |
| 11/08/2013 | 77 | NOTICE of Hearing on 74 MOTION to Vacate 65 Order on Motion for Attorney Fees: Motion Hearing SET for 11/13/2013 at 10:00 AM in East St. Louis Courthouse before Judge G. Patrick Murphy, along with the other pending motions previously set for oral arguments at that time. (lmm)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 11/08/2013) |
| 11/08/2013 | 78 | MOTION for Attorney Fees by ComCast Cable Communications, LLC, ComCast Corporate Representative #1. (Toennies, Andrew) (Entered: 11/08/2013) |
| 11/08/2013 | 79 | NOTICE by ComCast Cable Communications, LLC, ComCast |

CM/ECF - U.S. District Court:ilsd                                    Page 13 of 21
Case 3:12-cv-00889-DRH-SCW  Document 143  Filed 04/01/14  Page 35 of 43  PageID 3489
Case: 14-1682    Document: 28-15    Filed: 07/30/2014    Pages: 191

| | | |
|---|---|---|
| | | Corporate Representative #1 re 78 MOTION for Attorney Fees *Notice of Hearing for Defendant Comcast Cable's Motion for Attorney's Fees* (Toennies, Andrew) (Entered: 11/08/2013) |
| 11/08/2013 | 80 | NOTICE of Hearing on 78 MOTION for Attorney Fees: Motion Hearing SET for 11/13/2013 at 10:00 AM in East St. Louis Courthouse before Judge G. Patrick Murphy, along with the other pending motions previously set for oral arguments at that time. (lmm)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 11/08/2013) |
| 11/08/2013 | 81 | STRICKEN PURSUANT TO DOCUMENT 89 - RESPONSE in Opposition re 66 MOTION to Vacate 65 Order on Motion for Attorney Fees MOTION for Reconsideration re 65 Order on Motion for Attorney Fees , 74 MOTION to Vacate 65 Order on Motion for Attorney Fees , 68 MOTION for Reconsideration re 65 Order on Motion for Attorney Fees MOTION to Vacate filed by Anthony Smith. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F)(Booth, Daniel) Modified on 11/12/2013 (kek, ) (Entered: 11/08/2013) |
| 11/08/2013 | 82 | MOTION for Attorney Fees by SBC Internet Services, Inc.. (Attachments: # 1 Exhibit 1)(Bozarth, Troy) (Entered: 11/08/2013) |
| 11/08/2013 | 83 | NOTICE by SBC Internet Services, Inc. re 82 MOTION for Attorney Fees *, Notice of Hearing* (Bozarth, Troy) (Entered: 11/08/2013) |
| 11/08/2013 | 84 | STRICKEN PURSUANT TO DOCUMENT 89 - MOTION for Attorney Fees *Supplemental Itemization* by Anthony Smith. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Affidavit, # 6 Affidavit)(Booth, Daniel) Modified on 11/12/2013 (kek, ) (Entered: 11/08/2013) |
| 11/08/2013 | 85 | STRICKEN PURSUANT TO DOCUMENT 89 - NOTICE by Anthony Smith re 84 MOTION for Attorney Fees *Supplemental Itemization Notice of Hearing* (Booth, Daniel) Modified on 11/12/2013 (kek, ). (Entered: 11/08/2013) |
| 11/10/2013 | 86 | RESPONSE in Opposition re 82 MOTION for Attorney Fees , 78 MOTION for Attorney Fees filed by Paul Hansmeier. (Hansmeier, Paul) (Entered: 11/10/2013) |
| 11/10/2013 | 87 | NOTICE by Paul Hansmeier re 85 Notice (Other) (Hansmeier, Paul) (Entered: 11/10/2013) |
| 11/11/2013 | 88 | MEMORANDUM in Opposition re 82 MOTION for Attorney Fees , 78 MOTION for Attorney Fees filed by John Steele. (Attachments: # 1 Exhibit, # 2 Exhibit)(Steele, John) (Entered: 11/11/2013) |
| 11/12/2013 | 89 | NOTICE STRIKING ELECTRONICALLY FILED DOCUMENTS striking 81 Response in Opposition to Motion filed by Anthony |

|            |     |                                                                                                                                                                                                                                                                                                                                                                                                       |
|------------|-----|---------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|            |     | Smith, 84 Motion for Attorney Fees filed by Anthony Smith, 85 Notice (Other) filed by Anthony Smith. See attached document for specifics (kek) (Entered: 11/12/2013)                                                                                                                                                                                                                                   |
| 11/12/2013 | 90  | Supplemental Itemization of Fees re 61 by Anthony Smith. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Affidavit, # 6 Affidavit)(Booth, Daniel) Modified on 11/25/2013 (trb). (Entered: 11/12/2013)                                                                                                                                                                             |
| 11/12/2013 | 91  | NOTICE by Anthony Smith re 90 MOTION for Attorney Fees *Supplemental Itemization Notice of Hearing* (Booth, Daniel) (Entered: 11/12/2013)                                                                                                                                                                                                                                                              |
| 11/12/2013 | 92  | RESPONSE in Opposition re 66 MOTION to Vacate 65 Order on Motion for Attorney Fees MOTION for Reconsideration re 65 Order on Motion for Attorney Fees , 74 MOTION to Vacate 65 Order on Motion for Attorney Fees , 68 MOTION for Reconsideration re 65 Order on Motion for Attorney Fees MOTION to Vacate filed by Anthony Smith. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit)(Booth, Daniel) (Entered: 11/12/2013) |
| 11/12/2013 | 93  | REPLY to Response to Motion re 82 MOTION for Attorney Fees , 78 MOTION for Attorney Fees filed by Anthony Smith. (Booth, Daniel) (Entered: 11/12/2013)                                                                                                                                                                                                                                                 |
| 11/12/2013 | 94  | NOTICE of Hearing on 82 MOTION for Attorney Fees, 90 MOTION for Attorney Fees/Supplemental Itemization: Motion Hearing SET for 11/13/2013 at 10:00 AM in East St. Louis Courthouse before Judge G. Patrick Murphy, along with the other pending motions previously set for oral arguments at that time. (lmm)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 11/12/2013) |
| 11/13/2013 | 95  | ORDER re law clerk conflict. Signed by Judge G. Patrick Murphy on 11/13/13. (lmm) (Entered: 11/13/2013)                                                                                                                                                                                                                                                                                                |
| 11/13/2013 | 96  | Minute Entry for proceedings held before Judge G. Patrick Murphy: Motion Hearing held on 11/13/2013. Motions Taken Under Advisement: 66 MOTION to Vacate 65 Order on Motion for Attorney Fees/MOTION for Reconsideration re 65 Order on Motion for Attorney Fees, 74 MOTION to Vacate 65 Order on Motion for Attorney Fees, 82 MOTION for Attorney Fees, 68 MOTION for Reconsideration re 65 Order on Motion for Attorney Fees/MOTION to Vacate, 90 MOTION for Attorney Fees *Supplemental Itemization, 78 MOTION for Attorney Fees. (Court Reporter Molly Clayton.) (lmm)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 11/13/2013)* |
| 11/15/2013 | 97  | Supplemental Itemization of Fees re 82 by SBC Internet Services, Inc. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Bozarth, Troy)                                                                                                                                                                                                                                                                       |

CM/ECF - U.S. District Court:ilsd                                    Page 15 of 21
Case 3:12-cv-00889-DRH-SCW  Document 143  Filed 04/01/14  Page 37 of 43  PageID 3491
          Case: 14-1682      Document: 28-15      Filed: 07/30/2014      Pages: 191

|            |       | Modified on 11/25/2013 (trb). (Entered: 11/15/2013) |
|------------|-------|------------------------------------------------------|
| 11/22/2013 | 98    | Supplemental Itemization of Fees re 78 by Defendant Comcast's, ComCast Cable Communications, LLC, ComCast Corporate Representative #1. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2) (Toennies, Andrew) Modified on 11/25/2013 (trb). (Entered: 11/22/2013) |
| 11/25/2013 | 99    | ORDER: This matter is before the Court for the purposes of docket control. In the future, any and all itemizations of fees should be filed as a supplement to the respective motion for attorney fees. Accordingly, 97 MOTION for Attorney Fees Supplemental Itemization filed by SBC Internet Services, Inc. and 90 MOTION for Attorney Fees Supplemental Itemization filed by Anthony Smith are terminated as pending motions. The Clerk of Court is DIRECTED to modify the docket text to reflect that 90 is a Supplemental Itemization of Fees linked to 61 MOTION for Attorney Fees filed by Anthony Smith; 97 is a Supplemental Itemization of Fees linked to 82 MOTION for Attorney Fees filed by SBC Internet Services, Inc.; and 98 is a Supplemental Itemization of Fees linked to 78 MOTION for Attorney Fees filed by ComCast Cable Communications, LLC. Signed by Judge G. Patrick Murphy on 11/25/13. (klh2) THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 11/25/2013) |
| 11/27/2013 | 100   | ORDER DENYING 66 Motion to Vacate/for Reconsideration by Paul Hansmeier; DENYING 68 Motion to Vacate/for Reconsideration by John Steele; DENYING 74 Motion to Vacatefiled by Paul Duffy; GRANTING 78 Motion for Attorney Fees by ComCast Cable Communications, LLC; GRANTING 82 Motion for Attorney Fees by SBC Internet Services, Inc. It is ORDERED that pursuant to 28 U.S.C § 1927, Paul Duffy, Paul Hansmeier, and John Steele are jointly and severally liable, and shall pay within 14 days of this order, attorney fees and costs to Defendant Anthony Smith in the amount of $72,367.00, to AT&T in the amount of $119,637.05, and to ComCast in the amount of $69,021.26 for a total judgment of $261,025.11, with interest as provided by law. Signed by Judge G. Patrick Murphy on 11/27/13. (klh2) (Entered: 11/27/2013) |
| 12/10/2013 | 101   | Transcript of ALL PENDING MOTIONS held on 11/13/2013, before Judge G. Patrick Murphy. Court Reporter Molly Clayton, Telephone number 618.482.9226.<br><br>**NOTICE: Attorneys and unrepresented parties have 7 calendar days to file a Notice of Intent to Request Redaction of this transcript and 21 calendar days to file a Redaction Request. If redactions are not requested, the transcript will be made remotely available to the public without redaction after 90 calendar days. See the full Transcript Policy on the website at http://www.ilsd.uscourts.gov/forms/TransPolicy.pdf** |

|  |  | Transcript may be viewed at the public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 12/31/2013. Redacted Transcript Deadline set for 1/10/2014. Release of Transcript Restriction set for 3/10/2014. (mnc) (Entered: 12/10/2013) |
|---|---|---|
| 12/12/2013 | 102 | NOTICE OF APPEAL as to 100 Order on Motion to Vacate, Order on Motion for Reconsideration,,,, Order on Motion for Attorney Fees,,,,,,,,,,,,,,,,,,,,, 65 Order on Motion for Attorney Fees by Paul Duffy, Paul Hansmeier, John Steele. Filing fee $ 505, receipt number 0754-2145266. (Hansmeier, Paul) (Entered: 12/12/2013) |
| 12/16/2013 | 103 | Transmission of Short Record to US Court of Appeals re 102 Notice of Appeal (lmb) (Entered: 12/16/2013) |
| 12/16/2013 | 104 | Rule 10 Letter. Appeal Record due to be prepared by 12/26/2013. (lmb) (Entered: 12/16/2013) |
| 12/18/2013 | 105 | USCA Case Number 13-3801 for 102 Notice of Appeal, filed by Paul Hansmeier, John Steele, Paul Duffy. (Attachments: # 1 Notice of Docketing)(cds) (Entered: 12/18/2013) |
| 12/26/2013 | 106 | DESIGNATION of Record on Appeal by Paul Duffy, Paul Hansmeier, John Steele re 102 Notice of Appeal, (Hansmeier, Paul) (Entered: 12/26/2013) |
| 12/27/2013 | 107 | Joint MOTION for Contempt *, or in the Alternative, for an Order to Plaintiffs' Counsel to Show Cause Why They Each Should Not be Held in Contempt* by ComCast Cable Communications, LLC, ComCast Corporate Representative #1, SBC Internet Services, Inc., Anthony Smith. (Seiver, John) (Entered: 12/27/2013) |
| 12/30/2013 |  | Chief Judge David R. Herndon added. Judge G. Patrick Murphy no longer assigned to case. (lmt) (Entered: 12/30/2013) |
| 12/30/2013 | 108 | TRANSCRIPT INFORMATION SHEET by Attorney/Pro Se Party (Hansmeier, Paul) (Entered: 12/30/2013) |
| 01/06/2014 | 109 | TRANSCRIPT INFORMATION SHEET by Court Reporter (mnc) (Entered: 01/06/2014) |
| 01/14/2014 | 110 | Joint MOTION to Supplement *the Record on Appeal* by ComCast Cable Communications, LLC, ComCast Corporate Representative #1, SBC Internet Services, Inc., Anthony Smith. (Booth, Daniel) (Entered: 01/14/2014) |
| 01/28/2014 | 111 | RESPONSE in Opposition re 107 Joint MOTION for Contempt *, or in the Alternative, for an Order to Plaintiffs' Counsel to Show Cause Why They Each Should Not be Held in Contempt* filed by Paul Duffy. (Duffy, Paul) (Entered: 01/28/2014) |
| 01/29/2014 | 112 | ORDER re 107 Joint MOTION for Contempt *, or in the Alternative, for an Order to Plaintiffs' Counsel to Show Cause Why They Each* |

| | | |
|---|---|---|
| | | *Should Not be Held in Contempt* filed by ComCast Cable Communications, LLC, Anthony Smith, SBC Internet Services, Inc., ComCast Corporate Representative #1. The defendants are DIRECTED to file a reply to 111 RESPONSE in Opposition filed by Paul Duffy on or before 2/6/2014. Further this matter is set for a Show Cause Hearing on 2/13/2014 at 09:00 AM in East St. Louis Courthouse before Chief Judge David R. Herndon. Signed by Chief Judge David R. Herndon on 1/29/2014. (kbl, )THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 01/29/2014) |
| 01/29/2014 | 113 | MEMORANDUM in Opposition re 107 Joint MOTION for Contempt *, or in the Alternative, for an Order to Plaintiffs' Counsel to Show Cause Why They Each Should Not be Held in Contempt* filed by Paul Hansmeier. (Attachments: # 1 Affidavit)(Hansmeier, Paul) (Entered: 01/29/2014) |
| 01/29/2014 | 114 | MOTION to Stay *November 27, 2013 Order* by John Steele. (Steele, John) (Entered: 01/29/2014) |
| 01/29/2014 | 115 | MEMORANDUM in Support re 114 MOTION to Stay *November 27, 2013 Order* filed by John Steele. (Steele, John) (Entered: 01/29/2014) |
| 01/30/2014 | 116 | MOTION to Quash *Subpoenas Issued by Anthony Smith in Violation of the Court's Stay* by Paul Duffy, Paul Hansmeier, John Steele. (Attachments: # 1 Affidavit)(Hansmeier, Paul) (Entered: 01/30/2014) |
| 01/30/2014 | 117 | ORDER re 107 Joint MOTION for Contempt *, or in the Alternative, for an Order to Plaintiffs' Counsel to Show Cause Why They Each Should Not be Held in Contempt* filed by ComCast Cable Communications, LLC, Anthony Smith, SBC Internet Services, Inc., ComCast Corporate Representative #1. Defendants are DIRECTED to file a reply to 113 Memorandum in Opposition to Motion filed by Paul Hansmeier on or before 2/6/2014. Signed by Chief Judge David R. Herndon on 1/30/2014. (kbl)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 01/30/2014) |
| 01/30/2014 | 118 | NOTICE re 112 Order. Parties may appear by phone for the Show Cause Hearing on 2/13/2014 at 9:00 AM. Call-in information: Toll Free Meeting Number (888) 684-8852, Access Code 6128101, Participant Security Code 2587. (slj) THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 01/30/2014) |
| 02/06/2014 | 119 | REPLY to Response to Motion re 107 Joint MOTION for Contempt *, or in the Alternative, for an Order to Plaintiffs' Counsel to Show Cause Why They Each Should Not be Held in Contempt* filed by ComCast Cable Communications, LLC, ComCast Corporate Representative #1, SBC Internet Services, Inc., Anthony Smith. |

| | | |
|---|---|---|
| | | (Seiver, John) (Entered: 02/06/2014) |
| 02/11/2014 | 120 | MOTION for Leave to File *Surreply to the Defendants Joint Reply to Oppositions of Paul Duffy and Paul Hansmeier to Motion for Contempt, or in the Alternative, for an Order to Plaintiffs Counsel to Show Cause Why They Should Not be Held in Contempt* by Paul Hansmeier. (Attachments: # 1 Exhibit Proposed Surreply-Deleted pursuant to NOE at Document 122) (Hansmeier, Paul) Modified on 2/12/2014 (kek). (Entered: 02/11/2014) |
| 02/11/2014 | 121 | ORDER denying 120 Motion for Leave to File Surreply to the Defendants Joint Reply to Oppositions of Paul Duffy and Paul Hansmeier to Motion for Contempt, or in the Alternative, for an Order to Plaintiffs' Counsel to Show Cause Why They Should Not be Held in Contempt by Paul Hansmeier. Pursuant to Local Rule 7.1 (c), "Under no circumstances will sur-reply briefs be accepted." Signed by Chief Judge David R. Herndon on 2/11/2014. (kbl)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 02/11/2014) |
| 02/12/2014 | 122 | NOTICE OF ERRORS AND/OR DEFICIENCIES re 120 Motion for Leave to File, filed by Paul Hansmeier. See attached document for specifics (kek) (Entered: 02/12/2014) |
| 02/13/2014 | 123 | Minute Entry for proceedings held before Chief Judge David R. Herndon: Show Cause Hearing re: 107 Joint Motion for Contempt held on 2/13/2014. Motion taken under advisement. Mr. Steele, Mr. Hansmeier and Mr. Duffy shall submit asset statements prepared by a certified public accountant on or before 2/24/2014. MOTION to Stay November 27, 2013 Order 114 filed by John Steele is denied. (Court Reporter Laura Blatz.) (slj) (Entered: 02/13/2014) |
| 02/16/2014 | 124 | RESPONSE in Opposition re 116 MOTION to Quash *Subpoenas Issued by Anthony Smith in Violation of the Court's Stay* filed by Anthony Smith. (Sweet, Jason) (Entered: 02/16/2014) |
| 02/19/2014 | 125 | ORDER denying 116 Motion to Quash. Signed by Chief Judge David R. Herndon on 2/19/2014. (kbl) (Entered: 02/19/2014) |
| 02/19/2014 | 126 | ORDER granting 110 Joint MOTION to Supplement the Record on Appeal by ComCast Cable Communications, LLC, ComCast Corporate Representative #1, SBC Internet Services, Inc., Anthony Smith. Appellants Paul Duffy, Paul Hansmeier, and John Steele have not responded. The Court deems appellants' failure to respond as an admission of the merits of defendants' motion. See SDIL-LR 7.1(c). Therefore, the Court GRANTS defendants' motion and DIRECTS the Clerk of the Court to supplement the record on appeal accordingly. Signed by Chief Judge David R. Herndon on 2/19/2014. (kbl)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 02/19/2014) |
| 02/28/2014 | 🔒 127 | ENTRY STRICKEN - Transcript of SHOW CAUSE HEARING |

CM/ECF - U.S. District Court:ilsd                                     Page 19 of 21
Case 3:12-cv-00889-DRH-SCW   Document 143   Filed 04/01/14   Page 41 of 43   PageID 3495
Case: 14-1682      Document: 28-15      Filed: 07/30/2014      Pages: 191

| | | | |
|---|---|---|---|
| | | | held on 2/13/2014, before Judge David R. Herndon. Court Reporter/Transcriber Laura A. Blatz, Telephone number (618) 482-9481.<br><br>**NOTICE: Attorneys and unrepresented parties have 7 calendar days to file a Notice of Intent to Request Redaction of this transcript and 21 calendar days to file a Redaction Request. If redactions are not requested, the transcript will be made remotely available to the public without redaction after 90 calendar days. See the full Transcript Policy on the website at http://www.ilsd.uscourts.gov/forms/TransPolicy.pdf**<br><br>Transcript may be viewed at the public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 3/21/2014. Redacted Transcript Deadline set for 3/31/2014. Release of Transcript Restriction set for 5/29/2014. (lb) Modified on 3/3/2014 (jaj). (Entered: 02/28/2014) |
| 03/03/2014 | 🔒 | 128 | Transcript of SHOW CAUSE HEARING held on 2/13/2014, before Judge David R. Herndon. Court Reporter/Transcriber Laura A. Blatz, Telephone number (618) 482-9481.<br><br>**NOTICE: Attorneys and unrepresented parties have 7 calendar days to file a Notice of Intent to Request Redaction of this transcript and 21 calendar days to file a Redaction Request. If redactions are not requested, the transcript will be made remotely available to the public without redaction after 90 calendar days. See the full Transcript Policy on the website at http://www.ilsd.uscourts.gov/forms/TransPolicy.pdf**<br><br>Transcript may be viewed at the public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 3/24/2014. Redacted Transcript Deadline set for 4/3/2014. Release of Transcript Restriction set for 6/2/2014. (lb) (Entered: 03/03/2014) |
| 03/03/2014 | | 129 | NOTICE STRIKING ELECTRONICALLY FILED DOCUMENTS striking 127 Transcript. Transcript not signed or "s/" by court reporter. Document to be executed and refiled by court reporter this date.(jaj)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 03/03/2014) |
| 03/04/2014 | | 130 | Request from USCA to transmit Record on Appeal re 102 Notice of Appeal, (drb) (Entered: 03/04/2014) |
| 03/04/2014 | | | Record on Appeal Prepared re 102 Notice of Appeal (drb) (Entered: 03/04/2014) |

CM/ECF - U.S. District Court:ilsd                                    Page 20 of 21
Case 3:12-cv-00889-DRH-SCW  Document 143  Filed 04/01/14  Page 42 of 43  PageID 3496
Case: 14-1682        Document: 28-15        Filed: 07/30/2014        Pages: 191

| 03/04/2014 | | 131 | Certified and Transmitted Record on Appeal to US Court of Appeals re 102 Notice of Appeal. (drb) (Entered: 03/04/2014) |
|---|---|---|---|
| 03/07/2014 | | 132 | Acknowledgment of receipt of Record on Appeal by USCA 7 re 102 Notice of Appeal (lmb) (Entered: 03/11/2014) |
| 03/07/2014 | | 133 | Acknowledgment of receipt of transcripts in Record on Appeal by USCA 7 re 102 Notice of Appeal (lmb) (Entered: 03/11/2014) |
| 03/20/2014 | | 134 | NOTICE by Anthony Smith (Sweet, Jason) (Entered: 03/20/2014) |
| 03/20/2014 | 🔒 | 135 | SEALED MOTION *for Contempt* by Anthony Smith. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N, # 15 Exhibit O, # 16 Exhibit P, # 17 Exhibit Q, # 18 Exhibit R, # 19 Exhibit S, # 20 Exhibit T, # 21 Exhibit U, # 22 Exhibit V, # 23 Exhibit W, # 24 Exhibit X, # 25 Exhibit Y, # 26 Affidavit Z, # 27 Exhibit AA, # 28 Exhibit BB, # 29 Exhibit CC, # 30 Exhibit DD, # 31 Exhibit EE)(Sweet, Jason) Modified on 3/24/2014 (myz ). (Entered: 03/20/2014) |
| 03/24/2014 | | 136 | ORDER granting 107 Motion for Contempt. See Order for details. Signed by Chief Judge David R. Herndon on 03/24/2014. (kbl) (Entered: 03/24/2014) |
| 03/24/2014 | | 137 | ORDER re (135) EX PARTE MOTION *for Contempt* filed by Anthony Smith. The Clerk of the Court is DIRECTED to modify the restriction level on this document. It is to be released to the parties but to remain sealed from the public. The Clerk of the Court is also DIRECTED to send notice to plaintiff's counsel of the pending motion. Finally, defendant Smith is DIRECTED to provide a copy of the motion to plaintiff's counsel. Pursuant to the Court's Order on Motion for Contempt 136 , plaintiff's counsel is ORDERED to respond to the motion on or before 4/20/2014. Signed by Chief Judge David R. Herndon on 03/24/2014. (kbl)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 03/24/2014) |
| 03/26/2014 | | 138 | Emergency MOTION for Reconsideration re 136 Order on Motion for Contempt by Paul Hansmeier. (Hansmeier, Paul) (Entered: 03/26/2014) |
| 03/26/2014 | | 139 | MEMORANDUM in Support re 138 Emergency MOTION for Reconsideration re 136 Order on Motion for Contempt filed by Paul Hansmeier. (Hansmeier, Paul) (Entered: 03/26/2014) |
| 03/31/2014 | | 140 | NOTICE OF APPEAL as to 136 Order on Motion for Contempt by Paul Duffy, Paul Hansmeier, John Steele. (Hansmeier, Paul) (Entered: 03/31/2014) |
| 03/31/2014 | | 141 | MOTION to Stay re 136 Order on Motion for Contempt by Paul Duffy, Paul Hansmeier, John Steele. (Attachments: # 1 Exhibit |

CM/ECF - U.S. District Court:ilsd                                    Page 21 of 21
Case 3:12-cv-00889-DRH-SCW  Document 143  Filed 04/01/14  Page 43 of 43  PageID 3497
              Case: 14-1682    Document: 28-15    Filed: 07/30/2014    Pages: 191

| | | |
|---|---|---|
| | | Proposed Form of Supersedeas Bond)(Hansmeier, Paul) (Entered: 03/31/2014) |
| 04/01/2014 | <u>142</u> | NOTICE OF ERRORS AND/OR DEFICIENCIES re <u>141</u> Motion to Stay filed by Paul Hansmeier, John Steele, Paul Duffy. See attached document for specifics (cekf) (Entered: 04/01/2014) |



# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS

**NANCY J. ROSENSTENGEL**
**CLERK OF COURT**

**TEL: 618.482.9371**
**FAX: 618.482.9383**

**OFFICE OF THE CLERK**
**750 MISSOURI AVENUE**
**EAST ST. LOUIS, ILLINOIS 62201**

## NOTICE OF THE FILING OF A NOTICE OF APPEAL

Re:   *Lightspeed Media Corporation v. Smith et al*
      12-889-DRH-SCW

The attached copy of the notice of appeal is being sent to all parties pursuant to Federal Rule of Appellate Procedure 3(d). The record on this appeal is due to be prepared on or before April 15, 2014.

You should consult the Federal Rules of Appellate Procedure and the Circuit Rules of the United States Court of Appeals for the Seventh Circuit concerning the record on appeal, the appeal fee, the docketing statement, and other procedural requirements for perfecting the appeal.

Circuit Rule 10(a) provides that the entire record (except for certain pleadings listed in the rule) be forwarded to the Court of Appeals. If any of the automatically excluded items need to be included in the record, the appellant has 14 days from the filing of the notice of appeal to inform the district court clerk by specifying which items are required and the date on which they were filed. Please respond by e-filing or by mail (if pro se) to the office location listed above.

Counsel must ensure that exhibits to be included in the record which are not in the possession of the district court are furnished to the clerk of the district court within 14 days after the notice of appeal is filed.

Federal Rule of Appellate Procedure 10(b) requires that within 14 days of the filing of the notice of appeal, the appellant must order from the court reporter a transcript of the parts of the proceedings not already on file which are necessary for the record. If the appellant orders less than the entire transcript, the appellant must file and serve on the appellee a description of the parts ordered. When this is done, the appellee has 14 days after service within which to order any additional parts of the transcript. A blank "Seventh Circuit Transcript Information Sheet" is attached. This form should be electronically filed in the district court case when ordering transcripts or certifying that none will be ordered.

Very truly yours,


*s/ Caitlin Fischer*
Deputy Clerk

## SEVENTH CIRCUIT TRANSCRIPT INFORMATION SHEET

**PART I** – Must be completed by part or party's attorney pursuant to Rule 10(b) of the Federal Rules of Appellate Procedure and Rule 11 (a) of the Circuit Rules.  The appellant must file this form with the court reporter within 14 days of filing the notice of appeal, whether transcript is being ordered or note.  (FRAP 10(b)).  "Satisfactory arrangements with the court reporter for payment of the cost of the transcripts" must be made at the time (FRAP 10(b)(4)) (Note: Appellees as well as appellants are expected us use this form when ordering transcripts.)

| Short Title | District | D.C. Docket No. |
|---|---|---|
|  | District Judge | Court Reporter |

| | |
|---|---|
| ☐ I am ordering transcript<br>☐ I am not ordering transcript because:<br><br>☐ The transcript has been prepared. | *Sign below and return original and one copy to court reporter. Distribute remaining copies to Clerk of the District Court and opposing party, retaining one copy for yourself.* |

Indicate proceeding for which transcript if required.  Dates must be provided:                    Date(s)
☐ VoirDire
☐ Pre-trial proceedings.        Specify: _____
Trial or hearing.        Specify: _____


☐ Opening Statement
☐ Instruction conference
☐ Closing statement
☐ Court instructions
☐ Post-trial proceedings        Specify: _____
☐ Sentencing
☐ Other Proceedings        Specify:_____

| Method of Payment: | ☐ Cash | ☐ Check or Money Order | ☐ C.J.A. Voucher |
|---|---|---|---|
| Status of Payment: | ☐ Full Payment | ☐ Partial Payment | ☐ No Payment Yet |

Signature: _____        Telephone No. _____
Address: _____
        _____

**Part II** – Must be completed by Court Reporter pursuant to Rule 11(b) of the Federal Rules of Appellate Procedure.  By signing this Part II, the Court Reporter certifies that satisfactory arrangements for payment have been made.

| USCA –Docket No. | Date Order Received | Estimated Completion Date | Estimated Length |
|---|---|---|---|
|  |  |  |  |

Signature of Court Reporter: _____        Date:_____

**Notice:**  The Judicial conference of the United States, by its resolution of March 11, 1982, has provided that a penalty of 10 percent must apply, unless a waiver is granted by the Court of Appeals' Clerk, when a "transcript of a case on appeal is not delivered within 30 days of the date ordered and payment received therefor."  The penalty is 20 percent for transcript not delivered within 60 days.

Copies to: USCA–Clerk, District Court – Clerk, Party/Counsel Ordering Transcript

# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT



Everett McKinley Dirksen United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604

Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

## NOTICE OF CASE OPENING

April 1, 2014

| | |
|---|---|
| No.: 14-1682 | LIGHTSPEED MEDIA CORPORATION, Plaintiff<br><br>v.<br><br>ANTHONY SMITH, , et al., Defendants - Appellees<br><br>APPEAL OF: JOHN STEELE, PAUL DUFFY and PAUL HANSMEIER, Attorneys |

| Originating Case Information: |
|---|
| District Court No: 3:12-cv-00889-DRH-SCW<br>Southern District of Illinois<br>Court Reporter Molly N. Clayton<br>District Judge David R. Herndon<br>Clerk/Agency Rep Nancy J. Rosenstengel<br><br>Case date filed: 04/01/2014<br>Case type: cv/pri<br>Fee status: Due<br>Date of Judgment: 03/24/2014<br>Date NOA filed: 03/31/2014 |

The above-captioned appeal has been docketed in the United States Court of Appeals for the Seventh Circuit.

**Deadlines:**

| Appeal No. | Filer | Document | Due Date |
|---|---|---|---|
| 14-1682 | Paul A. Duffy | Docketing statement due | 04/07/2014 |

| 14-1682 | Paul Hansmeier | Docketing statement due | 04/07/2014 |
|---|---|---|---|
| 14-1682 | John L. Steele | Docketing statement due | 04/07/2014 |
| 14-1682 | Paul A. Duffy | Fee Due | 04/15/2014 |
| 14-1682 | Paul A. Duffy | Transcript information sheet | 04/15/2014 |
| 14-1682 | Paul Hansmeier | Fee Due | 04/15/2014 |
| 14-1682 | Paul Hansmeier | Transcript information sheet | 04/15/2014 |
| 14-1682 | John L. Steele | Fee Due | 04/15/2014 |
| 14-1682 | John L. Steele | Transcript information sheet | 04/15/2014 |

**NOTE:** This notice is issued to counsel of record, in furtherance of the revised *Circuit Rule 3(d)*, to provide necessary information regarding this appeal. Please verify this notice for accuracy. Counsel are encouraged to provide a fax and/or e-mail address to the court. If any corrections are necessary, please indicate those corrections on this notice and return it to the Clerk's Office within ten (10) days.

**THIS NOTICE SHALL NOT ACT AS A SUBSTITUTE FOR MOTIONS FOR NON-INVOLVEMENT / SUBSTITUTION OF COUNSEL. COUNSEL ARE STILL REQUIRED TO FILE THE APPROPRIATE MOTIONS.**
Important Scheduling Notice!

Notices of hearing for particular appeals are mailed shortly before the date of oral argument. Criminal appeals are scheduled shortly after the filing of the appellant's main brief; civil appeals after the filing of the appellee's brief. If you foresee that you will be unavailable during a period in which your particular appeal might be scheduled, please write the clerk advising him of the time period and the reason for such unavailability. Session data is located at http://www.ca7.uscourts.gov/cal/calendar.pdf. Once an appeal is formally scheduled for a certain date, it is very difficult to have the setting changed. See Circuit Rule 34(e).

# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT



Everett McKinley Dirksen United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604

Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

### NOTICE OF DOCKETING - Short Form

April 1, 2014

**To:**  Nancy J. Rosenstengel
Clerk of Court

The below captioned appeal has been docketed in the United States Court of Appeals for the
Seventh Circuit:

---

Appellate Case No: 14-1682

Caption:
LIGHTSPEED MEDIA CORPORATION,
Plaintiff

v.

ANTHONY SMITH, , et al.,
Defendants - Appellees

APPEAL OF: JOHN STEELE, PAUL DUFFY and PAUL
HANSMEIER, Attorneys

---

District Court No: 3:12-cv-00889-DRH-SCW
Court Reporter Molly Clayton
District Judge David Herndon
Clerk/Agency Rep Nancy Rosenstengel

Date NOA filed in District Court: 03/31/2014

---

If you have any questions regarding this appeal, please call this office.

form name: **c7_Docket_Notice_short_form**(form ID: **188**)

# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT



<table>
<tr><td>Everett McKinley Dirksen United States Courthouse<br>Room 2722 - 219 S. Dearborn Street<br>Chicago, Illinois 60604</td><td></td><td>Office of the Clerk<br>Phone: (312) 435-5850<br>www.ca7.uscourts.gov</td></tr>
</table>

## CIRCUIT RULE 3(b) NOTICE

April 1, 2014

| | |
|---|---|
| No.: 14-1682 | LIGHTSPEED MEDIA CORPORATION,<br>Plaintiff<br><br>v.<br><br>ANTHONY SMITH, , et al.,<br>Defendants - Appellees<br><br>APPEAL OF: JOHN STEELE, PAUL DUFFY and PAUL HANSMEIER, Attorneys |

**Originating Case Information:**

District Court No: 3:12-cv-00889-DRH-SCW
Southern District of Illinois
Court Reporter Molly N. Clayton
District Judge David R. Herndon
Clerk/Agency Rep Nancy J. Rosenstengel

Circuit Rule 3(b) empowers the clerk to dismiss an appeal if the docket fee is not paid within fourteen (14) days of the docketing of the appeal. This appeal was docketed on April 1, 2014. The District Court has indicated that as of April 1, 2014, the docket fee has not been paid. Depending on your situation, you should:

1.   Pay the required $500.00 docketing fee PLUS the $5.00 notice of appeal filing fee to the District Court Clerk, **if you have not already done so**. The Court of Appeals cannot accept this fee. You should keep a copy of the receipt for your records.

2.   File a motion to proceed on appeal in forma pauperis with the District Court, if you have not already done so. An original and three (3) copies of that motion, with proof of service on your opponent, is required. This motion must be supported by a sworn affidavit in the form prescribed by **Form 4** of the *Appendix of Forms to the Federal Rules of Appellate Procedure (as amended 12/01/2013)*, listing the assets and income of the appellant(s).

3.      If the motion to proceed on appeal in forma pauperis is denied by the district
        court, you must either pay the required $500.00 docketing fee PLUS the $5.00
        notice of appeal filing fee to the District Court Clerk, within fourteen (14) days
        after service of notice of the action to the district court, or within thirty (30)
        days of that date, renew your motion to proceed on appeal in forma pauperis
        with this court.

If the motion is renewed in this court, it must comply with the terms of *Fed.R.App.P. 24(a)*.

If one of the above stated actions is not taken, the appeal will be dismissed.

form name: **c7_DC_Fee_Notice_Sent** (form ID: **158**)

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois  60604

April 2, 2014

**By the Court:**

| | |
|---|---|
| LIGHTSPEED MEDIA CORPORATION,<br>    Plaintiff, | ] Appeal from the United<br>] States District Court for<br>] the Southern District of |
| No. 14-1682                              v. | ] Illinois.<br>] |
| ANTHONY SMITH,  et al.,<br>    Defendants-Appellees. | ] No. 3:12-cv-00889-DRH-SCW<br>]<br>] David R. Herndon, Chief Judge. |
| APPEAL OF:<br>    JOHN STEELE, PAUL DUFFY<br>    and PAUL HANSMEIER, Attorneys | ]<br>]<br>] |

O R D E R

A preliminary review of the short record indicates that the order appealed from may not be a final appealable judgment within the meaning of 28 U.S.C. § 1291.

A notice of appeal filed before the district court issues its ruling on a timely Rule 59 motion is ineffective until the order disposing of the motion is entered on the district court's civil docket.  Fed. R. App. P. 4(a)(4).

In the present case, appellant Paul Hansmeier filed a Motion for Reconsideration on March 26, 2014, within 28 days of March 24, 2014, which was the date of entry of the order appealed.  This may be a timely Rule 59 motion.  *See Charles v. Daley*, 799 F.2d 343, 347 (7th Cir. 1986).  As such, this appeal may be premature, because it appears that the district court has not disposed of the motion and entered its order on the district court's civil docket.  Accordingly,

- over -

No. 14-1682                                                                 Page 2


     IT IS ORDERED that appellants shall file, on or before April 15, 2014, a brief memorandum stating why this appeal should not be STAYED pending the entry of the order disposing of the motion.  A motion for voluntary dismissal pursuant to Fed. R. App. P. 42(b) will satisfy this requirement.  Briefing shall be suspended pending further court order.


NOTE:    Caption document "JURISDICTIONAL MEMORANDUM."  The filing of a Circuit Rule 3(c) Docketing Statement does not satisfy your obligation under this order.

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| LIGHTSPEED MEDIA CORPORATION, | ) | |
| | ) | |
| *Plaintiff*, | ) | Case No. 12-cv-889-DRH-SCW |
| | ) | |
| v. | ) | Judge:  Hon. David R. Herndon |
| | ) | |
| ANTHONY SMITH, *et al.*, | ) | Magistrate:  Stephen C. Williams |
| | ) | |
| *Defendants*. | ) | |

### DEFENDANTS' JOINT RESPONSE IN OPPOSITION TO MOTION FOR STAY PENDING APPEAL AND FOR APPROVAL OF FORM OF SUPERSEDEAS BOND

Defendants Anthony Smith, Comcast Cable Communications LLC, Comcast Corporate Representative #1, and SBC Internet Services, Inc. d/b/a AT&T Internet Services respectfully submit this response in opposition to the motion of attorneys John Steele, Paul Duffy, and Paul Hansmeier ("Contemnors") for Stay Pending Appeal and for Approval of Form of Supersedeas Bond (ECF No. 141). Contemnors' motion fails to satisfy the terms of Rule 62(d) of the Federal Rules of Civil Procedure as well as the Court's conditions for compliance with its orders sanctioning Contemnors (ECF No. 100; "Sanctions Order") and holding them in contempt (ECF No. 136; "Contempt Order").

### BACKGROUND

In the Sanctions Order, this Court found Contemnors jointly and severally liable to pay Defendants a total of $261,025.11, with interest as provided by law, within 14 days, that is, by December 11, 2013. (Sanctions Order at 13.) They did not do so.

In the Contempt Order, this Court found the Contemnors in civil contempt for "significantly violat[ing] an unambiguous order of the Court," specifically, their continued failure to pay Defendants as required by the Sanctions Order. (Contempt Order at 8.) The

Contempt Order required the attorneys to pay Defendants the full amount of the Sanctions Order,

plus additional sanctions, as follows:

- attorneys' fees and costs totaling $261,025.31, as the Sanctions Order required;

- interest at 0.13% on that amount running from December 11, 2013; and

- a remedial sanction of $26,102.58 contemplating attorneys' fees and costs that Defendants incurred in litigating the contempt motion.

(*Id.* at 12.) The Court ordered compliance with the Sanctions Order and Contempt Order by

March 31, 2014, which would consist of:

- "payment to all of the defendants of the ordered amounts in full"; or

- a motion to stay under Rule 62(d) of the Federal Rules of Civil Procedure "and accompanying supersedeas bond of the full amount."

(*Id.* at 12-13.) Finally, the Court held that Contemnors' failure to comply with the

Contempt Order would result in an additional $500-per-day-per-attorney fine for up to 30 days,

which would increase to $1,000 per day per attorney after 30 days. (*Id.* at 13.)

The Contemnors have not paid any of the amounts owed, in full or even in part. Instead,

on March 31, 2014, at 11:25 PM, they filed the subject motion seeking a stay pending appeal and

for "approval of form of supersedeas bond." (Mot. at 1.) In their motion, the Contemnors state

only that a supersedeas bond "has been arranged." (Mot. at 4.) The motion does not attach any

bond, however, as the Contempt Order required; it attaches only a "form of bond" with the word

"DRAFT" scrawled across it. (ECF No. 141-1, the "Draft Form.")

The Draft Form purports to be issued by the "United States Fire Insurance Co." It is not

in the form of a conventional supersedeas bond. It does not enumerate the monies ordered to be

paid. It does not acknowledge the appeal. It does not purport to cover all three Contemnors—it

refers only to "the Appellants," but the Motion states that "Appellants" will be defined in the bond only as "Appellant John Steele," purportedly (but not in actuality) "in compliance with the Court's contempt order." (Mot. at 4.) The Draft Form also does not cover the full amount ordered, since Contemnors apparently assume that the $500-per-day-per-attorney fine will not kick in.

## ARGUMENT

The Court should deny the Contemnors' Motion for stay and for approval of the "form" of supersedeas bond attached to the Motion.

To be sure, a party may obtain a stay pending appeal upon posting, and the Court approving, an actual (not a proposed) supersedeas bond. Fed. R. Civ. P. 62(d). The Court recognized this when it held that the Contemnors could move for a stay with an "accompanying supersedeas bond of the full amount" owed. (Contempt Order at 12-13; *see also* Mot. at 4.) But there is no "accompanying supersedeas bond" before the Court for approval here, and for that reason alone a stay is not only unwarranted, it would not be permitted under Rule 62(d) unless and until an actual supersedeas bond was properly executed and filed with the Court for approval.

In any event, the Draft Form that the Contemnors attach to their motion falls woefully short of an approvable supersedeas bond. First and foremost, it would (if it were an actual bond) cover only one of the three Contemnors—Steele. Duffy and Hansmeier don't even submit a "form of bond" to secure payment of their own several liabilities.

Further, the form is in an inadequate amount. The amount might be adequate if the stay motion complied with the clear directions in the Contempt Order, but for the reasons stated in this opposition, the motion is patently faulty and thus the $500-per-day-per-attorney fine began

to run on April 1, 2014. The Draft Form in a purported amount of $287,300 would not (if it were an actual bond) cover the enhanced amounts; rather, the Draft Form amount would cover only the sanctions award, the 10% additional amount, and less than $200 in interest. Contemnors filed their motion in the last hour of the deadline for compliance with the Contempt Order, but instead of complying, they offered only to pay "within three business days," were the Court to "approve" the Draft Form—something this Court did not contemplate and is not obligated to do. (Mot. at 4.) The failure to abide by the terms of the Contempt Order necessarily subjects Contemnors to the Contempt Order's additional fines, which renders the amount offered insufficient.

Finally, the Draft Form is not a standard supersedeas bond. The Draft Form does not state that its obligation is non-cancellable or binding on the surety's heirs, administrators, successors, and assigns. It does not list, let alone mention, the Sanctions or Contempt Orders. It does not acknowledge the appeal. And, because it is a "draft" and a "form," it is not signed and not notarized. It thus offers no assurance to Defendants that they will ever be paid in any amount. The Court should flatly deny the inadequate motion for stay.

### CONCLUSION AND REQUEST FOR ATTORNEYS' FEES

For these reasons, the proposed bond "form" is inadequate and does not constitute a "supersedeas bond of the full amount" consistent with the Court's Contempt Order. As such, it cannot support entry of a stay pending appeal. The motion should be denied.

Further, as the Contemnors continue efforts to delay and multiply these proceedings, Defendants request that Steele, Duffy, and Hansmeier be required to pay Defendants' attorneys' fees and costs in preparing and filing this opposition to a plainly non-compliant motion for stay.

This additional fee award may be made under 28 U.S.C. § 1927 or under the Court's inherent

authority.

Respectfully submitted,

By:  /s/ Bart W. Huffman
Bart W. Huffman (admitted *pro hac vice*)
LOCKE LORD LLP
600 Congress Avenue, Suite 2200
Austin, TX 78701
(512) 305-4700

Troy A. Bozarth – 06236748
HEPLERBROOM LLC
130 North Main Street
Edwardsville, IL 62025
(618) 656-0184

*Attorneys for SBC Internet Services, Inc.*
*d/b/a AT&T Internet Services*

By:  /s/ John D. Seiver  (with consent)
John D. Seiver (admitted *pro hac vice*)
Ronald G. London
DAVIS WRIGHT TREMAINE, LLP
1919 Pennsylvania Ave., NW
Suite 800
Washington, DC 20006
(202) 973-4200

Andrew G. Toennies
LASHLY & BAER, P.C.
20 East Main Street
Belleville, Illinois 62220-1602
(618) 233-5587

*Attorneys for Defendants Comcast Cable*
*Communications, LLC and Comcast Corporate*
*Representative #1*

By:  /s/ Dan Booth  (with consent)
Dan Booth (admitted *pro hac vice*)
Jason E. Sweet (admitted *pro hac vice*)
BOOTH SWEET LLP
32R Essex Street
Cambridge, MA 02139
Tel: (617) 250-8602
Fax: (617) 250-8883

*Attorneys for Defendant Anthony Smith*


**Certificate of Service**

I hereby certify that on this 2nd day of April, 2014, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic system upon all counsel of record via the Court's CM/ECF system.

/s/ Bart W. Huffman_____
Bart W. Huffman

6

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**LIGHTSPEED MEDIA CORP.,**

     **Plaintiff,**

**vs.**                                                    **No.   3:12-cv-889-DRH-SCW**

**ANTHONY SMITH, et al.,**

     **Defendants.**

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

This matter is before the Court on John Steel, Paul Duffy, and Paul Hansmeier's (collectively "plaintiff's counsel") motion for stay pending appeal and for approval of form of supersedeas bond (Doc. 141).   Defendants Anthony Smith ("Smith"), Comcast Cable Communications LLC and Comcast Corporate Representative #1 (together "Comcast"), and SBC Internet Services, Inc. d/b/a AT&T Internet Services' ("AT&T") (collectively "defendants") jointly oppose the motion (Doc. 147).

On March 24, 2014, the Court found attorneys John Steele, Paul Duffy, and Paul Hansmeier in contempt of Court for their failure to comply with the Court's Sanctions Order (Doc. 136) (hereinafter "Contempt Order").   The undersigned directed plaintiff's counsel to pay the amount as ordered in the Sanctions Order ($261,025.31), applicable interest on that amount from December 11, 2013, and a remedial sanction of $26,102.58 in contemplation of the attorneys' fees and costs

that defendants incurred during the litigation of the contempt motion within seven days.   The Court warned plaintiff's counsel that failure to comply with the Contempt Order would result in a fine of $500.00 per day per attorney for up to 30 days.   After 30 days, the amount would increase to a $1,000 fine per day per attorney.

On March 31, 2014, plaintiff's counsel filed a motion to stay the Contempt Order pending appeal.   Plaintiff's counsel also provided a draft supersedeas bond for $287,300.00 for the Court's approval with the indication that if the Court approves the bond the bond will be submitted to the Court for filing within three business days.   In their response, defendants assert that the proposed bond form is inadequate and does not support a stay pending appeal.   Furthermore, they state that plaintiff's counsel "continue efforts to delay and multiply these proceedings" (Doc. 147 at 4).   As such, they request attorneys' fees and costs in preparing and filing this opposition to a "plainly non-complaint motion for stay" (*Id.*).   Pursuant to the Clerk of the Court's notice of errors (Doc. 142), plaintiff's counsel filed with the undersigned an official, signed copy of the proposed supersedeas bond dated April 2, 2014 for the amount of $287,300.00.

The district court may stay an order by supersedeas bond pending appeal. FED. R. CIV. P. 62(d).   "The stay takes effect when the court approves the bond." *Id.*   The Federal Rules do not provide clear guidance as to the required amount of a supersedeas bond.   *See Id.* advisory committee's note.   This Court has not adopted a particular practice or rule.   However, the undersigned has previously

found compelling the method of the Northern District of Illinois.  N.D. Ill. L.R. 62.1; *Liotine v. CDW-Government, Inc.*, No. 5-33 (S.D. Ill. Oct. 15, 2013). Northern District Local Rule 62.1 requires that a supersedeas bond be for the full amount, plus one year's interest, plus $500 to cover costs.

The Court considers the proposed supersedeas bond sufficient to stay the Contempt Order.   The proposed supersedeas bond accounts for the full amount of the order (the Sanctions Order amount of $262,025.31 and the remedial contempt sanction $26,102.58), applicable interest from December 11, 2013 to April 2, 2014, and an additional remainder amount, approximately $67.00.   Plaintiff's counsel appears to have rounded up.   While this amount does not account for the costs or interest as contemplated by Northern District of Illinois and does not include any monies for the supersedeas bond's tardiness, plaintiff's counsel has clearly made a good faith effort to comply with the Contempt Order.

Accordingly, John Steele, Paul Duffy, and Paul Hansmeier's motion for stay pending appeal and for approval of form of supersedeas bond (Doc. 141) is **GRANTED.**   The Court approves the bond and stays the order pending appeal. Plaintiff's counsel is directed to file the supersedeas bond with the Court on or before April 9, 2014.

**IT IS SO ORDERED.**
Signed this 4th day of April, 2014.

Digitally signed
by David R.
Herndon
Date: 2014.04.04
15:51:30 -05'00'

**Chief Judge**
**United States District Court**

Page **3** of **3**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

LIGHTSPEED MEDIA CORP. )
                              *Plaintiff* )

                                         )

v.                                 )

                                         )

ANTHONY SMITH, ET AL., )
                        *Defendants* )

**SUPERSEDEAS BOND**

Case No.   3:12-CV-889-DRH-SCW

WHEREAS, the Appellant John Steele has requested the Court accept Appellant's supersedeas bond in the above entitled action, staying execution of judgment pending hearing of further motion(s) or pleading(s) by the Appellant.

Now, therefore UNITED STATES FIRE INSURANCE COMPANY, as Surety does hereby and pursuant to federal law, undertake that the Appellant will pay to the Defendant(s) or to party(ies) as named by the Court, not exceeding the sum of TWO HUNDRED EIGHT SEVEN THOUSAND THREE HUNDRED AND 0/100S DOLLARS ($287,300.00) for such damages and/or costs as the Court may direct.

This 2nd day of April, 2014.



United States Fire Insurance Co.
U.S. TREASURY (NAIC) #21113

C. Poindexter, Attorney-in-Fact
Illinois Insurance Lic. #2458419



UNITED STATES FIRE INSURANCE COMPANY
10350 Richmond Avenue, Suite 300 (77042)
P.O. Box 2807 · Houston, Texas 77252-2807
713-954-8353 · 800-388-1914 FAX

**SPECIAL POWER OF ATTORNEY**

Bond # 615983501

Know All Men By These Presents:

That United States Fire Insurance Company, hereinafter referred to as the Company, in pursuance of authority granted by Resolution adopted by the Board of Directors, does hereby nominate, constitute and appoint <u>Carlyle Taylor Poindexter</u>, its true and lawful agent and Attorney-In-Fact to make, execute, seal and deliver, for and on its behalf and as its act and deed, as surety, bonds and contracts of suretyship to be given to all obligees provided that no bond or contract of suretyship executed under this authority shall exceed the sum of:
One Million Dollars ($1,000,000.00)

Certificate of Resolution:

This power of attorney is granted and is signed and sealed by facsimile under and by the authority of the following By-laws adopted by the Board of Directors of the Company by an unanimous written consent dated as of the 10th day of December 2003.

Except as the Board of Directors may authorize by resolution, the Chairman of the Board, President, any Vice-President, any Assistant Vice President, the Secretary, or any Assistant Secretary shall have power on behalf of the Corporation: (a) to execute, affix the corporate seal manually or by facsimile to, acknowledge, verify and deliver any contracts, obligations, instruments and documents whatsoever in connection with its bus iness including, without limiting the foregoing, any bonds, guarantees, undertakings, recognizances, powers of attorney or revocations of any powers of attorney, stipulations, policies of insurance, deeds, leases, mortgages, releases, satisfactions and agency agreements; (b) to appoint, in writing, one or more persons for any or all of the purposes mentioned in the preceding paragraph (a), including affixing the seal of the Corporation.

In Witness Whereof the Company has caused its official seal to be hereunto affixed, and these presents to be signed by its Assistant Vice President and attested by its Assistant Secretary this 26th day of May, 2013.

ATTEST: _____
Frances Trevino
(Assistant Secretary)



By _____
Michael P. Ziemer
(Assistant Vice President)

STATE OF TEXAS,
                          ss.:
COUNTY OF HARRIS

On this 26th day of May, 2013, before me personally came Michael P. Ziemer to me known, who being by me duly sworn, did depose and say : that he resides in Spring, in the County of Harris, State of Texas; that he is Assistant Vice President of United States Fire Insurance Company, the corporation described in and which executed the above instrument; that he knows the seal of the said corporation, that the seal affixed to the said instrument is such corporate seal; that it was so affixed by order of the Board of Directors of said corporation and that he signed his name thereto by like order, and in his capacity as Assistant Vice President.

_____
County of Harris, State of Texas
My Commission Expires September 10, 2016

I, the undersigned, an Assistant Secretary of United States Fire Insurance Company, DO HEREBY CERTIFY that the foregoing and attached Power of Attorney remains in full force and has not been revoked, and furthermore that the Resolution of the Board of Directors, set forth in the said Power of Attorney, is now in force.

Signed and sealed this 2ND day of APRIL, 2014.



_____
Assistant Secretary

U-4708US (Rev. 8/12)

**Surety One**

SURETY BONDS · FIDELITY BONDS & FINANCIAL GUARANTEE

A MEMBER OF THE POINDEXTER GROUP OF COMPANIES

5 W. HARGETT STREET, 4TH FLOOR        361 CALLE GALILEO, 7TH FLOOR
RALEIGH, NC 27601                     SAN JUAN, PR 00927

TELEPHONE
(787) 333-0222
(800) 373-2804

FACSIMILE
(919) 834-7039

WEBSITE
WWW.SURETYONE.ORG

FEDERAL TREASURY LISTING (T-LIST) OF QUALIFIED SURETIES


**United States Fire Insurance Company (NAIC #21113)**

BUSINESS ADDRESS: 305 Madison Avenue, Morristown, NJ 07962. PHONE: (973) 490-6600. UNDERWRITING LIMITATION b/: $76,088,000. SURETY LICENSES c,f/: AL, AK, AZ, AR, CA, CO, CT, DE, DC, FL, GA, HI, ID, IL, IN, IA, KS, KY, LA, ME, MD, MA, MI, MN, MS, MO, MT, NE, NV, NH, NJ, NM, NY, NC, ND, OH, OK, OR, PA, PR, RI, SC, SD, TN, TX, UT, VT, VA, VI, WA, WV, WI, WY. INCORPORATED IN: Delaware.


PRODUCER/AGENT LICENSE

C. Poindexter, ILLINOIS Dept. of Insurance Lic. #2458419

**SURETY ONE INC**
P.O. BOX 37284
RALEIGH NC 27627

## State of Illinois
## Insurance License

License No: 100651239

### SURETY ONE INC

This is to certify that pursuant to requirements of the Illinois Insurance code the above firm is licensed to do business in the state of Illinois with the following authority:

| LICENSE TYPE | LICENSE EFFECTIVE DATE | LICENSE EXPIRATION DATE |
| --- | --- | --- |
| BUSINESS ENTITY PRODUCER | 07/17/2013 | 05/31/2015 |

For questions regarding a license, contact the
Illinois Department of Insurance at
DOI.licensing@illinois.gov

Andrew Boron
Director of Insurance

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **LIGHTSPEED MEDIA CORP.,** | Civil No. 3:12-cv-889-DRH-SCW |
| *Plaintiff,* | |
| *v.* | **NOTICE OF WITHDRAWAL, WITHOUT PREJUDICE, OF PAUL HANSMEIER'S EMERGENCY MOTION FOR RECONSIDERATION** |
| **ANTHONY SMITH, et al.,** | |
| *Defendants.* | |

**PLEASE TAKE NOTICE** that attorney Paul Hansmeier ("Hansmeier") hereby withdraws his Emergency Motion for Reconsideration (Dkt. 138.) Since the filing of the Motion, attorney John Steele obtained a supersedeas bond, the Court granted a Motion to Stay the Contempt Order pending appeal (Dkt. 141) and the supersedeas bond has been posted. (Dkt. 149.) The emergency relief Hansmeier requested is therefore not necessary at this time.

Hansmeier withdraws the Motion without prejudice and reserves his right to renew his arguments regarding inability to pay.

April 9, 2014

Respectfully submitted,

/s/ Paul Hansmeier
Paul Hansmeier
80 S. 8th St. Ste 900
Minneapolis, MN 55402
612-234-5744

**CERTIFICATE OF SERVICE**

I hereby certify that on April 9, 2014 I filed the foregoing document through

the Court's CM/ECF system, which will electronically serve this document on all

parties of record.


/s/ Paul Hansmeier

```
MIME-Version:1.0
From:ilsd_nef@ilsd.uscourts.gov
To:ilsd_nef@localhost.localdomain
Bcc:
--Case Participants: John D. Seiver (johnseiver@dwt.com), Jason E Sweet
(jsweet@boothsweet.com), Daniel G. Booth (dbooth@boothsweet.com), Troy A. Bozarth
(alf@heplerbroom.com, par@heplerbroom.com, troy.bozarth@heplerbroom.com), John L. Steele
(johnlsteele33140@gmail.com), Paul A. Duffy (docket@wefightpiracy.com,
paduffy@wefightpiracy.com), Bart Westcott Huffman (bhuffman@lockelord.com), Paul Hansmeier
(prhansmeier@thefirm.mn), Andrew G. Toennies (atoennies@lashlybaer.com,
skohler@lashlybaer.com), John Steele (johnlsteele33140@gmail.com)
--Non Case Participants:
--No Notice Sent:

Message-Id:2663528@ilsd.uscourts.gov
Subject:Activity in Case 3:12-cv-00889-DRH-SCW Lightspeed Media Corporation v. Smith et al
Order
```

Content–Type: text/html

## U.S. District Court

### Southern District of Illinois

**Notice of Electronic Filing**

The following transaction was entered on 4/9/2014 at 11:20 AM CDT and filed on 4/9/2014

| | |
|---|---|
| **Case Name:** | Lightspeed Media Corporation v. Smith et al |
| **Case Number:** | 3:12–cv–00889–DRH–SCW |
| **Filer:** | |

**WARNING: CASE CLOSED on 03/22/2013**

**Document Number:** 151(No document attached)

**Docket Text:**
 **ORDER Granting [150] MOTION to Withdraw [138] Emergency MOTION for Reconsideration re [136] Order on Motion for Contempt filed by Paul Hansmeier. The [138] Emergency MOTION for Reconsideration re [136] Order on Motion for Contempt filed by Paul Hansmeier is hereby WITHDRAWN. Signed by Chief Judge David R. Herndon on 04/09/2014. (kbl)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED.**

**3:12–cv–00889–DRH–SCW Notice has been electronically mailed to:**

Andrew G. Toennies   atoennies@lashlybaer.com, skohler@lashlybaer.com

Bart Westcott Huffman   bhuffman@lockelord.com

Daniel G. Booth   dbooth@boothsweet.com

Jason E Sweet   jsweet@boothsweet.com

John D. Seiver   johnseiver@dwt.com

John L. Steele   johnlsteele33140@gmail.com

Paul Hansmeier    prhansmeier@thefirm.mn

Paul A. Duffy    paduffy@wefightpiracy.com, docket@wefightpiracy.com

Troy A. Bozarth   troy.bozarth@heplerbroom.com, alf@heplerbroom.com, par@heplerbroom.com

**3:12–cv–00889–DRH–SCW Notice has been delivered by other means to:**

Paul Duffy


Paul Hansmeier

```
MIME-Version:1.0
From:ilsd_nef@ilsd.uscourts.gov
To:ilsd_nef@localhost.localdomain
Bcc:
--Case Participants: John D. Seiver (johnseiver@dwt.com), Jason E Sweet
(jsweet@boothsweet.com), Daniel G. Booth (dbooth@boothsweet.com), Troy A. Bozarth
(alf@heplerbroom.com, par@heplerbroom.com, troy.bozarth@heplerbroom.com), John L. Steele
(johnlsteele33140@gmail.com), Paul A. Duffy (docket@wefightpiracy.com,
paduffy@wefightpiracy.com), Bart Westcott Huffman (bhuffman@lockelord.com), Paul Hansmeier
(prhansmeier@thefirm.mn), Andrew G. Toennies (atoennies@lashlybaer.com,
skohler@lashlybaer.com), John Steele (johnlsteele33140@gmail.com)
--Non Case Participants: (ca7_orders@ca7.uscourts.gov)
--No Notice Sent:

Message-Id:2670809@ilsd.uscourts.gov
Subject:Activity in Case 3:12-cv-00889-DRH-SCW Lightspeed Media Corporation v. Smith et al
USCA Appeal Fees
```
Content–Type: text/html

## U.S. District Court

## Southern District of Illinois

## Notice of Electronic Filing

The following transaction was entered on 4/15/2014 at 2:18 PM CDT and filed on 4/15/2014

| | |
|---|---|
| **Case Name:** | Lightspeed Media Corporation v. Smith et al |
| **Case Number:** | 3:12–cv–00889–DRH–SCW |
| **Filer:** | |

**WARNING: CASE CLOSED on 03/22/2013**

**Document Number:** No document attached

**Docket Text:**
**USCA Appeal Fees received $ 505 receipt number 34625047746 re [140] Notice of Appeal filed by Paul Hansmeier, John Steele, Paul Duffy (cekf)**

**3:12–cv–00889–DRH–SCW Notice has been electronically mailed to:**

Andrew G. Toennies   atoennies@lashlybaer.com, skohler@lashlybaer.com

Bart Westcott Huffman   bhuffman@lockelord.com

Daniel G. Booth   dbooth@boothsweet.com

Jason E Sweet   jsweet@boothsweet.com

John D. Seiver   johnseiver@dwt.com

John L. Steele   johnlsteele33140@gmail.com

Paul Hansmeier   prhansmeier@thefirm.mn

Paul A. Duffy    paduffy@wefightpiracy.com, docket@wefightpiracy.com

Troy A. Bozarth    troy.bozarth@heplerbroom.com, alf@heplerbroom.com, par@heplerbroom.com

**3:12–cv–00889–DRH–SCW Notice has been delivered by other means to:**

Paul Duffy


Paul Hansmeier

**SEVENTH CIRCUIT TRANSCRIPT INFORMATION SHEET**

PART I – Must be completed by party or party's attorney pursuant to Rule 10(b) of the Federal Rules of Appellate Procedure and Rule 11(a) of the Circuit Rules.  The appellant must file this form with the court reporter within 14 days of filing the notice of appeal, whether transcript is being ordered or not.  (FRAP 10(b)(1)) Satisfactory arrangements with the court reporter for payment of the costs of the transcripts must also be made at that time.  (FRAP 10(b)(4)) (Note: Appellees as well as appellants are expected to use this form when ordering transcripts.)

| Short Title | District | D.C. Docket No. |
|---|---|---|
| Lightspeed Media Corp. v. Smith, et al. | Southern District of Illinois | 3:12-cv-00889-DRH-SCW |
| | District Judge | Court Reporter |
| | Hon. David R. Herndon | Molly N. Clayton |

[✓] I am ordering transcript.

[ ] I am not ordering transcript because:

[ ] The transcript has been prepared.

Sign below and return original and one copy to court reporter.  Distribute remaining copies to the Clerk of the District Court and opposing party, retaining one copy for yourself.

Indicate proceedings for which transcript is required.  Dates must be provided:

Date(s)

[✓] Pretrial proceedings.  Specify: Motion hearing; motion hearing          2/13/2014

[ ] Voir Dire

Trial or Hearing.  Specify: _____

[ ] Opening statement

[ ] Instruction conference

[ ] Closing statements

[ ] Court instructions

[ ] Post-trial proceedings.  Specify: _____

[ ] Sentencing

[ ] Other proceedings.  Specify: _____

Method of Payment: [ ] Cash   [✓] Check or Money Order   [ ] C.J.A. Voucher

Status of Payment: [ ] Full Payment   [ ] Partial Payment   [✓] No Payment Yet

| Signature: | s/ Paul Hansmeier; s/ Paul Duffy (with consent); s/ John Steele (with consent) | Telephone No. 612-234-5744 |
|---|---|---|
| Address: | 80 S. 8th St. Ste. 900 | |
| | Minneapolis, MN 55402 | Date: 4/15/2014 |

PART II – Must be completed by Court Reporter pursuant to Rule 11(b) of the Federal Rules of Appellate Procedure.  By signing this Part II, the Court Reporter certifies that *satisfactory arrangements for payment have been made*.

| U.S.C.A. Docket No. | Date Order Received | Estimated Completion Date | Estimated Length |
|---|---|---|---|
| | | | |

Signature of Court Reporter: s/          Date: _____

NOTICE: The Judicial Conference of the United States, by its resolution of March 11, 1982, has provided that a penalty of 10 percent must apply, unless a waiver is granted by the Court of Appeals' Clerk, when a "transcript of a case on appeal is not delivered within 30 days of the date ordered and payment received therefor."  The penalty is 20 percent for transcript not delivered within 60 days.

Original to Court Reporter.  Copies to: ● U.S.C.A. Clerk  ● Service Copy  ● District Court Clerk and to ● Party / Counsel Ordering Transcript.

## CERTIFICATE OF SERVICE

I hereby certify that on April 15, 2014, I served the foregoing Docketing

Statement via the Court's ECF system upon counsel for Appellees.


                                        /s/ *Paul R. Hansmeier*
                                        Paul R. Hansmeier

```
MIME-Version:1.0
From:ilsd_nef@ilsd.uscourts.gov
To:ilsd_nef@localhost.localdomain
Bcc:
--Case Participants: John D. Seiver (johnseiver@dwt.com), Jason E Sweet
(jsweet@boothsweet.com), Daniel G. Booth (dbooth@boothsweet.com), Troy A. Bozarth
(alf@heplerbroom.com, par@heplerbroom.com, troy.bozarth@heplerbroom.com), John L. Steele
(johnlsteele33140@gmail.com), Paul A. Duffy (docket@wefightpiracy.com,
paduffy@wefightpiracy.com), Bart Westcott Huffman (bhuffman@lockelord.com), Paul Hansmeier
(prhansmeier@thefirm.mn), Andrew G. Toennies (atoennies@lashlybaer.com,
skohler@lashlybaer.com), John Steele (johnlsteele33140@gmail.com)
--Non Case Participants:
--No Notice Sent:

Message-Id:2672895@ilsd.uscourts.gov
Subject:Activity in Case 3:12-cv-00889-DRH-SCW Lightspeed Media Corporation v. Smith et al
Record on Appeal Prepared
```
Content–Type: text/html

## U.S. District Court

## Southern District of Illinois

## Notice of Electronic Filing

The following transaction was entered on 4/17/2014 at 8:53 AM CDT and filed on 4/17/2014

| | |
|---|---|
| **Case Name:** | Lightspeed Media Corporation v. Smith et al |
| **Case Number:** | 3:12–cv–00889–DRH–SCW |
| **Filer:** | |

**WARNING: CASE CLOSED on 03/22/2013**

**Document Number:** No document attached

**Docket Text:**
**Record on Appeal Prepared re [140] Notice of Appeal, 10 volumes of pleadings, 2 transcripts. (anm)**

**3:12–cv–00889–DRH–SCW Notice has been electronically mailed to:**

Andrew G. Toennies   atoennies@lashlybaer.com, skohler@lashlybaer.com

Bart Westcott Huffman   bhuffman@lockelord.com

Daniel G. Booth   dbooth@boothsweet.com

Jason E Sweet   jsweet@boothsweet.com

John D. Seiver   johnseiver@dwt.com

John L. Steele   johnlsteele33140@gmail.com

Paul Hansmeier   prhansmeier@thefirm.mn

Paul A. Duffy   paduffy@wefightpiracy.com, docket@wefightpiracy.com

Troy A. Bozarth   troy.bozarth@heplerbroom.com, alf@heplerbroom.com, par@heplerbroom.com

**3:12–cv–00889–DRH–SCW Notice has been delivered by other means to:**

Paul Duffy


Paul Hansmeier

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LIGHTSPEED MEDIA CORPORATION,                )<br><br>　　　Plaintiff,                )<br><br>　　　　　　　)<br>v.                )<br><br>　　　　　　　)<br>ANTHONY SMITH, SBC INTERNET SERVICES,                )<br>INC., d/b/a AT&T INTERNET SERVICES; AT&T                )<br>CORPORATE REPRESENTATIVE #1; COMCAST                )<br>CABLE COMMUNICATIONS, LLC, and                )<br>COMCAST CORPORATE REPRESENTATIVE #1,                )<br><br>　　　Defendants.                )<br>　　　　　　　) | Case No. 3:12-cv-00889 |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR DISCOVERY SANCTIONS

### I. INTRODUCTION

The evidence in this case is voluminous, undisputed, and disturbing. After Defendant Anthony Smith ("Smith") began efforts to enforce the Court's November 27, 2013 Order [Dkt. No. 100], he learned that Plaintiff's counsel John L. Steele ("Steele"), Paul A. Duffy ("Duffy"), and Paul R. Hansmeier ("Hansmeier") (collectively "Plaintiff's Counsel") have engaged in a massive effort to hide, move and transfer their assets in order to avoid complying with numerous sanctions orders and judgments levied against them. Plaintiff's Counsel say they have nothing—they have no money or assets to satisfy the Order. Yet, they provide dubious proof of these assertions and attempt to thwart any independent confirmation.

As a result of the Plaintiff's Counsel's continued recalcitrance, Smith is constrained to file this motion for discovery sanctions.

### II. RELEVANT FACTS AND PROCEDURAL HISTORY

On November 27, 2013, pursuant to 28 U.S.C. § 1927, the Court ordered Plaintiff's Counsel to pay Defendants' attorney fees and expenses totaling $261,025.11 within 14 days. Dkt. No. 100 ("Sanctions Order"). Plaintiff's Counsel appealed the Order, *see* Dkt. No. 102, but they did not move for a stay of the Sanctions Order until January 29, 2014, *see* Dkt. No. 114—more than a month after the Contempt Motion was filed. Dkt. No. 107. Plaintiff's Counsel eventually filed a surety bond, but only after the Court found them in contempt—a ruling which they have also appealed. Dkt. No. 136 ("Contempt Order").

In the Contempt Motion, Defendants requested that Plaintiff's Counsel be held in contempt or ordered to show cause why they should not be, and sanctioned further for their defiance of the Sanctions Order. Dkt. No. 107. Duffy and Hansmeier filed oppositions. Dkt. Nos. 111 & 113. Duffy argued that Defendants had failed to determine whether any of Plaintiff's Counsel "has assets sufficient to comply with the judgment of the Court." Dkt. No. 111 p. 6. Hansmeier claimed, "the quarter of a million dollars liability created by the … Order would impose a crippling financial liability on Hansmeier." Dkt. No. 113 p. 6. Defendants filed a joint reply. Dkt. No. 119. Steele moved to stay the Sanctions Order (Dkt. No. 114) parroting, "[t]he quarter of a million dollars liability created by the … Order would impose a crippling financial liability on Steele." Dkt. No. 115 p. 3.

The Court heard arguments on February 13, 2014, denied Steele's motion to stay, and took the Contempt Motion under advisement, allowing Plaintiff's Counsel 10 days to submit asset statements from a certified public accountant. Dkt. No. 123. Without notice to Defendants, Plaintiff's Counsel "submitted incomplete, and to say the least suspicious, statements of financial condition" to the Court for *in camera* review. Dkt. No. 136 p. 8.

By subpoenas issued to twelve financial institutions on January 16, 2014, Smith sought post-order discovery to ascertain facts concerning Plaintiff's Counsel's financial resources and their ability to pay the amount ordered. *See* Dkt. No. 116-1. Steele moved to quash the subpoenas. Dkt. No. 116. Smith filed an opposition to the motion to quash. Dkt. No. 124. The Court denied the motion to quash, noting that "Smith provides compelling reasons why the financial records of these individuals and entities were subpoenaed." Dkt. No. 125 p. 3.

By subpoenas issued on March 24, 2014, Smith continued his post-order discovery concerning Plaintiff's Counsel's financial resources and representations. On April 11, 2014, Smith's counsel was informed by Steele that he himself had contacted the third parties involved and notified them the subpoenas were stayed. Exhibit A. Smith's counsel explained to Steele the fallacy of his contention and repeatedly requested confirmation from Steele in the form of faxes or emails from each of the entities he inappropriately contacted stating that he cleared up the misunderstanding and that discovery is back on track. *Id.* To date, Steele has provided no confirmation that he has done so.

### III. STANDARD OF REVIEW

A court's authority to sanction a party is both inherent and statutory. *Chambers v. NASCO, Inc.,* 501 U.S. 32, 50-51 (1991) (federal courts may sanction bad faith conduct by its inherent powers

or by the Federal Rules of Civil Procedure); *Barnhill v. United States,* 11 F.3d 1360, 1368 (7th Cir. 1993) (same). Whether proceeding under Rule 37 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1927 or under a court's inherent powers, the "analysis is essentially the same." *Cobell v. Babbitt,* 37 F. Supp. 2d 6, 18 (D.D.C. 1999); *Gates Rubber Co. v. Bando Chem. Indus., Ltd.,* 167 F.R.D. 90, 107 (D.Col. 1996) ("any distinctions between Rule 37 and the inherent powers of the court are distinctions without differences"). In general, sanctions are intended to serve one or more of the following purposes: (1) to ameliorate the prejudice caused to an innocent party by a discovery violation; (2) to punish the party who violates his or her obligations; and/or (3) to deter others from committing like violations. *See generally National Hockey League v. Metropolitan Hockey Club, Inc.,* 427 U.S. 639, 643 (1976) (noting dual purpose of punishment and deterrence). A district court considering the imposition of sanctions "must be guided by a certain measure of restraint[,]" *Barnhill,* 11 F.3d at 1368, and any sanction leveled must adhere to "the norm of proportionality …" *Newman v. Metropolitan Pier & Exposition Authority,* 962 F.2d 589, 591 (7th Cir. 1992).

This is not to say that a court is always required "to fire a warning shot" before imposing a stiff sanction; it is not. *Hal Commodity Cycles Mgmt. Co. v. Kirsh,* 825 F.2d 1136, 1139 (7th Cir. 1987). Nor must a court select the "least drastic" or "most reasonable" sanction. *Melendez v. Illinois Bell Telephone Co.,* 79 F.3d 661, 672 (7th Cir. 1996) (citing cases). *See also Langley v. Union Elec. Co.,* 107 F.3d 510, 515 (7th Cir. 1997) ("An award of sanctions must be proportionate to the circumstances surrounding the failure to comply with discovery"); *Melendez,* 79 F.3d at 672 (same). *See generally Anderson v. Beatrice Foods Co.,* 900 F.2d 388, 395 (1st Cir. 1990) (judges must "take pains neither to use an elephant gun to slay a mouse nor to wield a cardboard sword if a dragon looms").

In the discovery context, "[i]f a party … fails to obey an order to … permit discovery … the court where the action is pending may issue further just orders," Fed. R. Civ. P. 37(b)(2)(A), including "treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination." Fed. R. Civ. P. 37(b)(2)(A)(vii).

Attorneys may also be sanctioned under § 1927 if they unreasonably and vexatiously multiply proceedings in any case. 28 U.S.C. § 1927. This statute permits a party to recoup fees and costs when an attorney acts in an objectively unreasonable manner and with either subjective or objective bad faith. *Kotsilieris v. Chalmers,* 966 F.2d 1181, 1184 (7th Cir. 1992); *Alexander v. United*

*States*, 121 F.3d 312, 316 (7th Cir. 1997) (holding that sanctions are also appropriate when objectively unreasonable litigation-multiplying conduct continues despite a warning to desist.); *see, e.g., Ordower v. Feldman*, 826 F.2d 1569, 1574 (7th Cir. 1987) (indicating that intentional ill will or reckless conduct constitutes vexatious conduct). While § 1927 sanctions are penal in nature and should be construed strictly, sanctions may be warranted when counsel drags out the discovery process, "thus causing more expensive litigation, and obstructed discovery." *In re Kitchin*, 327 B.R. 337, 368-69 (Bankr. N.D. Ill. 2005).

A court is given broad discretion to choose the appropriate sanction for a discovery violation given the unique factual circumstances of every case. *National Hockey League,* 427 U.S. at 642. The Seventh Circuit has directed that any sanctions rendered be proportionate to the offending conduct, *United States v. Golden Elevator, Inc.,* 27 F.3d 301, 303 (7th Cir. 1994); *Crown Life Ins. Co. v. Craig,* 995 F.2d 1376, 1382 (7th Cir. 1993), and that the harsh sanction of default be reserved for extreme circumstances. *Ellingsworth v. Chrysler,* 665 F.2d 180, 185 (7th Cir. 1981).

## IV. ARGUMENT

Smith has already been compelled to inform the Court of Duffy's effort to forestall discovery by falsely informing at least one bank that a motion to quash was still pending. Dkt. No. 135 p. 7. The documents which Duffy attempted to withhold and which were subsequently produced turned out to be some of the most dispositive to date regarding Plaintiff's Counsel's culpability and financial resources.

Now it is Steele who seeks to stymie legitimate discovery proceedings.

On April 11, 2014, Smith's counsel received an email from Steele, the following excerpt from which highlights the obstructive nature of Plaintiff's Counsel's current efforts:

> "I have just received your most recent round of subpoenas dated march 26, 2014. As you know the action has been stayed and any outstanding subpoenas must be withdrawn. I have already contacted the third parties involved, and notified them."

Any argument that the Court's Contempt Order (Dkt. No. 136) stayed discovery is without merit for several reasons. As an initial matter, the Contempt Order states "The Court considers the proposed supersedeas bond sufficient to stay the Contempt Order." The subpoenas which Steele took upon himself to withdraw were issued in conjunction with Smith's March 20th contempt motion, which the Court considers a separate and distinct motion. Dkt. Nos. 135 p. 13 ("Smith Contempt Motion").

The Court "consider[s] that motion as a motion for an additional sanction for contempt since it relates directly to representations made in Court and in the financial statements by plaintiff's counsel. Counsel, Steele, Duffy and Hansmeier, shall respond to the March 20 motion, no later than April 20, 2014. Upon reviewing those responses, the Court will consider whether to require another hearing and the range of sanctions that it may be considering, if any."

*Id.*

Secondly, there is no authority for the proposition that filing a supersedeas bond can forgive an act of contempt that has already been committed. Plaintiff's Counsel made misleading statements in court, misrepresented their financial status, and refused to comply with the Court's orders for two months prior to filing the bond. At the time of the Court's orders, the act(s) of contempt had already occurred.

Third, Steele's representations to the subpoenaed parties are entirely without merit and misleading. Whether Steele "finds" that Smith's discovery requests were "stayed" is neither relevant nor a proper objection to discovery, even if properly asserted. As already made clear to Plaintiff's Counsel, Fed.R.Civ.P. 45 allows the subpoenaed party only to object. Dkt. No. 125 Steele has no such procedural right and certainly no authority to withdraw *sua sponte* an adversary's subpoena issued to a witness. Steele's proper procedural course, if a meritorious objection even exists, is to move to stay discovery. *See, e.g.*, *Hunt Int'l Resources Corp. v. Binstein*, 98 F.R.D. 689, 690 (N.D.Ill. 1983); *Mann v. Thompson*, No. 05-cv-0048, 2006 U.S. Dist. LEXIS 43084, *30 (E.D. Wis. June 15, 2006) (A motion to strike is not the proper method of objecting to improper discovery requests.). *See also AF Holdings LLC v. Navasca*, No. 12-cv-02396, 2013 U.S. Dist. LEXIS 149156, *18 ("[Plaintiff's C]ounsel is apparently not familiar with the rules of federal procedure, or with basic principles of motion practice."). Nowhere in Fed.R.Civ.P. 45 is it contemplated that the adversary of the party seeking the information may advise, no matter the reasons, the person commanded by the subpoena to produce the information to ignore the subpoena's command. Yet, that is exactly what happened here. Steele, like Duffy before him, took it upon himself to limit or attempt to "quash" the subpoenas by inappropriately notifying the third parties of a "stay."[1] In doing so he arrogated to himself a power assigned to the Court under the Rule. The violation is clear and it is sanctionable.

Smith respectfully submits that nothing short of a Court order can undo this damage. Undoubtedly, the objections were meant solely to frustrate and impede Smith's attempt to obtain

---

[1] This is not Plaintiff's Counsel's first attempt to obstruct discovery premised upon a "misperceived stay." See Dkt. No. 116, *Motion to Quash Subpoenas Issued by Anthony Smith in Violation of the Court's Stay.*

evidence about the veracity of Plaintiff's Counsel's representations. Here, Plaintiff's Counsel wrongly "advised" the subpoenaed parties away from producing materials directly relevant to Smith's motion. Such unsolicited legal advice is entirely improper when directed to a duly subpoenaed witness.[2] *Castillo v. St. Paul Fire & Marine Ins. Co.*, 828 F. Supp. 594, 597-98 (C.D. Ill. 1992) (finding contempt for obstructing discovery and imposing sanctions pursuant to 28 U.S.C. §1927); *Fox Indus., Inc. v. Gurovich*, No. 03-cv-5166, 2006 U.S. Dist. LEXIS 73035 (E.D.N.Y. Oct. 6, 2006) (Sanctioning defendant who informed non-parties that "the subpoena is null and void as a matter of law and should not be complied with."). *See also Price v. Trans Union, L.L.C.*, 847 F. Supp. 2d 788 (E.D. Pa. 2012).

Any argument by Plaintiff's Counsel that "no prejudice" ensued in this case misapprehends the harm caused in this case. Even if Plaintiff's Counsel has withdrawn the "advice" he refuses to confirm he has done so. Plaintiff's Counsel's uncooperative discovery tactics impose yet another cost upon Smith and the Court, requiring Smith to file this motion, and additional action by the Court. This not only increases the expense of this litigation to the parties as a whole, but requires the expenditure of judicial resources unnecessarily. When a party recklessly and repeatedly creates needless costs the other side is entitled to relief. *In re TCI Ltd.*, 769 F.2d 441, 446 (7th Cir. 1985); *Troost v. Kitchin (In re Kitchin)*, 327 B.R. 337, 368-369 (Bankr. N.D. Ill. 2005). *See also In re Prudential*, 278 F.3d 175, 187 (E.D. Pa. 2002) ("[T]he principal purpose of imposing sanctions under [§ 1927] is the deterrence of intentional and unnecessary delay in the proceedings.").

## V. CONCLUSION

There have been warnings. There have been orders. There have been directions on the record. Yet, Plaintiff's Counsel continues to engage in dilatory tactics and dilettante arguments.

Based on Plaintiff's Counsel's obstreperous conduct in connection with the defense of these proceedings, further sanctions are warranted. Smith respectfully submits that the only way to undo Plaintiff's Counsel's continuing wrongful interference is for the Court to: 1) issue further monetary sanctions against Plaintiff's Counsel; and 2) order Plaintiff's Counsel to send a letter rescinding the "stay notice" with a copy of the Court's order directing that the rescission letters be sent, and stating

---

[2] Such advice also runs afoul of Ill. Rule of Professional Conduct 3.4(a) which provides:

A lawyer shall not: 1) unlawfully obstruct another party's access to evidence or unlawfully alter, destroy or conceal a document or other material having potential evidentiary value. A lawyer shall not counsel or assist another person to do any such act.

that the Court authorizes the parties to respond to the subpoenas. The appropriate amount of sanctions to be awarded should be calculated to deter this type of conduct, and may take into consideration Smith's attorney fees incurred in the amount of $4,908 in connection with this motion.

Dated: April 18, 2014                                         Respectfully submitted,

                                                              /s/ Jason E. Sweet
                                                              Jason E. Sweet BBO # 668596

                                                              Counsel for Defendant Smith
                                                              *Admitted Pro Hac Vice*

                                                              BOOTH SWEET LLP
                                                              32R Essex Street, Suite 1
                                                              Cambridge, MA 02139
                                                              jsweet@boothsweet.com
                                                              T: (617) 250-8619
                                                              F: (617) 250-8883


**CERTIFICATE OF COMPLIANCE WITH RULE 37**

As required by Fed. R. Civ. P. 37(a)(1), counsel for Smith hereby certifies that they have conferred in good faith with Plaintiff's Counsel to try to resolve the disputes related to the production of the documents by non-parties.

Dated: April 18, 2014                                         /s/ Jason E. Sweet


**CERTIFICATE OF SERVICE**

I, Jason E. Sweet, hereby certify that a copy of the foregoing document, filed through the ECF system on Dated: April 18, 2014, was sent electronically on that date to the registered participants as identified in the Notice of Electronic Filing.

Dated: April 18, 2014                                         /s/ Jason E. Sweet

# EXHIBIT A

**From:** john steele <johnlsteele33140@gmail.com>
**Date:** April 11, 2014 12:03:26 PM EDT
**To:** Dan Booth <dbooth@boothsweet.com>
**Subject: Subpoenas issued in March**

I have just received your most recent round of subpoenas dated march 26, 2014.  As you know the action has been stayed and any outstanding subpoenas must be withdrawn. I have already contacted the third parties involved, and notified them.

Please confirm that you have withdrawn your subpoenas to the entities listed in your package to me. Also, please confirm you have no other subpoenas outstanding at this time.

John Steele

_____

On Fri, Apr 11, 2014 at 3:09 PM, jsweet@boothsweet.com <jsweet@boothsweet.com> wrote:
John

I presume your email is in reference to the Court's April 4th Order. [Dkt. #148]. If so, you'll note the Order clearly states "The Court considers the proposed supersedeas bond sufficient to stay the Contempt Order".

The subpoenas of which you complain were issued in conjunction with our March 20th motion [Dkt. #135]. The Court "consider[s] that motion as a motion for an additional sanction for contempt since it relates directly to representations made in Court and in the financial statements by plaintiff's counsel.Counsel, Steele, Duffy and Hansmeier, shall respond to the March 20 motion, no later than April 20, 2014. Upon reviewing those responses, the Court will consider whether to require another hearing and the range of sanctions that it may be considering, if any."

In short, the motion has not yet been ruled on; the stay relates only to the joint motion for contempt; and you should know better.

So here's what I need from you: 1) to stop interfering with legitimate discovery efforts; and 2) confirmation in the form of faxes or emails from each of the entities you inappropriately contacted stating that you cleared up this "misunderstanding" and that discovery is back on track.

I expect you to have fully complied by 5pm est. Get crackin'.

Jason
_____

On Apr 11, 2014, at 6:30 PM, john steele wrote:

I promise that I will address your most recent round of subpoenas as appropriate.  I'm just thankful that you actually supplied me with a copy this time.

John Steele
_____

On Fri, Apr 11, 2014 at 6:46 PM, jsweet@boothsweet.com <jsweet@boothsweet.com> wrote:

John

You've told me that you "have contacted the third parties involved, and notified them the action has been stayed and any outstanding subpoenas" are to be withdrawn.

What you have not provided me with is confirmation by 5pm est in the form of faxes or emails from each of the entities you inappropriately contacted stating that you cleared up this "misunderstanding" and that discovery is back on track.

You have not done so.

Jason

---

**From:** john steele <johnlsteele33140@gmail.com>
**Date:** April 12, 2014 at 10:13:12 AM EDT
**To:** "jsweet@boothsweet.com" <jsweet@boothsweet.com>
**Subject: Re: Subpoenas issued in March**

Since you are now repeating yourself, please see my earlier email.

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

LIGHSPEED MEDIA CORP.,

        *Plaintiff*,

    *v.*

ANTHONY SMITH, et al.,

        *Defendants.*

Civil No. 3:12-cv-889-DRH-SCW

## PAUL HANSMEIER'S MOTION FOR SANCTIONS AND TO QUASH

Anthony Smith's counsel, Jason Sweet, has grossly abused the subpoena process. Sweet invoked this Court's authority to issue non-party subpoenas without issuing prior notice—or any notice, for that matter—to Hansmeier and perhaps others. Indeed, Hansmeier was first notified of Sweet's subpoenas when, on Friday April 18, 2014, Smith filed a motion for sanctions against Hansmeier for allegedly interfering with subpoenas that *he never notified Hansmeier of*.[1] Sanctions are clearly warranted.

Making matters worse, this is not the first time Sweet has abused the subpoena process in these proceedings. On or around March 7, 2014, Sweet issued a round of stealth subpoenas, and was caught red-handed when one of the recipients—Google, Inc.—notified Hansmeier of the subpoena. When confronted

---

[1] The staggering chutzpah in Sweet's latest sanctions motion will be addressed in Hansmeier's forthcoming response and cross-motion for sanctions.

with his misconduct, Sweet quickly capitulated and withdrew the improperly-issued subpoenas.

Although under no obligation to do so, Hansmeier offered Sweet the same opportunity with respect to the subpoenas at issue in this motion. This time, however, Sweet appears to be adopting a different strategy: Sweet is ignoring Hansmeier's attempts to resolve the matter without court intervention in an apparent hope that the matter will disappear. It will not. District courts are well within their discretion to sanction attorneys who issue non-party subpoenas without the required notification to parties under Federal Rule of Civil Procedure 45. *See Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec*, 529 F.3d 371, 378–79 (7th Cir. 2008). There is no reason for this Court to endorse Sweet's abuse of its authority by allowing it to go unpunished. This is particularly true in an action, such as this, where the Court has previously accorded Sweet great deference.

For the reasons described herein, the Court should order Sweet to provide a sworn accounting of all of the subpoenas and related correspondence he has issued in this case. In addition, Hansmeier requests that the Court (1) quash and order the immediate withdrawal of all subpoenas issued by Sweet and his firm in this action since March 1, 2014; (2) order the destruction of any information obtained pursuant to these subpoenas; (3) enter a permanent injunction barring the disclosure or use by Smith or his counsel of any information obtained pursuant to these subpoenas; (4) prohibit Smith or his counsel from issuing further subpoenas from this action without prior leave of the Court; and (5) impose an appropriate sanction in light of

the circumstances, once they are fully known. If warranted, such a sanction should include amounts sufficient to deter Sweet from engaging in future misconduct and to compensate Hansmeier for the time spent he spent preparing and prosecuting this motion.

I.  **BACKGROUND**.

This case has a multi-year history, but the relevant events occurred within the past six months. On November 27, 2013 the Court entered an order imposing over a quarter-million dollars in sanctions joint and severally against attorneys Paul Duffy, John Steele and Paul Hansmeier in favor of the defendants. (Dkt. #100.) The sanctions order went unpaid. On December 27, 2013 the defendants filed a joint motion for contempt against the sanctioned attorneys. (Dkt. #107.)

On January 30, 2014 the sanctioned attorneys filed a motion to quash certain subpoenas issued by Sweet. (Dkt. #116.) Among other things, the subpoenas sought detailed financial information about Steele, Duffy and Hansmeier, and fifteen persons and entities that were not parties to the sanctions order. (*Id.*) After taking the matter under consideration, the Court denied the motion to quash, and allowed Sweet to obtain extensive information about the financial positions of Duffy, Steele and Hansmeier and fifteen other natural persons and entities. (Dkt. #125.)

A hearing on the contempt motion was held on February 13, 2014. (Dkt. #123.) At the hearing, Duffy, Steele and Hansmeier all claimed an inability to pay the sanctions award, and the Court ordered them to support these statements by submitting CPA-prepared statements of financial position. (*Id.*) The attorneys

complied. On March 20, 2014 Smith unilaterally filed an *ex parte* motion for

contempt, which included over 180-pages of information he obtained in the course of

his broad-based discovery. (Dkt. #135.) Four days later, on March 24, 2014 the

Court granted the original joint motion for contempt. (Dkt. #136.)

A few weeks earlier, on or around March 7, 2014, Sweet had issued a second

round of subpoenas captioned from this case, without providing the required Rule

45 notice to Hansmeier. *See* Hansmeier Decl., at ¶2. Hansmeier first learned of

these subpoenas when he received a notice from his e-mail provider, Google,

informing him about a subpoena it had received. *See id.*, at Exhibit A. After

receiving notice from Google, Hansmeier contacted Sweet to learn if Sweet was,

indeed, issuing *ex parte* subpoenas. *See Id.*, at Exhibit B. Sweet responded by

stating that notice to Hansmeier was not necessary because, *inter alia*, Sweet did

not believe that there was "any legally cognizable basis upon which [Hansmeier]

may have to challenge [the subpoenas]." *Id.* Sweet further stated that this Court

had determined that "service on Plaintiff's counsel Paul Duffy constitutes service

upon [Hansmeier] as well." *Id.* Hansmeier noted that a subpoena to Google, which

provides e-mail service for Hansmeier's law firm, could implicate "information that

is potentially subject to the attorney-client privilege." *Id.*

In the end, Sweet provided Hansmeier with a list of subpoenaed non-parties

and, "in the interest of judicial economy", agreed to withdraw the March 7, 2014

subpoenas. *Id.* Sweet also stated that he would be reissuing the subpoenas in the

future and indicated that he would serve Hansmeier with the reissued subpoenas

"via certified mail." *Id.* Hansmeier heard nothing further from Sweet on this issue
until Sweet filed the April 18, 2014, motion. *Id.*, at ¶4.

On April 18, 2014, Sweet filed a motion titled "Motion for Sanctions for
Obstructing Discovery." (Dkt. #153.) Sweet's motion referenced post-contempt order
"subpoenas issued on March 24, 2014." (*Id.*, at 2.) Hansmeier did not receive notice
of these subpoenas from Sweet. After reviewing Sweet's motion, Hansmeier
immediately contacted Sweet to determine whether he was, once again, engaging in
*ex parte* subpoena practice. Hansmeier Declaration, at Exhibit C. Despite the
passage of over three days, Sweet has not responded to Hansmeier's e-mail in any
manner whatsoever. (*See id.*)

## II.   <u>LEGAL STANDARD.</u>

Rule 45 of the Federal Rules of Civil Procedure governs the use of subpoenas.
A party must serve each party with prior notice if the subpoena commands the
production of documents. Fed. R Civ. P. 45(a)(4). Prior notice is required in order "to
afford other parties an opportunity to object to the production or inspection, or to
serve a demand for additional documents or things." Fed. R. Civ. P. 45 committee
note, 1991 amendments. "The [prior notice] requirements of Rule 45 are clear."
*Judson Atkinson Candies*, 529 F.3d at 386.

"The subpoena power is a substantial delegation of authority to private
parties, and those who invoke it have a grave responsibility to ensure it is not
abused." *Theofel v. Farey-Jones*, 359 F.3d 1066, 1074 (9th Cir. 2004). Since the 1991
Amendments to the Federal Rules of Civil Procedure, attorneys have been vested

with the power, as officers of the court, to issue subpoenas rather than having to obtain them from a clerk. As the Advisory Committee noted at the time the Amendments were adopted, "Necessarily accompanying the evolution of this power of the lawyer as an officer of the court is the development of increased responsibility and liability for the misuse of this power." Fed. R. Civ. P. 45 committee note, 1991 amendments.

A court, under its inherent powers, may sanction conduct that it finds to be an abuse of the judicial process. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43–44 (1991). In order to impose sanctions pursuant to its inherent power, a court must find that the party "acted in bad faith, vexatiously, wantonly, or for oppressive reasons…." *Methode Elecs., Inc. v. Adam Techs., Inc.*, 371 F.3d 923, 2938 (7th Cir. 2004).

### III.   SWEET'S CONDUCT MERITS SANCTIONS.

Sweet's decision to issue subpoenas in violation of Rule 45's "prior notice" requirements was a gross abuse of his subpoena power. To say that Sweet violated Rule 45's "prior notice" requirement  fails to capture the gravity of Sweet's abdication of responsibility: Because Sweet has sought, if not obtained, information that he potentially had no right to receive, "[t]he subpoena[s'] falsity transformed the access of [Hansmeier's information] from a bona fide state-sanctioned inspection into private snooping." *Theofel*, 359 F.3d at 1073 (citations omitted). "To knowingly abuse [the subpoena] power is an affront to the fair and impartial administration of justice and is subject to sanctions under the inherent power of the court," *In re Air*

*Crash at Charlotte, N.C.*, 983 F. Supp. 1092, 1101 (D.S.C. 1997), and the Federal Rules. Indeed, Smith's withdrawn subpoenas, including a subpoena issued for information from Hansmeier's e-mail account, directly implicates the attorney-client privilege, which Hansmeier is obligated to defend at all costs. Further, Sweet's wanton abuse continued even though he had been caught red-handed. Accordingly, this Court should find that Sweet's conduct merits severe sanctions under Rule 45.

The facts certainly suggest that Sweet has engaged in conduct warranting a severe sanction. *First*, Sweet has engaged in a pattern of deception, having failed at least once before to notify Hansmeier of third-party subpoenas. *Second*, to the extent Sweet has received information in response to the subpoenas he issued, he has not provided Hansmeier with copies of any such responses. *See Murphy v. Bd. of Edu. Of Rochester City Sch. Dist.*, 196 F.R.D. 220, 226 (W.D.N.Y. 2000) (where attorney issued third-party subpoenas without notifying opposing party, failure to share information obtained pursuant to subpoena weighed in favor of imposing sanctions). *Third*, Smith's prior subpoenas sought information from, among others, T-Mobile, Google and Twitter. Twitter is a service that allows users to post messages online in 140-characters or less. What possible relevance this service could have to the issue before the Court—namely, Hansmeier's ability to pay—is beyond comprehension. Does Smith really think that Hansmeier could order up a wire transfer, for example, on Twitter in 140 characters or less? *Finally*, absent a complete accounting of Sweet's improper behavior, one that he has thus far been unwilling to shed any light on, his conduct must be considered ongoing. *See* Fed. R.

Civ. P. 45(e)(2)(B) (requiring immediate return, sequester, or destruction of improperly obtained privileged materials).

In summary, on multiple occasions, Sweet has invoked this Court's authority to issue dozens of subpoenas without abiding by the mandates of Rule 45. He has further failed to respond to Hansmeier's requests for basic information about what subpoenas have been issued. It is likely that several of Sweet's subpoenas have no tangible relevance to the issues before the Court, and that several implicate the attorney-client privilege. Accordingly, Hansmeier requests that the Court order Sweet to provide a sworn accounting of all of his actions related to the issuance and service of any subpoena he has issued in this action, including (1) a list of all subpoenas he has issued since March 1, 2014; and (2) specification of the all information he has obtained in response to the subpoenas. Sweet should be required to file the complete information under seal. Sweet should further be required to aver that he has provided complete information about each of these categories.

In addition, Hansmeier requests that the Court (1) quash all subpoenas issued by Sweet since March 1, 2014; (2) order Sweet to withdraw any outstanding subpoenas; (3) enter a permanent injunction barring the disclosure or use by Sweet, Smith or any of their agents, of any information obtained pursuant to a subpoena in this action; (4) prohibit Smith or his counsel from issuing further subpoenas from this action without prior leave of the Court; and (5) impose an appropriate sanction in light of the circumstances, once they are fully known. Hansmeier also requests the Court order Sweet to provide a copy of that order to each third-party that has

been subpoenaed in this action. Finally, pursuant to Rule 45(c)(1), Hansmeier asks that Sweet (or his client) be ordered to reimburse the third-parties for the expenses Sweet has imposed on them.

In considering Hansmeier's motion, the Court should ask itself whether Sweet has any legitimate reason to be continuing his discovery campaign. The Court granted the sanctioned attorneys' motion for a stay. Sweet's renewed motion for contempt is fully briefed. Sweet cannot plausibly claim that the extraordinarily broad discovery he has already taken was insufficient for him to make his case regarding any of these attorneys' ability to pay. Indeed, the documents attached to Sweet's motion suggest that he obtained the details of every one of Hansmeier's transactions since 2010. And should Sweet argue that more discovery is needed, then he has wasted this Court's and the sanctioned attorneys' time by filing his motion prematurely, and he (and his client) should be required to reimburse the affected parties' for the wasted time.

## IV.    **CONCLUSION**.

Sweet has taken inexcusable liberties at the expense of Hansmeier, Duffy and Steele and the Court. Discovery is not a game, nor is it a tool to be wielded irresponsibly. Sweet has been warned once before that Hansmeier would seek judicial intervention in connection with Sweet's misconduct, but has failed to heed such warnings. Hansmeier respectfully asks this Court to demand a full accounting of Sweet's actions regarding the subpoenas in this litigation, to quash all post-March 1, 2014 subpoenas and subsequently to impose an appropriate sanction.

April 22, 2014

/s/ Paul Hansmeier
Paul Hansmeier
80 S. 8th St. Ste 900
Minneapolis, MN 55402
612-234-5744

**CERTIFICATE OF SERVICE**

I hereby certify that on April 22, 2014 I filed the foregoing document through the Court's CM/ECF system, which will electronically serve this document on all parties of record.

/s/ Paul Hansmeier

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**LIGHSPEED MEDIA CORP.,**

        *Plaintiff,*

    *v.*

**ANTHONY SMITH, et al.,**

        *Defendants.*

Civil No. 3:12-cv-889-DRH-SCW

## DECLARATION OF PAUL HANSMEIER

1.    I submit this Declaration in connection with Paul Hansmeier's Motion for Sanctions and to Quash.

2.    I never received the notice contemplated by Federal Rule of Civil Procedure 45(a)(4) of subpoenas issued by Anthony Smith in this case on or around March 7, 2014. This lack of notice includes a mailed or electronic copy of the subpoenas. The first I learned of these subpoenas was when I received a notification from my e-mail provider, Google, notifying me of the company's receipt of a subpoena seeking information about my Internet account. Attached hereto as Exhibit A is a true and correct copy of the notice I received from Google. Among other things, the notice makes clear that the subpoena was issued from this case and that the issuing attorney was Jason Sweet. I received the notification from Google approximately one week after Jason Sweet issued the subpoena.

3.    After receiving the notice from Google, I contacted Jason Sweet to gather more information about the subpoenas. A true and correct copy of our correspondence is attached hereto as Exhibit B.

4.    I did not hear anything further from Jason Sweet on this issue until Jason Sweet filed his April 18, 2014 motion seeking to hold me in further contempt of court for interfering with subpoenas he never notified me about. After reviewing his April 18, 2014 motion, I contacted Jason Sweet to gather information about what appeared to be another round of *ex parte* subpoenas. A true and correct copy of that correspondence is attached hereto as Exhibit C.

This Declaration is submitted pursuant to 28 U.S.C. § 1746. I declare under penalty of perjury that the foregoing is true and correct.


Executed on April 22, 2014.


Paul Hansmeier

# EXHIBIT A

Paul Hansmeier <prhansmeier@gmail.com>

---

# [3-5493000003024] Subpoena notice from Google (Internal Ref. No. 415655)

**google-legal-support@google.com** <google-legal-support@google.com>     Thu, Mar 13, 2014 at 4:26 PM
To: google-legal-support@google.com

Hello,

Google has received a subpoena for information related to your Google account in a case entitled Lightspeed Media Corporation v. Anthony Smith, et al., United States District Court for the Southern District of Illinois, 3:12-cv-00889-DRH-SCW (Internal Ref. No. 415655).

To comply with the law, unless you provide us with a file-stamped motion to quash the subpoena (or other formal objection filed in court) via email at google-legal-support@google.com by 5pm Pacific Time on April 2, 2014, Google may provide responsive documents on this date.

The party or counsel seeking the information is:

Jason Sweet
Booth Sweet LLP
32R Essex Street
Cambridge, Massachusetts 02139
617-250-8619

Google is not in a position to answer questions regarding the subpoena or provide you with legal advice.

If you have other questions regarding the subpoena, we encourage you to contact an attorney.

Thank you,

Legal Investigations Support

# EXHIBIT B

# Lightspeed v. Smith et al; Ex Parte Subpoena Practice

7 messages

**Paul Hansmeier** <prhansmeier@thefirm.mn>                    Tue, Mar 18, 2014 at 9:48 AM
To: Jason Sweet <jsweet@boothsweet.com>, "dbooth@boothsweet.com" <dbooth@boothsweet.com>, john steele
<johnlsteele33140@gmail.com>, Paul Duffy <paduffy@wefightpiracy.com>

Gentlemen:

I was informed last week by Google that you issued subpoenas captioned from the *Lightspeed v. Smith* matter. I
was never provided with a notice copy of any such subpoenas, as is required under Rule 45(a)(4). Nor was I
provided with copies of any subpoenas you have issued with respect to the information of Mr. Steele or Mr. Duffy.
It should go without saying that *ex parte* subpoena practice is a very serious breach of an attorney's duty as an
officer of the court. If have not received a copy of every subpoena you have issued in this matter by close of
business Thursday, I intend to seek all necessary relief from the Court, which will include a request for costs and
fees. Please accept this e-mail as my effort to meet and confer on this discovery issue.


Regards,
Paul Hansmeier

---

**jsweet@boothsweet.com** <jsweet@boothsweet.com>                    Tue, Mar 18, 2014 at 11:18 AM
To: Paul Hansmeier <prhansmeier@thefirm.mn>
Cc: Dan Booth <dbooth@boothsweet.com>

Mr. Hansmeier

Pursuant to Rule 45(a)(4), each *party* must be provided with prior notice of any commanded documents. To that
end, I have sent copies to the Plaintiff, Lightspeed Media. As you have repeatedly asserted before the Court, you
are not a party to this matter. As such, nothing in the rules required I serve you with the subpoenas or give you
notice thereof.

Even if you were entitled to notice or service, Mr. Steele's motion to quash the first wave of subpoenas already
failed to demonstrate any legally cognizable basis upon which you may have to challenge this second round as
well. Furthermore, as the Court has already determined, service on Plaintiff's counsel Paul Duffy constitutes
service upon you as well.

I can inform you that the subpoenas are directed to T-Mobile, American Express, MasterCard, GoDaddy,
TransFirst, Hotmail, Google and Twitter. I can also state that I have not received any documents in response to
any of the subpoenas issued to the above entities.


Regards,
Jason Sweet
[Quoted text hidden]

Jason Sweet
Booth Sweet LLP
32R Essex Street
Cambridge, MA 02139
T: (617) 250-8619
F: (617) 250-8883

This e-mail is from the law firm Booth Sweet LLP, and may contain information that
is confidential or privileged. If you are not the intended recipient, do not read, copy or distribute
the e-mail or any attachments. Instead, please notify the sender and delete the e-mail and any
attachments.

---

 **BoothSweet.pdf**
14K

---

**Paul Hansmeier** <prhansmeier@thefirm.mn>                    Tue, Mar 18, 2014 at 11:27 AM
To: "jsweet@boothsweet.com" <jsweet@boothsweet.com>
Cc: Dan Booth <dbooth@boothsweet.com>, john steele <johnlsteele33140@gmail.com>, Paul Duffy
<pduffy@pduffygroup.com>

Mr. Sweet:

I am in receipt of your confirmation of your refusal to provide me with a copy of the subpoenas you are issuing.
You have no basis whatsoever for engaging in this *ex parte* subpoena practice. I will be asking the Court for relief.

Regards,
Paul
[Quoted text hidden]

---

**jsweet@boothsweet.com** <jsweet@boothsweet.com>                    Tue, Mar 18, 2014 at 11:52 AM
To: Paul Hansmeier <prhansmeier@thefirm.mn>

Paul

The Rule is clear: "each *party* must be provided with prior notice of any commanded documents." You have
argued in pleadings submitted to the Court and in hearings before it that you were never a party to these
proceedings. Am I somehow incorrect in my review of the docket? If so, please tell me.

To be clear: I need you to confirm whether or not it is your position that you are and always have been a party in
this matter. If you are, I'd be happy to contact each of the entities below and withdraw my subpoenas; then
reissue them with today's date and email you copies.

Regards,
Jason
[Quoted text hidden]

---

 **BoothSweet.pdf**
14K

**Paul Hansmeier** <prhansmeier@thefirm.mn>                                Tue, Mar 18, 2014 at 12:35 PM
To: "jsweet@boothsweet.com" <jsweet@boothsweet.com>, "dbooth@boothsweet.com"
<dbooth@boothsweet.com>, Paul Duffy <pduffy@pduffygroup.com>, john steele <johnlsteele33140@gmail.com>

Mr. Sweet:

In my forthcoming motion, it will be my position that, as a person subject to the sanctions award out of Southern
Illinois, I am entitled to notice of all subpoenas issued in furtherance of satisfaction of that award.

If you confirm via e-mail before the end of today that you have withdrawn each subpoena issued without
notification to me, and provide me with the contact information of the person at each subpoenaed entity so I may
confirm your representation, then I will not seek relief from the court. If you do no do so, then I plan on seeking
relief from the court at the earliest possible opportunity, as your subpoenas implicate, among other things,
information that is potentially subject to the attorney-client privilege.

Please let me know what you intended course of action is.

Regards,
Paul Hansmeier
[Quoted text hidden]

---

**jsweet@boothsweet.com** <jsweet@boothsweet.com>                          Tue, Mar 18, 2014 at 1:38 PM
To: Paul Hansmeier <prhansmeier@thefirm.mn>
Cc: "dbooth@boothsweet.com" <dbooth@boothsweet.com>, Paul Duffy <pduffy@pduffygroup.com>, john steele
<johnlsteele33140@gmail.com>

Paul

I disagree with you on your interpretation of Rule 45 (see. e.g. *FTC v. Trudeau*, 2012 U.S. Dist. LEXIS 160545
(N.D. Ohio  Nov. 8, 2012)), however, in the interest of judicial economy I will withdraw the subpoenas today.
When I send out new copies tomorrow, I will email them to you and Messrs. Steele and Duffy. Or would you
prefer I send them via certified mail so that you each may later claim to have never received them?

Here's the contact info for each subpoenaed entity and copies of my correspondence.

**T-Mobile**
Fax: 973.292.8697

**American Express**
200 Vesey Street
New York, NY 10285

**MasterCard**
General Counsel
2000 Purchase Street
Purchase, NY 10577 USA

**GoDaddy**
Fax: 480.624.2546

**TransFirst**
Fax: 214.453.7739

**Microsoft Hotmail Legal Compliance**

**Google Legal Compliance**
Fax: 650-649-2939


**Twitter**
Fax: 415.222.9958


On Mar 18, 2014, at 1:35 PM, Paul Hansmeier wrote:

> Mr. Sweet:
>
> In my forthcoming motion, it will be my position that, as a person subject to the sanctions award out of Southern Illinois, I am entitled to notice of all subpoenas issued in furtherance of satisfaction of that award.
>
> If you confirm via e-mail before the end of today that you have withdrawn each subpoena issued without notification to me, and provide me with the contact information of the person at each subpoenaed entity so I may confirm your representation, then I will not seek relief from the court. If you do no do so, then I plan on seeking relief from the court at the earliest possible opportunity, as your subpoenas implicate, among other things, information that is potentially subject to the attorney-client privilege.
>
> Please let me know what you intended course of action is.
>
> Regards,
> Paul Hansmeier
>
>
> On Tue, Mar 18, 2014 at 11:52 AM, jsweet@boothsweet.com <jsweet@boothsweet.com> wrote:
> > Paul
> >
> > The Rule is clear: "each *party* must be provided with prior notice of any commanded documents." You have argued in pleadings submitted to the Court and in hearings before it that you were never a party to these proceedings. Am I somehow incorrect in my review of the docket? If so, please tell me.
> >
> > To be clear: I need you to confirm whether or not it is your position that you are and always have been a party in this matter. If you are, I'd be happy to contact each of the entities below and withdraw my subpoenas; then reissue them with today's date and email you copies.
> >
> > Regards,
> > Jason
> >
> >
> > On Mar 18, 2014, at 12:27 PM, Paul Hansmeier wrote:

# EXHIBIT C

Paul Hansmeier <prhansmeier@thefirm.mn>

---

## Motion for Sanctions

1 message

---

**Paul Hansmeier** <prhansmeier@thefirm.mn>                              Fri, Apr 18, 2014 at 2:21 PM
To: Jason Sweet <jsweet@boothsweet.com>, "dbooth@boothsweet.com" <dbooth@boothsweet.com>, john steele
<johnlsteele33140@gmail.com>, Paul Duffy <pduffy@pduffygroup.com>

Gentlemen:

I have had an opportunity to review your most recent motion for sanctions. I never received the subpoenas at
issue in the motion. Could you please forward me electronic copies of the subpoenas at your earliest possible
convenience? If you did, in fact, mail me the subpoenas, could you please send me the tracking number of the
package so I can find out where they are? I will again remind you that you have an absolute obligation under Rule
45 to furnish me with a copy of any subpoenas you issue.

Further, I would ask you to withdraw your motion for sanctions immediately. Your motion does not allege that I
engaged in any wrongdoing, and for that (among other) reasons it is frivolous as to me. If you do not withdraw
your motion by noon (Central) Monday 4/21/14 I intend to seek sanctions for being forced to defend myself
against a sanctions motion that does not even allege wrongdoing.

Finally, please accept this e-mail as my attempt to meet-and-confer regarding my forthcoming motion to quash,
for a protective order and for permanent stay of discovery. The grounds for my motion will be that the posting of
the supersedeas bond eliminates any basis on which you might be entitled to seek discovery. Please indicate
your positions on this issue.


Regards,
Paul

**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| LIGHTSPEED MEDIA CORPORATION,   ) | |
|           ) | |
|     Plaintiff,       ) | |
|           ) | |
| v.          ) | Case No. 3:12-cv-00889 |

LIGHTSPEED MEDIA CORPORATION,   )

    Plaintiff,   )

v.   )   Case No. 3:12-cv-00889

ANTHONY SMITH, SBC INTERNET SERVICES, )
INC., d/b/a AT&T INTERNET SERVICES; AT&T )
CORPORATE REPRESENTATIVE #1; COMCAST )
CABLE COMMUNICATIONS, LLC, and )
COMCAST CORPORATE REPRESENTATIVE #1, )

    Defendants.   )

**SUPPLEMENTAL DOCUMENTATION IN SUPPORT OF
SMITH'S MOTION FOR DISCOVERY SANCTIONS [ECF No. 153]**

PLEASE TAKE NOTICE that Defendant Smith hereby files this Supplemental Exhibit B in support of his Motion for Discovery Sanctions, and hereby states the following:

1. On April 11, 2014, Smith's counsel received an email from Steele wherein he stated:

   "I have just received your most recent round of subpoenas dated march 26, 2014. As you know the action has been stayed and any outstanding subpoenas must be withdrawn. I have already contacted the third parties involved, and notified them."

*See* Exhibit A.

2. On April 16, 2014—five days after Smith's counsel explained to Steele the fallacy of his contention—Steele sent at least one bank, Sabadell Utd., the attached fax (Supplemental Exhibit B) claiming the subpoena it received was stayed.

3. As Smith's counsel noted, Plaintiff' Counsel's proper procedural course, if a meritorious objection to the subpoenas even exists, was to move to stay or quash. In fact, Hansmeier filed a motion to quash *all* the subpoenas issued on April 23, 2014 (ECF No. 157)—undermining any contention Plaintiff's Counsel have that an effective stay was in place, that they are not working in concert and underscoring the fact these tactics are meant solely to frustrate and impede Smith's attempt to obtain evidence about the veracity of Plaintiff's Counsel's representations.

Dated: April 23, 2014

Respectfully,


s/ Jason E. Sweet
_____
Jason E. Sweet (BBO# 668596)
BOOTH SWEET LLP
32R Essex Street
Cambridge, MA 02139
Tel.: (617) 250-8619
Fax: (617) 250-8883
Email: jsweet@boothsweet.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 26, 2012, the foregoing document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, and paper copies will be served via first-class mail to those indicated as non-registered participants.


s/ Jason E. Sweet Jason E. Sweet

# EXHIBIT B

To:       Page 1 of 3                    2014-04-23 10:13:10 EDT              13056756248   From: Legal Department

Case 3:12-cv-00889-DRH-SCW   Document 158-1   Filed 04/23/14   Page 2 of 4   PageID 3594
Case: 14-1682   Document: 28-15        Filed: 07/30/2014    Pages: 191

**Sabadell** United Bank 

FOR MODERN TIMES, A CLASSIC BANK.

# JOHN L. STEELE

April 16, 2014

**RECEIVED**

APR 1 6 2014    4:17 pm

**RECORDS CUSTODIAN**

Faxed to 305-675-6274

Dear Mrs. Guerrero,

It was a pleasure speaking with you today.  I have attached the order we spoke about.  The subpoena you have is dated March 26, 2014, and the order I have included shows that the Court stayed the matter on April 4, 2014.  Please let me know if you need anything else. Thank you for your help in this matter.  I can be reached at 786-612-9455 or johnlsteele33140@gmail.com if you need anything else.

Sincerely,

John Steele

50 SAMANA DR., MIAMI FL 33133
786-612-9455  JOHNLSTEELE33140@GMAIL.COM

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| LIGHTSPEED MEDIA CORPORATION, ) | |
| ) | |
| Plaintiff, ) | Case No. 3:12-cv-00889-GPM-SCW |
| ) | |
| v. ) | **DEFENDANT ANTHONY** |
| ) | **SMITH'S CONSOLIDATED** |
| ANTHONY SMITH, SBC INTERNET SERVICES, ) | **REPLY TO PLAINTIFF'S** |
| INC., d/b/a AT&T INTERNET SERVICES; AT&T ) | **COUNSEL'S OPPOSITIONS** |
| CORPORATE REPRESENTATIVE #1; COMCAST) | **TO SMITH'S MOTION FOR** |
| CABLE COMMUNICATIONS, LLC, and ) | **CONTEMPT** |
| COMCAST CORPORATE REPRESENTATIVE #1, ) | |
| ) | |
| Defendants. ) | |

Defendant Anthony Smith ("Smith"), in further support of his motion for contempt (Doc. 135) (the "Smith Motion"), respectfully submits this Reply to the Oppositions (Doc. 154, 155, and 156 respectively) filed by Paul Hansmeier ("Hansmeier"), Paul Duffy ("Duffy") and John Steele ("Steele") (collectively "Plaintiff's Counsel").

## I.  Plaintiff's Counsel's Oppositions Justify This Reply Pursuant to Local Rule 7.1(c).

The Smith Motion included substantial evidence demonstrating that Plaintiff's Counsel, through the liberal use of aliases, are avoiding discovery while plundering the assets of Prenda Law. *See* Doc. 136 ("Contempt Order") p. 13 (noting that the Smith Motion "relates directly to representations made in Court and in the financial statements by plaintiff's counsel").[1] The Oppositions mischaracterize the Smith Motion's focus and its evidence, without presenting any evidence to the contrary. Moreover, while the Smith Motion was filed *ex parte*, Plaintiff's

---

[1] To mitigate the costs of discovery, Smith requested only the production of bank statements at this time. Smith is still awaiting additional documents requested from several banks, and has identified through discovery five more financial institutions likely to have relevant information. The documents received in discovery to date vary widely in the form and amount of information revealed, but they have yielded ample evidence that Plaintiff's Counsel's financial statements are materially incomplete.

Counsel saw fit to respond with sweeping *ad hominem* attacks on Smith's counsel, filed as public documents. Pursuant to Local Rule 7.1(c), their Oppositions give rise to exceptional circumstances that require this Reply to rectify Plaintiff's Counsel's most recent circumventions of the facts, the evidence, and common sense.

## II.     The Court's Contempt Order Did Not Stay Smith's Renewed Motion for Contempt.

Steele and Hansmeier contend that the relief Smith seeks is somehow "moot due to the recent stay of the contempt order." Doc. 156 p. 4; *see also* Doc. 154 p. 11. The contention is without merit, for the following reasons.[2]

1.     "The Court considers the proposed supersedeas bond sufficient to stay the Contempt Order." Doc. 148 p. 3. Yet the Court has issued no order from the Smith Motion that could be stayed. The Court considers Smith's Motion as a separate "motion for an additional sanction for contempt." Contempt Order p. 13; *see also* Doc. 153; Doc. 141 (Plaintiff's Counsel "respectfully request that the Court stay its order adjudging them to be in contempt").

2.     There is no authority for the proposition that belatedly filing a supersedeas bond excuses an act of contempt that had already been committed. *See* Doc. 153.

3.     Hansmeier filed a motion to quash Smith's subpoenas, belying any contention that an effective stay is in place. Doc. 157.

## III.    The Oppositions Fail to Counter the Authenticity of Smith's Evidence.

Plaintiff's Counsel object to a number of bank statements Smith submitted to the Court on the grounds that they have not been properly "authenticated" and that they are hearsay. Yet they do not seriously challenge the authenticity of the documents' substance, and the authentication is straightforward. Documents produced in response to discovery are self-authenticating. *Architectural Iron Workers Local No. 63 Welfare Fund v. United Contrs.*, 46 F. Supp. 2d 769, 772 (N.D. Ill. 1999) (*citing South Central Bank v. Citicorp Credit Services*, 863 F. Supp. 635, 645 (N.D. Ill. 1994)). Further, there is no error to admit as evidence documents that Plaintiff's Counsel themselves possess. *Id.* (*citing United States v. Brown*, 688 F.2d 1112 (7th

---

[2] Nor is this the first time Plaintiffs' Counsel have attempted to obstruct the legitimate course of discovery premised on a "misperceived stay." *See* Doc. 116, Doc. 135 p. 7, Doc. 153 p. 4.

Cir. 1982)). In addition to being self-authenticating, the documents produced that contain Plaintiff's Counsel's own statements are admissions, not hearsay. *Architectural Iron Workers*, 46 F. Supp. 2d at 772; Fed. R. Evid. 801(d)(2).

Federal Rule of Evidence 902(9) provides a simple means resolve this non-issue. Under the Rule, extrinsic evidence of authenticity is not required with respect to "[c]ommercial paper, signatures thereon, and documents relating thereto to the extent provided by general commercial law." Fed. R. Evid. 902(9). *See Boim v. Quranic Literacy Inst.*, 340 F. Supp. 2d 885, 916-17 (N.D. Ill. 2004) ("*Boim I*"); *Edward G. Bashian & Sons v. Am. Nat'l Bank & Trust Co.*, No. 96-cv-6021, 1997 U.S. Dist. LEXIS 8716, *19-22 (N.D. Ill. June 10, 1997). Copies of checks and other bank records are self-authenticating under FRE 902(9). *See In re Baker & Getty Financial Services, Inc.*, 98 B.R. 300, 305 (Bankr. N.D. Ohio 1989) (finding copies of checks, bank records, and a letter acknowledging a wire transfer self-authenticating and admissible in support of motion for summary judgment); *Edward G. Bashian*, 1997 U.S. Dist. LEXIS 8716 (telex communicating acceptance of drafts drawn under letter of credit admissible under FRE 902(9) as self-authenticating document). Further, "checks and bank records 'have independent legal significance' and are not hearsay." *Boim v. Quranic Literacy Inst.*, 349 F. Supp. 2d 1097, 1106 (N.D. Ill. 2004) ("*Boim II*") (*quoting Boim I* at 916-17). *See also Boim I* at 916-17 (quoting *Estates of Ament v. Townsend,* No. 98-cv-1918, 1998 U.S. Dist. LEXIS 8448 (N.D. Ill. May 29, 1998) and *Kepner-Tregoe, Inc. v. Leadership Software, Inc.,* 12 F.3d 527, 540 (5th Cir. 1994) ("'signed instruments such as wills, contracts and promissory notes are writings that have independent legal significance and are nonhearsay.'"); *Boim I*, at 917 ("bank records are particularly suitable for admission under Rule 803(6) in light of the fastidious nature of record keeping in financial institutions, which is often required by governmental regulation") (*citing United States v. Johnson,* 971 F.2d 562, 572 (10th Cir. 1992)).

Notably, Plaintiff's Counsel's clamor about documents filed in other proceedings by their former colleague Brett Gibbs ("Gibbs") never denies the documents' authenticity. Duffy, the

titular head of Prenda Law, does not deny that the Gibbs statements accurately reflect Prenda Law's accounts in 2012. Hansmeier has argued that, "if these documents are authentic, then they were stolen." Hansmeier Letter to Magistrate Judge Noel, *AF Holdings v. Doe*, No. 12-cv-1445 (D. Minn. Filed Oct. 20, 2013). Entries in the Gibbs documents corroborate the banks' statements, as Smith has shown. On their face, and from the surrounding circumstances, the documents have sufficient indicia of reliability to support a finding that they are genuine internal Prenda documents showing how the firm actually shuffled its funds, and how much of the funds made their way to Plaintiff's Counsel's pockets.

## IV.    The Oppositions Fail to Support Plaintiff's Counsel's Inability to Pay Defense.

While conceding that, from 2010 through October 2013, Plaintiff's Counsel earned millions, they now claim to possess no assets at all, or to have lacked sufficient assets to pay the sanctions ordered in November 2013. They argue that the millions they received in 2012 is not "probative of their financial position at the time of the sanctions order." *See, e.g.*, Doc. 154 p. 6. Steele claims to have "retired," and identifies no current employment. Similarly, Duffy and Hansmeier are involved in little or no pending litigation other than cases where they face personal liability. In the meantime, they seem to offer no explanation as to how their monthly expenses, including mortgages; food; health insurance; utility bills; property taxes; credit card bills; car lease; gas for the car; etc.—are being paid for.

These arguments fail to support Plaintiffs' Counsel's burden to prove their defense.

"Inability to pay is a valid defense in a contempt proceeding, but the party raising the defense has the burden of proving its inability to pay." *In re Re. Tech. Corp.*, 624 F.3d 376, 387 (7th Cir. 2010) (citing *United States v. Rylander*, 460 U.S. 752, 757 (1983)). In the case where there has been no attempt to comply with the Court's order, plaintiff's counsel must show a "complete inability to pay." *Id.* Plaintiff's counsel, "stated differently, … [has] the burden of establishing *clearly*, *plainly*, and *unmistakably* that compliance is *impossible*." *Id.* (internal citations and quotations omitted) (emphasis in original).

Contempt Order p.7.

Plaintiff's Counsel's remonstrations regarding their ability to pay the sanctions ordered are belied by the financial records presented to the Court: "The Court finds that plaintiff's counsel has not met its burden. They submitted incomplete, and to say the least suspicious, statements of financial condition."[3] *Id.* They made millions, but have refused to provide probative evidence identifying where those funds were transfered, the purpose of the transfers, or how the transfered funds were used. Plaintiff's Counsel seek to defeat any sanction with bare, unsupported claims of poverty, which cannot sustain the defense or moot their sanctionable acts.

## CONCLUSION

Smith therefore respectfully renews his request for all relief sought in the Smith Motion. *See* Doc. 135 at 15.


Dated: May 2, 2014                    Respectfully,

                                       /s/ Dan Booth
                                      Dan Booth (admitted *pro hac vice*)
                                      Email: dbooth@boothsweet.com

                                       /s/ Jason Sweet (*by consent*)
                                      Jason E. Sweet (admitted *pro hac vice*)
                                      Email: jsweet@boothsweet.com

                                      BOOTH SWEET LLP
                                      32R Essex Street
                                      Cambridge, MA 02139
                                      Tel.: (617) 250-8602
                                      Fax: (617) 250-8883

                                      *Counsel for Defendant Anthony Smith*

---

[3] Not content with their scurrilous suggestions that Smith and his counsel are liars, Hansmeier and Steele cast the same aspersions on the Court. *See, e.g.,* Dkt. No. 154 p.10 ("Hansmeier's CPA-prepared presentation of his financial position at the time of the sanctions order makes clear that he did not have this ability."); Dkt. 156 p. 5 ("Steele's submissions were accurate, and no filing since has disproved any aspect of Steele's statement.").

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS

LIGHTSPEED MEDIA CORPORATION,                CASE No. 3:12-CV-00889-GPM-SCW

      Plaintiff,

                                   Judge: Hon. David R. Herndon

v.

ANTHONY SMITH, et al,

      Defendants.

### OPPOSITION OF PAUL DUFFY TO ANTHONY SMITH'S
### MOTION FOR SANCTIONS FOR "OBSTRUCTING DISCOVERY"

      Respondent Paul Duffy, in response to Defendant Anthony Smith's Renewed Motion for

Contempt (ECF Dkt. #153) hereby joins, and hereby incorporates by reference as if fully set

forth herein the arguments stated in Paul Hansmeier's and John Steele's Memoranda in

Opposition To Anthony Smith's Motion for Sanctions for Obstructing Discovery (ECF Dkt.

#159, 160 respectively).

      Smith's motion for "obstructing discovery" fails to allege a single fact with respect to any

action that he believes that the undersigned took.  As such, the Motion is very highly unfounded

and frivolus on its face.  Booth Sweet, Smith's Massachusetts counsel, has in the past several

months established a practice of declaring individuals and entities as being "aliases" of one

another in an attempt to seek to hold specific entities liable for the alleged conduct of others.  It

is, of course, possible to allege that one entity vicariously liable for the acts of another under

well-settled legal doctrines.  But peremptorily declaring one entity to be an "alias" of another,

with absolutely no valid factual support, is not one of them.  If Booth Sweet had allegations

sufficient to allege that the undersigned liable under its motion for "obstructing discovery," it

would have asserted them.  Booth Sweet has not, and cannot, allege a basis for liability on the part of the undersigned for the matters set forth in their latest iteration of their motion for sanctions.

In further opposition to the baseless and bizarre Renewed Motion for Sanctions, Respondent Duffy states Smith in his Motion has failed to state a single fact suggesting that Duffy has "obstructed discovery."  Indeed, Smith appears to have engaged in sanctionable discovery conduct through its series of fishing expeditions with respect to this matter.  Booth Sweet has engaged in a repeated pattern of discovery abuses, by serving subpoenas upon third parties and serving them (if at all) only near or after the return dates on the subpoenas.  Those subpoenas have sought, among other things communications and information protected from discovery by the attorney-client privilege and/or the attorney work product doctrine.  The conduct of the Booth Sweet firm, at a minimum, flagrantly violates applicable rules pertaining to that discovery and appears to violate several ethical rules applicable in Massachusetts as well as Illinois.


May 5, 2014                                    /s/ Paul Duffy                                    
                                               Paul Duffy
                                               2 N. LaSalle Street
                                               13th Floor
                                               Chicago, IL  60602
                                               312-952-6136

**CERTIFICATE OF SERVICE**

I hereby certify that on May 5, 2014, I filed the foregoing document through the Court's CM/ECF system, which will electronically serve this document on all parties of record.

/s/ Paul Duffy

```
MIME-Version:1.0
From:ilsd_nef@ilsd.uscourts.gov
To:ilsd_nef@localhost.localdomain
Bcc:
--Case Participants: John D. Seiver (johnseiver@dwt.com), Jason E Sweet
(jsweet@boothsweet.com), Daniel G. Booth (dbooth@boothsweet.com), Troy A. Bozarth
(alf@heplerbroom.com, par@heplerbroom.com, troy.bozarth@heplerbroom.com), John L. Steele
(johnlsteele33140@gmail.com), Paul A. Duffy (docket@wefightpiracy.com,
paduffy@wefightpiracy.com), Bart Westcott Huffman (bhuffman@lockelord.com), Paul Hansmeier
(prhansmeier@thefirm.mn), Andrew G. Toennies (atoennies@lashlybaer.com,
skohler@lashlybaer.com), John Steele (johnlsteele33140@gmail.com)
--Non Case Participants:
--No Notice Sent:

Message-Id:2692120@ilsd.uscourts.gov
Subject:Activity in Case 3:12-cv-00889-DRH-SCW Lightspeed Media Corporation v. Smith et al
Notice Striking Electronically Filed Documents
```
Content–Type: text/html

## U.S. District Court

### Southern District of Illinois

**Notice of Electronic Filing**

The following transaction was entered on 5/6/2014 at 10:51 AM CDT and filed on 5/6/2014

| | |
|---|---|
| **Case Name:** | Lightspeed Media Corporation v. Smith et al |
| **Case Number:** | 3:12–cv–00889–DRH–SCW |
| **Filer:** | |

**WARNING: CASE CLOSED on 03/22/2013**

**Document Number:** 164(No document attached)

**Docket Text:**
**NOTICE STRIKING ELECTRONICALLY FILED DOCUMENTS striking [163] Memorandum in Opposition to Motion filed by Anthony Smith. Document contains sensitive information and should be redacted. Doc. 163 is stricken and will be sealed. A redacted copy of Doc. 163 needs to be refiled.(cekf)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED.**

**3:12–cv–00889–DRH–SCW Notice has been electronically mailed to:**

Andrew G. Toennies    atoennies@lashlybaer.com, skohler@lashlybaer.com

Bart Westcott Huffman    bhuffman@lockelord.com

Daniel G. Booth    dbooth@boothsweet.com

Jason E Sweet    jsweet@boothsweet.com

John D. Seiver    johnseiver@dwt.com

John L. Steele    johnlsteele33140@gmail.com

Paul Hansmeier    prhansmeier@thefirm.mn

Paul A. Duffy   paduffy@wefightpiracy.com, docket@wefightpiracy.com

Troy A. Bozarth   troy.bozarth@heplerbroom.com, alf@heplerbroom.com, par@heplerbroom.com

**3:12–cv–00889–DRH–SCW Notice has been delivered by other means to:**

Paul Duffy


Paul Hansmeier

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**LIGHSPEED MEDIA CORP.,**

      *Plaintiff,*

    *v.*

**ANTHONY SMITH, et al.,**

      *Defendants.*

Civil No. 3:12-cv-889-DRH-SCW

## PAUL HANSMEIER'S REPLY TO JASON SWEET'S REPONSE TO
## HANSMEIER'S MOTION FOR SANCTIONS AND TO QUASH

Pursuant to SDIL-LR 7.1(c), exceptional circumstances warrant the filing of a reply brief. The exceptional circumstances include Sweet's attempt to deceive the Court.

To recap: in his motion for sanctions and to quash, Hansmeier's allegation is that Sweet failed to satisfy his obligations under Federal Rule of Civil Procedure 45(a)(4), which requires Sweet to provide Hansmeier with "notice and a copy of the subpoena" prior to serving it "on the person to whom it is directed." *See* Fed. R. Civ. P. 45(a)(4). The purpose of this rule is to "afford other parties an opportunity to object to the production or to serve a demand for additional documents or things." Fed. R. Civ. P. 45 committee note, 1991 amendments. District courts are well within their discretion to sanction attorneys who issue non-party subpoenas without abiding by Rule 45's requirements. *See Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec*, 529 F.3d 371, 386–87 (7th Cir. 2008).

I.   Sweet's Arguments Regarding Service.

Sweet's claim that he served Hansmeier with the subpoenas appears to be an attempt to deceive the court. Sweet's deception is exposed by reference to the various proofs of delivery presented in Exhibit B to his filing, including: (1) the tracking number; (2) the return receipt; and (3) and the purchase receipt. (*See* Dkt. #163−2.)

The tracking number identified in Sweet's memorandum (Dkt. #163, at 3), 70123050000066664895, is not associated with a delivered package. Instead, it is associated with a package that is "in-transit." *See* Hansmeier Declaration, Exhibit A. Hansmeier contacted the post office to get more information about this package, and was informed that the post office did not have any information beyond what was presented online. Hansmeier Declaration, at ¶2. Further, there is no record of this package being received at Hansmeier's office suite. Hansmeier Declaration, at ¶2. Perhaps the package was addressed in a manner that would not reach Hansmeier.

Sweet presented a return receipt that—at first glance—appears to be associated with a March 26 mailing to Hansmeier. (*See* Dkt. #163−2, at 6.) However, a careful examination of the return receipt reveals that the tracking number on the bottom of the receipt *does not match* the tracking number presented in Sweet's response (or, for that matter the tracking number identified in the

purchase receipt on page 1 of Exhibit 2 to Sweet's response).[1] After noticing this
discrepancy, Hansmeier contacted Sweet and learned that Sweet "[had] *not received
a return receipt*" for the alleged March 26 mailing. *See* Hansmeier Declaration,
Exhibit B.

Put plainly, Sweet presented a return receipt to the Court that does not
match the package that he is trying to establish was delivered to Hansmeier. Sweet
*was never in possession* of a return receipt matching this package. Further, the
return receipts for the packages mailed to Duffy and Steele match the tracking
numbers identified on the purchase receipt. The natural assumption of a reader
reviewing Exhibit 2 to Sweet's response is that the purchase receipt on page 1,
matches the certified mail receipts on pages 2–5, the return receipts on pages 6–8
and documents in the photograph on page 9. Sweet's response does nothing to dispel
this assumption. This was not an innocent mix-up. Again, Sweet *was never in
possession* of a return receipt for his alleged March 26 mailing to Hansmeier.

Even basic math dispels Sweet's assertion that he mailed subpoenas to
Hansmeier. Assuming that Sweet uses the cheapest (and therefore lightest) printer
paper available—20 lb. paper—the weight per sheet of standard size paper is .16
ounces. *See* Hansmeier Declaration, at ¶3. Sweet's *ex parte* memorandum, with
exhibits, totaled 203 pages. 203 pages multiplied by .16 ounces figures out to 32.48
ounces. The package Sweet allegedly mailed to Hansmeier was 38.6 ounces. (*See*

---

[1] The tracking number at the bottom of the return receipt submitted by Sweet is,
70131710000002796949. This tracking number is associated with a package that
was delivered to Hansmeier on March 10, 2014.

Dkt. #163−2, at 1.) (stating mailing weight of package mailed to Minneapolis.) The subpoenas Sweet allegedly mailed to Hansmeier totaled sixty pages. (*See* Dkt. 163−5.) Sixty pages multiplied by .16 ounces is 9.6 ounces. Adding 9.6 ounces to the 32.48 ounces of the *ex parte* memorandum results in a figure, 42.08, that *exceeds the stated mailing weight* of the package Sweet alleges to have mailed to Hansmeier— and this is before accounting for the weight of packaging.

In summary: Sweet never mailed subpoenas to Hansmeier. His efforts to state otherwise appear to be an attempt to deceive the Court. It is no wonder that Sweet was unwilling to support his statements regarding mailing with a declaration filed under the penalty of perjury.

Sweet's other arguments regarding service are ridiculous. His suggestion, for example, that "the law of the case" doctrine excuses him from Rule 45 compliance misses a critical point: There has been no holding in this case that Sweet's Rule 45 obligations with respect to Hansmeier are satisfied by serving Duffy with notice and a copy of subpoenas. Such a holding would make no sense. Duffy, Steele and Hansmeier have different interests regarding attorney-client privilege, relevance and privacy. They are each individually entitled to notice and a copy of the subpoenas issued by Sweet. It is not difficult or even slightly burdensome for Sweet to mail copies of his subpoenas to each of Duffy, Steele and Hansmeier.

Sweet's suggestion that his March 18, 2014 e-mail to Hansmeier satisfied his Rule 45 obligations is even more absurd. First, his argument ignores the fact that Rule 45 requires both *notice* and *a copy of the subpoena. See* Fed. R. Civ. P. 45(a)(4).

4

Even if his March 18, 2014 e-mail satisfied Rule 45's notice requirement (and it did not), Sweet was still required to provide Hansmeier with copies of the subpoenas he was issuing. *See id*. Sweet had not done so prior to March 18, and he did not do so after March 18. All Sweet's March 18 e-mail did was identify a list of the recipients of Sweet's March 7 *ex parte* subpoenas. (*See* Dkt. #163−1, at 1−2.) Without copies of these subpoenas, Hansmeier had no way of knowing what objections he might possibly raise. Second, Sweet's response glosses over the fact that Sweet's March 18 e-mail listed a different set of recipients than those who were served on March 24. The recipients of Sweet's March 24 subpoenas included, for example, MCZ Centrum Flamingo III, Pearl Insurance, Salbadell Utd. Bank, Pershing, LLC, Bank of New York and Capital One. (*See* Dkt. #163, at 7.) Not one of these entities was listed on Sweet's March 18 e-mail. Thus, at least with respect to these entities, Sweet's e-mail could not possibly satisfy Rule 45's notice prong.

   II.   <u>Sanctions Are Warranted</u>.

   Sweet's conduct is at least as egregious as the conduct sanctioned by the district court in *Judson Atkinson Candies, Inc*. In *Judson Atkinson Candies, Inc.*, counsel failed to provide copies of the subpoenas to opposing counsel. *Id*. at 387. Then, counsel failed to provide copies of the documents obtained to opposing counsel until ten days after the last installment was received. *Id*. Then, counsel made misrepresentations regarding the subpoenas that were issued. *Id*. The Seventh Circuit ruled that district court was well within its discretion to sanction counsel.

Here, Sweet was previously caught red-handed issuing *ex parte* subpoenas. Despite being caught once, Sweet decided to try the tactic again. This time around, though, he declined to subpoena Google. After all, it was his prior subpoena to Google that alerted Hansmeier to Sweet's efforts. Then, when caught once again, Sweet lied to this Court about serving Hansmeier with the subpoena. Indeed, he presented a document to the Court with the apparent mission of having the Court form an incorrect conclusion about service. Sweet has never produced the subpoenaed documents to Hansmeier. In fact, in his response, Sweet bizarrely fights against being forced to do so. What is Sweet hiding?

Sweet's suggestion that Hansmeier suffered no prejudice has been directly addressed (and rejected) by the Seventh Circuit, which made clear that the deprivation of an "opportunity to object" is prejudice. *Judson Atkinson Candies, Inc.*, 529 F.3d at 87. Indeed, a cursory overview of Sweet's subpoenas shows that many of them could not have less relevance to the issues before the Court. Taking a single example, Sweet's only stated basis for issuing a subpoena to Pearl Insurance is to "better discern the relationships between Plaintiff's Counsel." (Dkt. #163, at 7.) That issue is plainly not before this Court.

Hansmeier would bring this Court's attention to one final misrepresentation made by Sweet. In Sweet's response, Sweet references a transfer of $445,000 made by Hansmeier. (*See* Dkt. 163, at 7.) However, Sweet does not disclose to the Court

that the transfer occurred years ago[2] and that Sweet obtained this information from a subpoena issued prior to his Renewed Sanctions Motion. In other words, Sweet's suggestion that his discovery has "struck a nerve" with Hansmeier (or anyone else) is premised on yet another (but surely not the last) misrepresentation to this Court by Sweet.

III.   <u>Conclusion.</u>

The Court should grant Hansmeier's Motion for Sanctions and to Quash and award Hansmeier the relief sought therein. It should further consider defending itself Sweet's repeated false statements to the Court.

Respectfully Submitted,

May 7, 2014

/s/ Paul Hansmeier
Paul Hansmeier
80 S. 8th St. Ste 900
Minneapolis, MN 55402
612-234-5744

---

[2] Hansmeier believes the transfer occurred in 2011, but it was so long ago that he cannot recall the precise date. Sweet refuses to provide Hansmeier with the information.

**CERTIFICATE OF SERVICE**

I hereby certify that on May 7, 2014 I filed the foregoing document through the Court's CM/ECF system, which will electronically serve this document on all parties of record.


/s/ Paul Hansmeier

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**LIGHSPEED MEDIA CORP.,**

      *Plaintiff,*

   *v.*

**ANTHONY SMITH, et al.,**

      *Defendants.*

Civil No. 3:12-cv-889-DRH-SCW

## DECLARATION OF PAUL HANSMEIER

1.  I submit this Declaration in connection with Paul Hansmeier's Reply to Jason Sweet's Response to Paul Hansmeier's Motion for Sanctions and to Quash.

2.  I spoke with the United States Post Office regarding the package associated with tracking number 70123050000066664895. The Post Office informed me that they did not have any information beyond what was presented online. A true and correct screenshot of the online tracking information is attached hereto as Exhibit A. I retrieved this screenshot on May 7, 2014 at 11:00 a.m., Central. I also spoke with the receptionist in my office suite. She informed me that she had no record of the referenced package.

3.  I have received several mailings from Jason Sweet. He appears to use the cheapest commercially available printer paper available, which is also the lightest paper. This paper corresponds to 20lb paper.

4.  Attached hereto as Exhibit B is a true and correct copy of an e-mail I received from Jason Sweet on May 6, 2014.

This Declaration is submitted pursuant to 28 U.S.C. § 1746. I declare under penalty of perjury that the foregoing is true and correct.


Executed on May 7, 2014.




Paul Hansmeier

2

EXHIBIT A

# EXHIBIT B

**G**Mail
by Google

Paul Hansmeier <prhansmeier@thefirm.mn>

---

## Certified Mail Return Receipt

2 messages

---

**Paul Hansmeier** <prhansmeier@thefirm.mn>                    Tue, May 6, 2014 at 11:43 AM
To: Jason Sweet <jsweet@boothsweet.com>, "dbooth@boothsweet.com" <dbooth@boothsweet.com>

Gentlemen:

I reviewed your response (Dkt. # 165) to the pending Motion for Sanctions/Quash and the response
references a tracking number. I looked up the tracking number and it shows the package not yet being
delivered. Further, the people on my end have no record of the package being delivered. Do you have a copy
of the return receipt that you could forward me? Also, to what address did you deliver the documents?

Thanks,
Paul

---

**jsweet@boothsweet.com** <jsweet@boothsweet.com>                    Tue, May 6, 2014 at 4:02 PM
To: Paul Hansmeier <prhansmeier@thefirm.mn>

Paul

The package was sent to:

100 5th S. Street
Suite 1900
Minneapolis, MN 55402
*See* Ex. 165-2

I have not received a return receipt for this package.

Jason
[Quoted text hidden]

Jason Sweet
Booth Sweet LLP
32R Essex Street
Cambridge, MA 02139
T: (617) 250-8619
F: (617) 250-8883
www.boothsweet.com
www.facebook.com/BoothSweet

This e-mail is from the law firm Booth Sweet LLP, and may contain information that
is confidential or privileged. If you are not the intended recipient, do not read, copy
or distribute the e-mail or any attachments. Instead, please notify the sender and delete the
e-mail and any attachments.

**BoothSweet.pdf**
14K

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**LIGHSPEED MEDIA CORP.,**

      *Plaintiff,*

    *v.*

**ANTHONY SMITH, et al.,**

      *Defendants.*

Civil No. 3:12-cv-889-DRH-SCW

## DECLARATION OF PAUL HANSMEIER

1.    I submit this Declaration in connection with Paul Hansmeier's Reply to Jason Sweet's Response to Paul Hansmeier's Motion for Sanctions and to Quash.

2.    I spoke with the United States Post Office regarding the package associated with tracking number 70123050000066664895. The Post Office informed me that they did not have any information beyond what was presented online. A true and correct screenshot of the online tracking information is attached hereto as Exhibit A. I retrieved this screenshot on May 7, 2014 at 11:00 a.m., Central. I also spoke with the receptionist in my office suite. She informed me that she had no record of the referenced package.

3.    I have received several mailings from Jason Sweet. He appears to use the cheapest commercially available printer paper available, which is also the lightest paper. This paper corresponds to 20lb paper.

4.    Attached hereto as Exhibit B is a true and correct copy of an e-mail I received from Jason Sweet on May 6, 2014.

This Declaration is submitted pursuant to 28 U.S.C. § 1746. I declare under penalty of perjury that the foregoing is true and correct.


Executed on May 7, 2014.


Paul Hansmeier

EXHIBIT A



# USPS Tracking™

**Customer Service ›**
Have questions? We're here to help.

**Tracking Number:** 70123050000066664895



**IN-TRANSIT**

**Expected Delivery Day: Friday, March 28, 2014**

## Product & Tracking Information

**Postal Product:**
Priority Mail 2-Day™

**Features:**
Certified Mail™          Return Receipt

## Available Actions

**USPS Text Tracking™**

**Email Updates**

| DATE & TIME | STATUS OF ITEM | LOCATION |
|---|---|---|
| March 28, 2014 , 8:18 pm | Delivery status not updated | |

The delivery status for this item has not been updated as of March 28, 2014, 8:18 pm.

| | | |
|---|---|---|
| March 28, 2014 , 6:18 am | Out for Delivery | MINNEAPOLIS, MN 55401 |
| March 28, 2014 , 6:08 am | Sorting Complete | MINNEAPOLIS, MN 55401 |
| March 28, 2014 , 5:01 am | Depart USPS Sort Facility | MINNEAPOLIS, MN 55401 |
| March 28, 2014 , 4:23 am | Arrival at Unit | MINNEAPOLIS, MN 55401 |
| March 28, 2014 , 2:13 am | Processed through USPS Sort Facility | MINNEAPOLIS, MN 55401 |
| March 27, 2014 , 3:58 am | Depart USPS Sort Facility | NASHUA, NH 03063 |



# EXHIBIT B

**G**Mail
by Google

Paul Hansmeier <prhansmeier@thefirm.mn>

## Certified Mail Return Receipt

2 messages

---

**Paul Hansmeier** <prhansmeier@thefirm.mn>                    Tue, May 6, 2014 at 11:43 AM
To: Jason Sweet <jsweet@boothsweet.com>, "dbooth@boothsweet.com" <dbooth@boothsweet.com>

Gentlemen:

I reviewed your response (Dkt. # 165) to the pending Motion for Sanctions/Quash and the response
references a tracking number. I looked up the tracking number and it shows the package not yet being
delivered. Further, the people on my end have no record of the package being delivered. Do you have a copy
of the return receipt that you could forward me? Also, to what address did you deliver the documents?

Thanks,
Paul

---

**jsweet@boothsweet.com** <jsweet@boothsweet.com>                 Tue, May 6, 2014 at 4:02 PM
To: Paul Hansmeier <prhansmeier@thefirm.mn>

Paul

The package was sent to:

100 5th S. Street
Suite 1900
Minneapolis, MN 55402
*See* Ex. 165-2

I have not received a return receipt for this package.

Jason
[Quoted text hidden]

Jason Sweet
Booth Sweet LLP
32R Essex Street
Cambridge, MA 02139
T: (617) 250-8619
F: (617) 250-8883
www.boothsweet.com
www.facebook.com/BoothSweet

This e-mail is from the law firm Booth Sweet LLP, and may contain information that
is confidential or privileged. If you are not the intended recipient, do not read, copy
or distribute the e-mail or any attachments. Instead, please notify the sender and delete the
e-mail and any attachments.

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **LIGHSPEED MEDIA CORP.,** | Civil No. 3:12-cv-889-DRH-SCW |
| *Plaintiff,* | **PETITION BY PAUL HANSMEIER FOR AN ORDER TO SHOW CAUSE WHY RESPONDENTS ANTHONY SMITH, JASON SWEET AND DAN BOOTH SHOULD NOT BE FOUND IN CIVIL CONTEMPT** |
| *v.* | |
| **ANTHONY SMITH, et al.,** | |
| *Defendants.* | |

Paul Hansmeier presents this Petition for an order requiring Respondents Anthony Smith, Jason Sweet and Dan Booth to show cause why they should not be found in civil contempt of this Court's Amended Administrative Order 107, and its counterparts in SDIL-LR 5.1(d) and Fed. R. Civ. P. 5.1(a). Paul Hansmeier represents to the Court as follows:

1. On May 5, 2014 Respondents filed a document with the Court containing the unredacted social security numbers and birth dates of Hansmeier, John Steele, John Steele's wife, Kerry Steele, non-party Mark Lutz and Paul Duffy.

2. Hansmeier contacted the Court at approximately 10:30 a.m. (CDT) the next day to inform the Court of the privacy breach. The Court struck the documents shortly thereafter, at 10:51 a.m.

3. Despite the Court's quick action, the document had been downloaded by at least one (and likely more) member of the public and reposted on RECAP, which is a publicly available (and free) alternative to PACER.

4. For the week beginning May 5, 2014, items from the RECAP docket for this case were downloaded more frequently than in any case in the entire United States, with over one thousand downloads occurring.

5. Although the offending exhibit is no longer available on RECAP, several members of the anti-copyright community have confirmed their possession of the offending exhibit and have discussed reposting it on another website.

6. Hansmeier made several attempts to meet-and-confer with Booth and Sweet prior to bringing this motion, in an effort to avoid burdening this Court with yet another post-dismissal sanctions motion. All Hansmeier sought from Booth and Sweet was modest identity theft protection services, costing approximately $275 per year for three years. Booth and Sweet flatly rejected Hansmeier's reasonable request and avoided answering basic questions about how the documents were leaked to RECAP.

7. Due to the actions of Respondents, Hansmeier and the other harmed individuals are now at an extreme risk of identity theft.

<u>REQUEST FOR RELIEF</u>

WHEREFORE, Hansmeier moves this Court to issue an Order directing Respondents to appear before this Court at a time and place to be fixed in said Order, to show cause why they should not be adjudged in civil contempt of this Court; and

THEREAFTER, issue an Order adjudging Respondents in civil contempt of this Court's Amended Administrative Order 107, SDIL-LR 5.1(d) and Fed. R. Civ. P. 5.1(a), and further:

1. Order and direct Respondents to pay Hansmeier the costs of five (5) years of identity theft protection services at the estimated cost of $275/year;

2. Order and direct Respondents to cease and desist publication of the unredacted personal identifiers identified in this Court's Amended Administrative Order 107, SDIL-LR 5.1(d) and Fed. R. Civ. P. 5.1(a) for Hansmeier;

3. Impose upon Respondents, joint and severally, a fine of up to $1,000 for every day after this Court's order that Respondents fail to carry out the directions of this Court;

4. Make a criminal contempt referral of Respondents to the U.S. Attorney for the Southern District of Illinois, for the reasons set forth in the accompanying Memorandum;

5. Issue such further orders as the nature of this case may require and as the Court may deem just and proper to compel obedience to and compliance with the orders and decrees of this Court; and

6. Grant to Hansmeier his costs and fees of maintaining this proceeding.


May 13, 2014                                    Respectfully Submitted,

                                                /s/ Paul Hansmeier
                                                Paul Hansmeier
                                                80 S. 8th St. Ste 900
                                                Minneapolis, MN 55402
                                                612-234-5744

## CERTIFICATE OF SERVICE

I hereby certify that on May 13, 2014 I filed the foregoing document through the Court's CM/ECF system, which will electronically serve this document on all parties of record.


/s/ Paul Hansmeier

4

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| LIGHTSPEED MEDIA CORP., | ) | |
| | ) | Civil No. 3:12-cv-889-DRH-SCW |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ANTHONY SMITH, et al., | ) | |
| | ) | |
| *Defendants*. | ) | |
| _____ | ) | |

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on Friday, May 16, 2014, Defendant Anthony Smith filed a Reply in Further Support of his Motion for Discovery Sanctions. Because the Reply relies on numerous financial documents as exhibits, Defendant Smith filed said motion *ex parte*.


Dated: May 16, 2014                                            Respectfully,

                                                               /s/ Jason Sweet
                                                               Jason E. Sweet (admitted *pro hac vice*)
                                                               Email: jsweet@boothsweet.com

                                                               /s/ Dan Booth (with consent)
                                                               Dan Booth (admitted *pro hac vice*)
                                                               Email: dbooth@boothsweet.com

                                                               BOOTH SWEET LLP
                                                               32R Essex Street
                                                               Cambridge, MA 02139
                                                               Tel.: (617) 250-8602
                                                               Fax: (617) 250-8883
                                                               *Counsel for Defendant Anthony Smith*


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 16, 2014, all counsel of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document using the Court's CM/ECF system.

                                                               /s/ Jason Sweet
                                                               Jason E. Sweet

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**LIGHSPEED MEDIA CORP.,**

        *Plaintiff,*

   *v.*

**ANTHONY SMITH, et al.,**

        *Defendants.*

Civil No. 3:12-cv-889-DRH-SCW

## PAUL HANSMEIER'S MOTION TO STRIKE REPLY BRIEF AND ACCOMPANYING EXHIBITS

Paul Hansmeier respectfully moves the Court to strike the reply brief and accompanying exhibits filed by Defendant Anthony Smith on May 16, 2014. As grounds for this motion, Hansmeier represents that:

1.     Smith filed a Motion for Sanctions on April 18, 2014. (Dkt. #153.)

2.     The burden is on Smith, as the moving party, to present facts or argument in support of the factors justifying sanctions.

3.     Smith submitted no affidavits with his Motion for Sanctions. Rather, Smith chose to support his motion exclusively through legal argument and an exhibit containing purported e-mail correspondence between John Steele and Smith's counsel. (*See* Dkt. #153-1.) Smith supplemented his Motion for Sanctions with an exhibit containing correspondence between Steele and a third-party bank. (*See* Dkt. #158.) In violation of the Local Rules, Smith did not seek leave before doing so.

4.      Hansmeier, Steele and Paul Duffy each filed responses to Smith's Motion for Sanctions, in accordance with the briefing deadlines set forth in the Court's Local Rules. (*See* Dkts. #159, 160 and 162.)

5.      On May 16, 2014, Smith filed a document titled, "Notice of Motion." The document indicates that Smith filed a Reply in Further Support of his Motion for Discovery Sanctions, and that "said motion" was filed *ex parte*, due to its reliance on "numerous financial documents as exhibits." (*See* Dkt. #171.)

6.      Because it was filed *ex parte*, Hansmeier has not reviewed Smith's Reply or the documents attached to it. While Smith is entitled to seek to move to have his documents filed under seal, there is no justification for the use of *ex parte* procedures under the circumstances.

7.      Smith's attempt to introduce new financial documents as exhibits for the *first time* on a reply brief precludes Hansmeier, Steele and Duffy from responding to the new documents. *See* SDIL-7.1(c) ("Under no circumstances will sur-reply briefs be accepted). This prejudice is exacerbated by the fact that Smith refuses to provide proper Rule 45 notice of his subpoenas or copies of the documents he has obtained.

8.       To the extent that Smith is raising new legal arguments based on the content of the financial documents, Hansmeier will have no opportunity to respond to those arguments, having exhausted his sole right under the Court's Local Rules to be hearing on Smith's Motion for Sanctions upon filing his Response to it. This

circumstance is aggravated by the fact that Hansmeier cannot even review Smith's *ex parte* filing.

9.      It is a well-established rule that courts do not consider facts and arguments raised for the first time in a reply memorandum. Raising new arguments in a reply brief run contrary to the purpose of the initial memorandum, which is to raise issues, and the purpose of a reply memorandum is to reply to arguments made in the response memorandum. If Smith wished to submit additional documents in support of his Motion for Sanctions, he should have filed it with his motion. The purpose of Smith's reply memorandum is to reply to the arguments raised in Hansmeier, Steele and Duffy's respective responses.

10.      It is also well-established that *ex parte* relief is not appropriate under the circumstances present in this case. Indeed, Hansmeier would call this Court's attention to Rule 3.3(d) of the Illinois Rules of Professional Conduct, which obligates without reservation Smith's counsel to "inform the tribunal of all material facts known to [him] that will enable the tribunal to make an informed decision, whether or not the facts are adverse." Hansmeier asks the Court to review Smith's *ex parte* filing to determine whether it satisfies this high standard.

11.      Therefore, Hansmeier requests that the Court strike Smith's reply, the accompanying documents and any other document filed along with it.

May 17, 2014

/s/ Paul Hansmeier
Paul Hansmeier
80 S. 8th St. Ste 900
Minneapolis, MN 55402
612-234-5744

## CERTIFICATE OF SERVICE

I hereby certify that on May 17, 2014 I filed the foregoing document through the Court's CM/ECF system, which will electronically serve this document on all parties of record.

/s/ Paul Hansmeier

```
MIME-Version:1.0
From:ilsd_nef@ilsd.uscourts.gov
To:ilsd_nef@localhost.localdomain
Bcc:
--Case Participants: Daniel G. Booth (dbooth@boothsweet.com), Troy A. Bozarth
(alf@heplerbroom.com, par@heplerbroom.com, troy.bozarth@heplerbroom.com), Paul A. Duffy
(docket@wefightpiracy.com, paduffy@wefightpiracy.com), Paul Hansmeier
(prhansmeier@thefirm.mn), Bart Westcott Huffman (bhuffman@lockelord.com), John D. Seiver
(johnseiver@dwt.com), John L. Steele (johnlsteele33140@gmail.com), Jason E Sweet
(jsweet@boothsweet.com), Andrew G. Toennies (atoennies@lashlybaer.com,
skohler@lashlybaer.com), John Steele (johnlsteele33140@gmail.com)
--Non Case Participants:
--No Notice Sent:

Message-Id:2704453@ilsd.uscourts.gov
Subject:Activity in Case 3:12-cv-00889-DRH-SCW Lightspeed Media Corporation v. Smith et al
Order
```
Content–Type: text/html

## U.S. District Court

## Southern District of Illinois

## Notice of Electronic Filing

The following transaction was entered on 5/19/2014 at 1:45 PM CDT and filed on 5/19/2014

| | |
|---|---|
| **Case Name:** | Lightspeed Media Corporation v. Smith et al |
| **Case Number:** | 3:12–cv–00889–DRH–SCW |
| **Filer:** | |

**WARNING: CASE CLOSED on 03/22/2013**

**Document Number:** 174(No document attached)

**Docket Text:**
 ORDER re (172) Ex Parte Document filed by Anthony Smith. The Clerk of the Court is DIRECTED to modify the restriction level on this document. It is to be released to the parties but to remain sealed from the public. Signed by Chief Judge David R. Herndon on 05/19/2014. (kbl)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED.

**3:12–cv–00889–DRH–SCW Notice has been electronically mailed to:**

Andrew G. Toennies   atoennies@lashlybaer.com, skohler@lashlybaer.com

Bart Westcott Huffman   bhuffman@lockelord.com

Daniel G. Booth   dbooth@boothsweet.com

Jason E Sweet   jsweet@boothsweet.com

John D. Seiver   johnseiver@dwt.com

John L. Steele   johnlsteele33140@gmail.com

Paul Hansmeier    prhansmeier@thefirm.mn

Paul A. Duffy    paduffy@wefightpiracy.com, docket@wefightpiracy.com

Troy A. Bozarth    troy.bozarth@heplerbroom.com, alf@heplerbroom.com, par@heplerbroom.com

**3:12–cv–00889–DRH–SCW Notice has been delivered by other means to:**

Paul Duffy


Paul Hansmeier